1  ANNETTE D. KIRKHAM (STATE BAR NO. 217958)
   annettek@lawfoundation.org
2  MONA M. MOTWANI (STATE BAR NO. 239677)
   monam@lawfoundation.org
3  LAW FOUNDATION OF SILICON VALLEY
   111 West Saint John Street, #315
4  San Jose, CA 95113
   Telephone:    (408) 293-4790
5  Facsimile:    (408) 293-0106

6  Attorneys for Plaintiff
   JUAN CUEVAS
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12  JUAN CUEVAS,                        Case No.

13                    Plaintiff,        COMPLAINT FOR MONETARY,
                                        INJUNCTIVE, AND DECLARATORY
14       v.                             RELIEF; DEMAND FOR JURY
                                        TRIAL
15  ALTAS REALTY/FINANCIAL SERVICES,
    INCORPORATED, a California corporation,
16  dba ATLAS REALTY, dba ATLAS
    FINANCIAL SERVICES, ALVIN CLAIR
17  SILBERNAGEL, SAMANTHA TREVINO,
    WORLD SAVINGS, INC, dba WORLD
18  SAVINGS BANK, FSB, and DOES 1 to 100,

19                    Defendants.

20

21

22

23

24

25

26

27

28

Plaintiff Juan Cuevas (hereinafter "Plaintiff" or "Mr. Cuevas") alleges as follows:

**THE PARTIES**

1.   Mr. Cuevas is an individual that currently resides in San Jose, County of Santa Clara, California.

2.   Defendant Atlas Realty/Financial Services Incorporated, dba Atlas Realty and Atlas Financial Services (hereinafter "Atlas") is a corporation organized and existing under the laws of the State of California. On information and belief, Atlas' principal place of business is in the State of California, located at 2020 S. Bascom Avenue, Suite C, in Campbell, California. On information and belief, at all relevant times throughout this complaint, Defendant Atlas held itself out to be a "full service" mortgage broker not affiliated with any one mortgage lender.

3.   Defendant Alvin Clair Silbernagel ("Silbernagel") is an individual residing in the State of California and a real estate broker licensed by the State of California. On information and belief, Silbernagel is the licensed designated officer/broker for Defendant Atlas.

4.   Defendant Samantha Trevino (hereinafter "Trevino") is an individual residing in the State of California. On information and belief, Trevino is a loan officer and licensed salesperson for Defendant Atlas.

5.   Defendant World Savings, Inc., dba World Savings Bank, FSB (hereinafter "World Savings Bank") is a corporation organized and existing under the laws of the State of California. On information and belief, World Savings Bank regularly does business in Santa Clara County, and its principal place of business is 1901 Harrison Street, in Oakland, California. On information and belief, Defendant World Savings Bank was engaged in the business as a creditor who regularly engaged in the making of mortgage loans, payable by agreement in installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise.

6.   Mr. Cuevas has yet to establish the true identities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sues those Defendants by fictitious names. Plaintiff will amend this complaint to allege their true identities as they become known. Plaintiff alleges on information and belief that each of the fictitiously named Defendants is liable to

- 1 -

1  Plaintiff in some manner for the matters alleged herein.

2      7.   On information and belief, at all times relevant herein, each of the Defendants

3  was the agent, servant and/or employee of each other defendant. On information and belief, each

4  Defendant was acting within the course and scope of such agency or employment in doing the

5  things alleged.

6                          **JURISDICTION**

7      8.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

8  because Plaintiff has alleged causes of action for violations of the Federal Truth in Lending Act,

9  pursuant to 15 U.S.C. § 1601 *et seq.* and violations of the Federal Real Estate Settlement

10 Procedures Act, 12 U.S.C. § 2601 *et seq.*

11     9.   This Court has subject matter jurisdiction over the state law claims alleged

12 herein pursuant to 28 U.S.C. § 1367.

13                            **VENUE**

14     10.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c)

15 because the Defendants committed each of the wrongful acts alleged herein within this judicial

16 district and reside in this judicial district.

17                     **STATEMENT OF THE CASE**

18     11.  Defendants have acted in concert to defraud Mr. Cuevas, a fifty-nine year-old

19 Spanish speaking man of Mexican heritage, of his greatest single asset – his home. Defendants,

20 acting through Defendant Trevino, executed a classic "bait and switch" routine by promising one

21 thing during their discussions, which occurred in Spanish, then taking advantage of his limited

22 ability to read and write English and having him sign documents written in English that did not

23 reflect the terms and conditions promised by Defendants. Defendant Trevino, representing

24 herself to be Mr. Cuevas' mortgage broker and agent, manipulated Mr. Cuevas' trust by pressuring

25 him to enter a "transaction" arranged by the Defendants. The true terms of this transaction were

26 misrepresented to Mr. Cuevas prior to closing. Defendants' transaction was not a fair bargained-

27 for deal, but rather included inappropriate fees and kickbacks to the various Defendants and

28 unfair financing terms designed to deprive him of his home of more than 15 years.

- 2 -

1    12.   Furthermore, on the day Mr. Cuevas signed the closing documents regarding

2    the aforementioned transaction, Defendants failed to provide Mr. Cuevas with a signed copy of

3    the document notifying him of his right to rescind the transaction. To make matters worse,

4    Defendants then made handwritten changes to the document Mr. Cuevas did sign (which, again,

5    he was never given a copy of), and then *forged* Mr. Cuevas' initials on the document to make it

6    appear as though Mr. Cuevas had received the proper statutory notice of his rescission rights.

7    13.   Mr. Cuevas is now forced to file the instant action to avoid losing his home

8    and recover damages caused by the blatantly fraudulent conduct and statutory violations engaged

9    in by Defendants.

10    ## STATEMENT OF FACTS

11    14.   Mr. Cuevas is a fifty-nine year-old man and resides at a home located at 672

12    Swallow Drive, San Jose, California 95111. Mr. Cuevas purchased his home in 1991.

13    15.   Mr. Cuevas was born and raised in Mexico; he speaks, reads, and writes

14    almost no English.

15    16.   Mr. Cuevas first spoke to Defendant Trevino in February of 2006. On

16    information and belief, Defendant Trevino was acting on behalf and at the behest of all of the

17    Defendants. All discussions between Defendant Trevino and Mr. Cuevas were in Spanish.

18    17.   During their discussions, Mr. Cuevas informed Defendant Trevino that he and

19    his wife made a total of $3200 per month, their existing mortgage payment was $2755 per month,

20    and they were really struggling to make the payments and he wanted to see if he could refinance

21    and get a lower monthly payment. Mr. Cuevas' existing loan on the property was for $373,000.

22    18.   Defendant Trevino responded by saying not only could she lower his

23    payment, but she could also get him some extra cash out of the house. Defendant Trevino asked

24    Mr. Cuevas how an extra $40,000 sounded to him.

25    19.   Mr. Cuevas was skeptical that Defendant Trevino could do so, and made it

26    clear he did not need to get any additional money, that he was interested in lowering his monthly

27    payment because he was having trouble making the existing payments, that he did not want the

28    rate to go up and down, and that he wanted taxes and insurance to be included in his payments.

- 3 -

COMPLAINT FOR DAMAGES
CUEVAS V. ATLAS REALTY/FINANCIAL SERVICES, ET AL.
CASE NO. ___

1    20.  In order to lure Mr. Cuevas into a refinancing through Defendants, Defendant

2    Trevino made at least the following representations:

3        a.    that she would obtain the best available loan for Mr. Cuevas;

4        b.    that she would obtain a loan that was affordable for Mr. Cuevas;

5        c.    that he could take out an additional $40,000 and the payments would still

6    only be $1600 per month, $1800 per month if he wanted taxes and insurance included;

7        d.    that the interest rate would only go up once every year, and that the

8    payment would only go up by $100 for each of the first 5 years; and

9        e.    that the payments were interest only, and that Mr. Cuevas could send extra

10   money each month that would go directly towards the principal amount.

11   21.  Mr. Cuevas relied on these representations and agreed to be represented by

12   Defendants Trevino, Silbernagel and Atlas, reasonably believing them to be honest brokers acting

13   on his behalf.

14   22.  Despite reassurances to Mr. Cuevas that Defendants would find the best

15   refinancing deal possible for Mr. Cuevas, Defendant Trevino steered him directly to the

16   remaining Defendants.  On Defendant Trevino's urging, Mr. Cuevas submitted an application to

17   refinance his home with the Defendants.

18   23.  In May 2006, Defendant Trevino advised Mr. Cuevas that he qualified for a

19   loan and that the loan papers were ready to be signed.  Defendant Trevino also reiterated her

20   earlier representations that Mr. Cuevas would be getting an additional $40,000 out of the

21   property; that the payments would be $1800 per month, including taxes and insurance; that the

22   interest rate would only go up once every year and that the payment would only go up by $100

23   for each of the first 5 years; and that the payments were interest only, but that Mr. Cuevas could

24   send extra money each month that would go directly towards the principal amount.

25   24.  In addition, Defendant Trevino informed Mr. Cuevas that his existing loan

26   had a prepayment penalty of $7,000, which expired in November of 2006.  Mr. Cuevas responded

27   by saying they should wait until after November to refinance so they wouldn't have to pay the

28   penalty, but Defendant Trevino responded by saying (in Spanish): "Don't worry, you will be

- 4 -

COMPLAINT FOR DAMAGES
CUEVAS V. ATLAS REALTY/FINANCIAL SERVICES, ET AL
CASE NO.

1    saving so much money, your payment is lower, and the value of your house is increasing." 

2    Defendant Trevino therefore assured Mr. Cuevas that it was worth it to refinance "now", rather 

3    than waiting until November. 

4              25. Mr. Cuevas relied on Defendant Trevino's representations regarding the terms 

5    of the proposed refinancing deal and agreed to refinance his home through Defendants. 

6              26. On May 31, 2006, Mr. Cuevas signed the refinancing documentation. 

7    However, despite the fact that all of Mr. Cuevas' discussions with Defendant Trevino were in 

8    Spanish and, despite the fact that Mr. Cuevas speaks and reads almost no English whatsoever, all 

9    of the documents presented to Mr. Cuevas were in English. Defendant Trevino never explained 

10   any of the documents. Rather, Defendant Trevino – who had represented to Mr. Cuevas that she 

11   was acting on Mr. Cuevas' behalf – did not take the time to explain *any* of these documents, and 

12   rushed Mr. Cuevas through the stack of papers with repeated statements that all that Mr. Cuevas 

13   was required to do was to "sign the papers" and "not to worry about it." 

14             27. At one point, becoming confused and concerned, Mr. Cuevas asked again 

15   about specific details of the prepayment penalty on his existing loan. Defendant Trevino brushed 

16   off these questions from Mr. Cuevas and instead stated only that he was saving so much money 

17   and still lowering his monthly payment, that he shouldn't worry about it. Defendant Trevino 

18   never advised Mr. Cuevas of a number of salient facts regarding the true nature of the transaction, 

19   including: 

20                    a.      that the loan was a negative amortized loan, meaning that the 

21                    payments had not been set sufficiently high to pay off the interest as it 

22                    accrued on the loan; 

23                    b.      that the amount "interest only" Mr. Cuevas needed to pay each 

24                    month to prevent the principal from increasing was $3,100 – nearly $400 

25                    *more* than the $2755 monthly payment he was originally seeking to reduce; 

26                    c.      that Mr. Cuevas' monthly payment could increase *every month* after 

27                    the inception of the loan, not just once per year; 

28                    d.      that the prepayment penalty on his existing loan was $10,253, not 

- 5 -                      COMPLAINT FOR DAMAGES
                           CUEVAS V. ATLAS REALTY/FINANCIAL SERVICES, ET AL
                           CASE NO. _ _ _

1     $7,000; and

2           d.    that the various Defendants would receive payments of more than

3                 $14,000 in the form of improper financing charges, more than $6,000 of

4                 which was paid by Mr. Cuevas through escrow, and $8,740 paid by

5                 Defendant World Savings Bank outside escrow;.

6           28.   Defendant Trevino's misrepresentations about the loan caused Mr. Cuevas to

7     sign all the documents despite the fact that he was unable to read them, and without having them

8     explained to him, thereby securing a mortgage and Deed of Trust with Defendant World Savings

9     Bank on Plaintiff's home. At the time of execution, Mr. Cuevas was ignorant of the falsity of

10    Defendants' representations and believed them to be true. In reliance on Defendants'

11    representations, Plaintiff was induced to sign all the closing documents including a Deed of Trust

12    and Defendant World Savings Bank's Adjustable Rate Pick-a-Payment Loan in the amount of

13    $437,000. Had the Plaintiff known of the actual facts, Plaintiff would not have signed said

14    documents.

15          29.   Defendants' representation that Mr. Cuevas would receive an interest only

16    loan with payments of $1800 per month, including taxes and insurance, and with the interest rate

17    changing only once every year, were false. In reality, Defendants lured Mr. Cuevas into agreeing

18    to pay a negative amortized loan with a variable interest rate, the terms of which also included

19    that the outstanding principal balance would *increase* over the course of the loan to as much as

20    $546,250 because the regular periodic payments did not cover the full amount of interest due.

21    Also, contrary to the Defendants' representations, the variable rate feature on the loan could adjust

22    *each month* after the loan's inception.

23          30.   Defendants knew that, due to the interest rate increase and Plaintiff's fixed

24    gross monthly income of approximately $3200 per month, Mr. Cuevas would not be able to

25    afford the monthly payments. Upon information and belief, Defendants knowingly designed a

26    transaction for Mr. Cuevas that did not take into account his ability to pay to induce a default and

27    foreclose on their true prize, the home equity in Mr. Cuevas' house.

28          31.   In addition, Mr. Cuevas was charged significant fees in connection with the

1    refinance that appear to have no discernible basis. Moreover, the majority of the fees were paid
2    to Defendants Atlas, Silbernagel and Trevino.

3          32.   On information and belief, Plaintiff alleges that on May 31, 2006, when
4    escrow closed, Defendant World Savings Bank paid Defendant Atlas a kickback of $8,740 for
5    defrauding Mr. Cuevas into entering the loan.

6          33.   On information and belief, Defendants purposefully defrauded Plaintiff and
7    structured the loan with monthly payments they knew he could not afford. On information and
8    belief, Defendants intended for Plaintiff to fall behind on his payments, at the risk of default, so
9    he would return to Defendants in order to either refinance the loan again, resulting in more bogus
10   origination fees for the Defendants as well as payment of the prepayment penalty to Defendants,
11   or to default, leading to foreclosure.

12         34.   As a direct result of Defendants' refinancing transaction, Mr. Cuevas now
13   faces possible foreclosure and removal from his home of fifteen years.

14         35.   In addition to the foregoing, after Mr. Cuevas signed the stack of documents
15   on May 31, 2006, Defendant Trevino provided Mr. Cuevas only with an *unsigned* copy of the
16   documents. Included among the unsigned documents were multiple copies, also *unsigned*, of the
17   Notice of Right to Cancel required by the Federal Truth in Lending Act. In addition to being
18   unsigned, the copies of the Notice of Right to Cancel erroneously identified the date of the
19   transaction as June 2, 2006 and the expiration of the cancellation right as June 6, 2006.

20         36.   The Notice of Right to Cancel documents actually signed by Mr. Cuevas on
21   May 31, 2006 also erroneously identified the date of the transaction as June 2, 2006 and the
22   expiration of the cancellation right as June 6, 2006. However, at some point after Mr. Cuevas
23   signed the documents, Defendants made handwritten changes to the Notice of Right to Cancel
24   document. Specifically, Defendants changed the date of the transaction from June 2, 2006 to
25   May 31, 2006, and the expiration of the cancellation right from June 6, 2006 to June 3, 2006. In
26   addition, Defendants *forged* the initials "JC" next to each of the handwritten changes, thus falsely
27   making it appear as though Mr. Cuevas was given the proper notice required by the Truth in
28   Lending Act.

COMPLAINT FOR DAMAGES
CUEVAS V. ATLAS REALTY/FINANCIAL SERVICES, ET AL.
CASE NO.

1    37.  Mr. Cuevas is informed and believes and thereon alleges that throughout all

2  relevant times in this complaint, Defendant Trevino, who made the misrepresentations herein

3  alleged, was a sales person and therefore the agent and employee of Defendants Silbernagel and

4  Atlas and, in doing the things herein alleged was acting within the course and scope of such

5  agency and employment and with the permission and consent of his co-Defendants.

6    38.  Moreover, Mr. Cuevas is informed and believes and thereon alleges that the

7  Defendant World Savings Bank conspired with co-Defendants to make such misrepresentations in

8  order to induce Mr. Cuevas to enter into the ruinous transaction.

9    39.  On information and belief, the Defendants knowingly and purposely

10  conspired to defraud Mr. Cuevas to enter this transaction.  The Defendants knew that Mr. Cuevas

11  was susceptible to this type of transaction.  The Defendants acted with recklessness, bad faith,

12  oppression, fraud, or malice in committing the aforementioned acts of financial abuse in that they

13  knew or should have known that Mr. Cuevas was unaware that the deal he entered satisfied none

14  of his objectives given his inability to speak, read or write English.

15                          **FIRST CAUSE OF ACTION**
16  **(Violations of the Federal Truth In Lending Act; Federal Home Ownership & Equity
       Protections, Act, 15 U.S.C. § 1601. *et seq.* – against
17                                  All Defendants)**

18    40.  Mr. Cuevas hereby realleges and incorporates by reference the allegations of

19  paragraphs 1 through 39 as though fully set forth herein.

20    41.  At the time of subject transaction, one or more of the Defendants acted as

21  creditors who regularly engaged in the making of mortgage loans, payable by agreement in

22  installments or for which the payment of a finance charge is or may be required, whether in

23  connection with loans, sales of property or services, or otherwise.

24    42.  Accordingly, Defendants are subject to the Truth in Lending Act ("TILA") 15

25  U.S.C. § 1601 *et seq.*, and its implementing regulations, Federal Reserve Board Regulation Z, 12

26  C.F.R. § 226.

27    43.  As a result of the subject transaction, Defendants acquired an interest in Mr.

28  Cuevas' home that secures the payment or performance of an obligation.

- 8 -

1            44.   Defendants provided Mr. Cuevas with *unsigned* copies of the Notice of Right

2  to Cancel required by the Federal Truth in Lending Act, and the *unsigned* copies erroneously

3  identified the date of the transaction as June 2, 2006 and the expiration of the cancellation right as

4  June 6, 2006.

5            45.   The Notice of Right to Cancel documents actually signed by Mr. Cuevas on

6  May 31, 2006 also erroneously identified the date of the transaction as June 2, 2006 and the

7  expiration of the cancellation right as June 6, 2006.

8            46.   At some point after Mr. Cuevas signed the documents, Defendants made

9  handwritten changes to the Notice of Right to Cancel document, changing the date of the

10  transaction from June 2, 2006 to May 31, 2006, and the expiration of the cancellation right from

11  June 6, 2006 to June 3, 2006.

12            47.   Defendants also *forged* the initials "JC" next to each of the handwritten

13  changes, thus falsely making it appear as though Mr. Cuevas was given the proper notice required

14  by the Truth in Lending Act.

15            48.   The Defendants failed to properly and accurately notify Plaintiff of his right

16  to rescind the transaction, in violation of 15 U.S.C. § 1635(a) and 12 C.F.R. §§ 226.15(b) and

17  226.23(b).

18            49.   In accordance with the Federal Truth in Lending Act, Plaintiff is entitled to:

19                  a.     Rescission of the loan held by Defendants pursuant to U.S.C. §§

20  1635, 1641(d)(1) and 12 C.F.R. § 226.23;

21                  b.     The return of any money or property that has been given to anyone

22  in connection with the transaction and the termination of Defendants' security interest in the

23  property;

24                  c.     Actual damages in an amount to be determined at trial;

25                  d.     Statutory damages as provided by 15 U.S.C. § 1640; and

26                  e.     Costs and disbursements.

27

28

1
2

## SECOND CAUSE OF ACTION
**(Violations of the Federal Real Estate Settlement Procedures Act, 12 U.S.C. Section 2601, *et seq.* – against all of the Defendants)**

3       50.   Mr. Cuevas hereby realleges and incorporates by reference the allegations of

4   paragraphs 1 through 39 as though fully set forth herein.

5       51.   At the time of subject transaction, the Defendants acted as creditors who

6   regularly engaged in the making of mortgage loans, payable by agreement in installments or for

7   which the payment of a finance charge is or may be required, whether in connection with loans,

8   sales of property or services, or otherwise.

9       52.   On information and belief, the Defendants make or invest in residential real

10   estate loans aggregating more than $1,000,000 per year.

11       53.   Accordingly, Defendants are subject to the Real Estate Settlement Procedures

12   Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*

13       54.   The Defendants have violated numerous provisions of RESPA, including:

14           a.   Assessing fees and kickbacks pursuant to an agreement or

15   understanding, oral or otherwise, that business incident to or a part of a real estate settlement

16   service involving the mortgage on Plaintiff's home should be referred to any person in violation

17   of 12 U.S.C. § 2607(a);

18           b.   Accepting any portion, split, or percentage of any charge

19   made or received for the rendering of a real estate settlement service in connection with a

20   transaction involving the mortgage on Plaintiff's home other than for services actually performed

21   in violation of 12 U.S.C. § 2607(b).

22       55.   On information and belief, all such violations of RESPA were made by the

23   Defendants with intentional disregard of the statutory requirements.

24       56.   On information and belief, all such violations of RESPA were made by the

25   Defendants as part of a pattern or practice of noncompliance with the statute.

26       57.   In accordance with RESPA, the Defendants are liable for:

27           a.   Actual damages in an amount to be determined at trial;

28           b.   Attorneys' costs and fees;

COMPLAINT FOR DAMAGES
CUEVAS V. ATLAS REALTY/FINANCIAL SERVICES, ET AL.
CASE NO. _____

1          c.      Statutory damage as provided by 12 U.S.C. §§ 2605, 2607,

2    and 2609; and

3                  d.      Costs and disbursements.

4                          **THIRD CAUSE OF ACTION**
5          **(Violation of California Civil Code § 1632 – Against All Defendants)**

6          58.   Mr. Cuevas hereby realleges and incorporates by reference the allegations of

7    paragraphs 1 through 39 as though fully set forth herein.

8          59.   Defendants failed to provide any disclosures in Spanish, despite the fact that

9    the loans were negotiated in Spanish, in violation of Civil Code § 1632(c).

10         60.   Pursuant to subdivision (k) of California Civil Code § 1632, Defendants must

11   allow Mr. Cuevas to rescind the loan.

12         61.   Pursuant to California Civil Code § 1691 (b), this Complaint serves as notice

13   of rescission.

14         62.   Mr. Cuevas is entitled to rescind the loan and equitable restitution.

15
                          **FOURTH CAUSE OF ACTION**
16

17             **(Fraud - Against Defendants Atlas, Trevino and Silbernagel.)**

18         63.   Mr. Cuevas hereby realleges and incorporates by reference the allegations of

19   paragraphs 1 through 39 as though fully set forth herein.

20         64.   Defendants Trevino, Silbernagel and Atlas fraudulently and knowingly

21   induced Mr. Cuevas to enter into the May 31, 2006 mortgage transaction by making intentional

22   misrepresentations, failing to provide material information and/or deliberately concealing

23   material information. As more fully alleged above, Defendant Trevino, for her own benefit on

24   behalf of Defendants Silbernagel and Atlas, knowingly and purposely deceived Mr. Cuevas and

25   induced him to enter into a ruinous transaction that she knew Mr. Cuevas could not repay.

26         65.   Further, Defendant Trevino made numerous misrepresentations to induce Mr.

27   Cuevas to enter this transaction, including the assurance that Mr. Cuevas would be getting an

28   additional $40,000 out of the property; that the payments would be $1800 per month, including

- 11 -

COMPLAINT FOR DAMAGES
CUEVAS V. ATLAS REALTY/FINANCIAL SERVICES, ET AL.
CASE NO.

1  taxes and insurance; that the interest rate would only go up once every year and that the payment

2  would only go up by $100 for each of the first 5 years; and that the payments were interest only,

3  but that Mr. Cuevas could send extra money each month that would go directly towards the

4  principal amount.

5      66.    Mr. Cuevas has incurred and continues to incur substantial damages as a

6  direct and proximate result of his justifiable reliance into entering into a transaction with

7  Defendants based on Defendants' intentional misrepresentations, omissions and/or concealments.

8      67.    Defendants' actions were willful, intentional, and knowing, rendering the

9  May 31, 2006, mortgage and deed of trust null and void.

10                      **FIFTH CAUSE OF ACTION**
   **(Breach of Fiduciary Duty – Against Defendants Atlas, Trevino and Silbernagel)**
11

12     68.    Mr. Cuevas hereby realleges and incorporates by reference the allegations of

   paragraphs 1 through 39 as though fully set forth herein.
13

14     69.    Defendant Trevino held herself and Defendants Silbernagel and Atlasout to

   be a disinterested "full service" mortgage broker not affiliated with any one mortgage lender in
15
   her solicitation through her own verbal representations.  Mr. Cuevas justifiably relied on the
16
   representations in becoming Defendants' client.
17

18     70.    Under California law both consultants and mortgage brokers owe their clients

   a fiduciary duty.
19

20     71.    In making material misrepresentations and/or omissions in inducing Mr.

   Cuevas to enter an entirely unfair and one-sided transaction, Defendants Trevino, Silbernagel and
21
   Atlas breached their fiduciary duty.
22

23     72.    This breach of fiduciary duty was the actual and proximate cause of all of Mr.

   Cuevas' damages arising from this transaction.
24

25                       **SIXTH CAUSE OF ACTION**
   **(Unfair Competition – Against all of the Defendants)**

26     73.    Mr. Cuevas hereby realleges and incorporates by reference the allegations of

27  paragraphs 1 through 39 as though fully set forth herein.

28     74.    The Defendants' acts and omissions as alleged above constitute unlawful,

                                      - 12 -           COMPLAINT FOR DAMAGES
                                                 CUEVAS v. ATLAS REALTY/FINANCIAL SERVICES, ET AL
                                                          CASE NO.

1  unfair, and fraudulent business practices within the meaning of the Business & Professions Code

2  § 17200.

3         75.  Defendants' unfair, unlawful and fraudulent acts were oppressive.

4         76.  As a result of these acts of unfair, unlawful and fraudulent business practices,

5  the defrauding Defendants have been unjustly enriched at Mr. Cuevas' expense in an amount not

6  yet ascertained.  Accordingly, Mr. Cuevas is entitled to an accounting, restitution and/or

7  disgorgement from Defendants in an amount to be determined in accordance with the proof at

8  trial.

9                        **SEVENTH CAUSE OF ACTION**
           **(Intentional Infliction of Emotional Distress - Against all of the Defendants)**

10        77.  Mr. Cuevas hereby realleges and incorporates by reference the allegations of

11  paragraphs 1 through 39 as though fully set forth herein.

12        78.  Defendants acted intentionally in taking advantage of Mr. Cuevas, defrauding

13
   him into entering into a mortgage and deed of trust knowing that he could not make payments and
14
   subjecting him to foreclosure.
15
          79.  Defendants' unfair, unlawful and fraudulent conduct was extreme and
16
   outrageous and done with malice and reckless disregard of the likelihood of causing Mr. Cuevas
17
   emotional distress.  As a proximate result of the aforementioned outrageous acts, Mr. Cuevas has
18
   suffered, and continues to suffer, extreme and severe emotional distress.
19                         **EIGHTH CAUSE OF ACTION**
                        **(Negligence - Against All Defendants)**
20
          80.  Mr. Cuevas hereby realleges and incorporates by reference the allegations of
21
   paragraphs 1 through 39 as though fully set forth herein.
22
          81.  Each Defendant owed a duty of care to Mr. Cuevas to exercise reasonable
23
   care with respect to the solicitation, negotiation, processing and finalization of the Loan
24
   Agreement.  Atlas Realty/Financial Services, Samantha Trevino, and Alvin Silbernagel further
25
   owed a special duty of care as specialists with respect to mortgage brokering services.  Among
26
   other things, Defendants owed a duty to comply with all statutory requirements, including, but
27
   not limited to, TIL and RESPA.  Defendants breached their duties of care to Mr. Cuevas and
28

                                     - 13 -

1  failed to exercise reasonable care and skill in performing their mortgage brokering and lending

2  services by failing to, among other things, thoroughly explain the terms of the refinance

3  transaction and Loan Agreement, ensure that Mr. Cuevas understood the terms of the refinance

4  transaction and Loan Agreement, disclose the total and true character of the fees that would be

5  charged to Mr. Cuevas, submit truthful financial information, evaluate and confirm the

6  accuracy of such financial information, and by providing Mr. Cuevas with unsigned,

7  inaccurate copies of the Right to Cancel Notice at closing.

8        75.  Mr. Cuevas is informed and believes, and on that basis alleges, that as a

9  direct and proximate result of Defendants' negligence alleged herein, Mr. Cuevas entered into

10  a loan, the terms of which were undisclosed and which contained fees that were not disclosed,

11  and in doing so repaid an existing loan that contained prepayment penalty clauses, and has

12  suffered and will continue to suffer damages in an amount to be proven at trial.

13                              **PRAYER FOR RELIEF:**

14  **WHEREFORE**, Plaintiff makes the following demand:

15        1.  For cancellation of the Deed of Trust and any and all mortgage documents

16        dated May 31, 2006;

17        2.  For rescission of the Deed of Trust and any and all mortgage documents

18        dated May 31, 2006 and any and all agreements or contracts that made up the

19        fraudulent transaction at issue;

20        3.  For an accounting, restitution and/or disgorgement from Defendants;

21        4.  For restitution of all money and things received by the Defendants from

22        Plaintiff;

23        5.  For compensatory damages according to proof;

24        6.  For general damages;

25        7.  For special damages;

26        8.  For punitive damages in an amount sufficient to punish the Defendants and

27        to deter the Defendants from engaging in similar conduct at issue;

28        9.  For statutory damages pursuant to the TILA and RESPA;

1         10.    For costs and reasonable attorneys' fees;

2         11.    For prejudgment interest;

3         12.    For such other relief as the Court deems proper.

4                         Respectfully submitted,

5

6  Dated: May 30, 2007              LAW FOUNDATION OF SILICON VALLEY

7

8                               Annette D. Kirkham
                               Attorneys for Plaintiff
9                             JUAN CUEVAS

COMPLAINT FOR DAMAGES
CUEVAS V. ATLAS REALTY/FINANCIAL SERVICES, ET.AL
CASE NO. _____

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury as to each and every claim for which he is so entitled.

Dated: May 30, 2007          LAW FOUNDATION OF SILICON VALLEY

Annette D. Kirkham
Attorney for Plaintiff
JUAN CUEVAS

- 16 -