# EXHIBIT A

**World Saving Bank, FSB's Request for Judicial Notice in Support of Motion to Dismiss
Cuevas v. Atlas Reality/Financial Services, Incorporated, et al.
Case No. C07 02814**



**Office of Thrift Supervision**
Department of the Treasury

1700 G Street, N.W., Washington, D.C. 20552 • (202) 906-6000

**April 21, 2006**

### CERTIFICATE OF CORPORATE EXISTENCE

**REFERENCE:** World Savings Bank, FSB
Oakland, California

I, Nadine Y. Washington, Corporate Secretary, Office of Thrift Supervision, hereby certify, according to the records of the Office of Thrift Supervision, Department of the Treasury, Washington, DC:

1. World Savings Bank, FSB, Oakland, California, was chartered under the laws of the United States to transact the business of a Federal savings bank;

2. The charter of World Savings Bank, FSB, Oakland, California, is in full force and effect;

3. The Office of Thrift Supervision has not appointed a conservator or receiver for World Savings Bank, FSB, Oakland, California; and

4. As of April 21, 2006, World Savings Bank, FSB, Oakland, California, is operating as a BIF-insured financial institution.

_____
**Nadine Y. Washington**
**Corporate Secretary**

# EXHIBIT B

**World Saving Bank, FSB's Request for Judicial Notice in Support of Motion to Dismiss
Cuevas v. Atlas Reality/Financial Services, Incorporated, et al.
Case No. C07 02814**

**Superior Court of California, County of Alameda**
**Rene C. Davidson Alameda County Courthouse**

| | |
|---|---|
| Morgan<br>                              Plaintiff/Petitioner(s)<br>VS.<br>American International Group, Inc.<br>                          Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG04166560<br><br>Order<br><br>Demurrer to Complaint<br>Sustained |

The Demurrer to Complaint was set for hearing on 11/23/2005 at 09:00 AM in Department 22 before the Honorable Ronald M. Sabraw. The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: REQUEST FOR JUDICIAL NOTICE.

The request of AGFS and AGDS for judicial notice of the loan documents between the named plaintiffs and the Defendants is DENIED. The named plaintiffs dispute the authenticity of the documents. This case appears similar to Gould v. Maryland Sound Industries, Inc. (1995) 31 Cal. App. 4th 1137, 1145-1146, where the Court held that it could not take notice of the existence and terms of a written contract where parties disputed the existence of the contract. This is not a case such as Hendy v. Losse (1991) 54 Cal. 3d 723, 728, where there was no dispute about the existence and terms of the contracts. Therefore, the Court addresses the issues that can be resolved based on the allegations in the complaint.

DEMURRER OF AGFS AND AGDS TO CONSOLIDATED AMENDED COMPLAINT.

Demurrer of AGFS and AGDS to Consolidated Amended Complaint filed June 17, 2005, is SUSTAINED WITH LEAVE TO AMEND.

Demurrer to first cause of action (CLRA) is SUSTAINED WITH LEAVE TO AMEND to allege unlawful conduct concerning a good or service offered or provided by AGFS and AGDS.

The text of the CLRA states that the statute is limited to actions in connection with the sale or lease of goods or services. Civil Code 1770(a). "Goods" is defined as "tangible chattels" and "services" is defined as "work, labor, or services." Civil Code 1761(a) and (b). The statute suggests that loans are not "goods" because money is not "tangible chattels." The statute is less clear whether loans are services or not.

The legislative history of the CLRA indicates that it is not intended to concern money or credit. As initially proposed on January 21, 1970, Assembly Bill 292 defined "consumer" as "an individual who seeks or acquires, by purchase or lease, any goods, services, money, or credit for personal, family, or household purposes." Assembly Bill 292 as amended on August 7, 1970, deleted the references to money and credit. This indicates that the legislature consciously decided that the CLRA should not

concern money or credit. Wilson v. City of Laguna Beach (1992) 6 Cal. App. 4th 543, 555 ("The rejection of a specific provision contained in an act as originally introduced is "most persuasive" that the act should not be interpreted to include what was left out.")

Based on the text and legislative history of the CLRA, the Court concludes that the CLRA does not concern representations concerning and transactions in "money or credit." It is unclear, however, where the line lies between "money or credit" and "services." For example, in Hitz v. First Interstate Bank (1995) 38 Cal. App. 4th 274, the Court held that credit cards contained a loan component and a convenience component so that the CLRA applied to certain fees that shared loan and convenience components. Plaintiffs are granted leave to amend to itemize what fees or terms are at issue in this case so that the Court and parties can address this issue on subsequent motions or at trial.

Demurrer to second cause of action (concealment) is OVERRULED. The Court cannot determine whether the information at issue was included in the loan documents without reference to the loan documents. As held above, the Court will not judicially notice the contents of those documents. The Court likewise cannot determine whether the information at issue was in compliance with TILA without reference to the loan documents. The Court is not inclined to issue an advisory opinion about whether compliance with TILA precludes liability under claims concerning disclosures.

The Court has reviewed the allegations in the Complaint at paragraphs 21-31 (general allegations regarding the alleged predatory lending scheme), the paragraphs concerning the named plaintiffs, and paragraphs 101-104 (the concealment cause of action) and finds that they adequately inform Defendants about the nature of the individual and class claims and meet the heightened pleading standards for fraud. The parties can clarify the claims further in the discovery process. If necessary, the Defendants can request that Plaintiffs file an updated and amended pleading to clarify the claims further before any motion for summary judgment/summary adjudication or trial.

Demurrer to third cause of action (UCL) is OVERRULED. Plaintiffs adequately distinguish between the unlawful, unfair, and fraudulent prongs of the UCL. Regarding the unlawful claim, Plaintiff identifies the laws that are borrowed to support the unlawful claim. People ex rel. Bill Lockyer v. Fremont Life Ins. Co. (2002) 104 Cal. App. 4th 508, 515 ("[V]irtually any state, federal or local law can serve as the predicate for an action under section 17200."). Regarding the unfair claim, "The Supreme Court has not yet enunciated a legal test for unfairness in consumer actions under the unfair competition law." Kunert v. Mission Financial Services Corp. (2003) 110 Cal. App. 4th 242, 265. Plaintiff identifies statutes to which the unfair claim could be tethered if the Supreme Court adopts the tethering standard. Gregory v. Albertson's, Inc. (2002, 1st Dist) 104 Cal. App. 4th 845, 854 (requiring UCL claims to be 'tethered' to specific constitutional, statutory or regulatory provisions.). Plaintiff adequately alleges a fraudulent claim based on the facts that support the second cause of action (concealment).

Demurrer to fourth cause of action (declaratory relief) is OVERRULED. This claim is largely duplicative of the other claims and is resolved in a similar manner.

Demurrer of AGDS to all causes of action is SUSTAINED WITH LEAVE TO AMEND. The claims against AGDS fall into two categories. As to the claims that AGDS aids and assists AGFS, Plaintiffs must allege some facts to suggesting that AGDS knowingly colluded in unlawful actions. Casey v. U. S. Bank National Assn. (2005) 127 Cal. App. 4th 1138, 1144. As to the claim that the name "A.G. Documentation Services" is inherently deceptive because it misleads consumers into thinking that it is an independent company, Plaintiffs must state this claim with clarity in the complaint.

MOTION OF AGFS AND AGDS TO STRIKE PORTIONS OF CONSOLIDATED AMENDED COMPLAINT.

Motion of AGFS and AGDS to strike portions of Consolidated Amended Complaint is GRANTED.

Plaintiffs state that they bring claims "on behalf of the general public" and "as private attorneys general." (Consol Amend Complaint caption, introductory sentence before para 1, and para 86.)

As the parties note, the California Supreme Court is in the process of reviewing the issue of whether the amendments to 17203 and 17204 prohibit private parties from prosecuting claims in the interest of the

general public. Until that issue is resolved, this Court takes the view that after Proposition 64 private persons can no longer prosecute UCL claims in the interest of the general public.

The primary effect of Proposition 64 was to change who can "prosecute" a UCL claim on behalf of the general public. California courts have held consistently that "prosecution" includes every aspect of a case through final judgment. See Ramos v. Superior Court (1982) 32 Cal. 3d 26, 36; Melancon v. Superior Court of Los Angeles County (1954) 42 Cal. 2d 698, 707-708.

When private parties prosecute UCL claims in the interest of the general public the real party in interest is the general public. The "general public" presumably has the same meaning as the "People of the State of California" under Government Code 100(a). The "general public" cannot reasonably mean "the named plaintiff" or "the injured members of the public" because a group of members of the public is not "the general public." See C.C.P. 1021.5 (referring in the alternative to "the general public or a large class of persons."). See People v. Eubanks (1996) 14 Cal. 4th 580, 589-590 ("the People" means the people as a whole and not just the victims). For example, in the ballot materials for Proposition 64 the Attorney General used the terms "People of the State of California" and "general public" interchangeably.

The text of Proposition 64 suggests that the people intended to eliminate the ability of private persons to prosecute actions on behalf of the general public and intended to transfer that authority to public officials. The amendment to section 17204 removes the statutory grant of permission for private persons to represent the general public. Repealing a grant of permission is an unambiguous action. Proposition 64, Section 1(b)(4) states that some private attorneys were filing "lawsuits on behalf of the general public without any accountability to the public and without adequate court supervision." Section 1(f) then states, "It is the intent of California voters in enacting this act that only the California Attorney General and local public officials be authorized to file and prosecute actions on behalf of the general public." These indicate that the people wanted to transfer the authority for prosecuting claims in the interest of the public from unaccountable and unsupervised private attorneys to government officials.

The arguments in the voter guide echo this purpose. The Rebuttal to Argument Against Proposition 64 states that Proposition 64 ... "Stops fee-seeking lawyers from exploiting a loophole in California law ... that lets them 'appoint' themselves to act like the Attorney General and file lawsuits on behalf of the people of the State of California" and "Permits only real public officials like the Attorney General or District Attorneys to file lawsuits on behalf of the People of the State of California." The Court finds a clear expression by the electorate that it wanted claims in the interest of the general public to be prosecuted only by "real public officials." People v. Canty (2004), 32 Cal. 4th 1266, 1276-1277 (Court's role is to ascertain the electorate's intent so as to effectuate the purpose of the law).

The Court concludes that under the current state of the law, only public officials can prosecute UCL claims in the interest of the general public. If any public official or entity wants to intervene and protect the interests of the public, then the Court will entertain a motion to intervene.

Plaintiffs argue that Business and Professions Code 17203 and Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty (2005) 129 Cal. App. 4th 1228, 1262, permit a private party to represent the general public if the private party obtains class certification. The Court finds that this reading of the statute and Huntington ignores both the intent of Proposition 64 and the distinction between a claim on behalf of a class of California residents and a claim on behalf of the People of the State of California. Under Business and Professions Code 17203, private parties may seek class certification under C.C.P. 382 and assert UCL claims on behalf of a class of California residents. Private parties may not, however, assert claims on behalf of the general public (the "People") of the State of California.

DEMURRER OF AIG TO CONSOLIDATED AMENDED COMPLAINT.

Demurrer of AIG to Consolidated Amended Complaint is OVERRULED. The Consolidated Amended Complaint alleges that AIG is a holding company (para 11), that directs and controls the activities of its subsidiaries (para 17), and that AIG's subsidiaries provide complementary or related services to consumers (para 11-15). This is a demurrer and the Court must take the allegations of the complaint as true. Therefore, the Court finds that the claims against AIG are adequate.

FURTHER PROCEEDINGS.

Plaintiffs must file a First Amended Consolidated Complaint on or before December 16, 2005. Defendants must file responsive pleadings on or before January 13, 2006. If Defendants file a demurrer or motion to strike, then the opposition will be due on January 27, 2006, and the reply will be due on February 3, 2006.

The Court sets the next CMC for February 15, 2006, at 2:00 pm. Any demurrer or motion to strike should be set for that date and time.

Dated: 11/23/2005

_____
Judge Ronald M. Sabraw

## SERVICE LIST

| | |
|---|---|
| Jack R. Nelson<br>Marshall C. Wallace<br>Karen A. Braje<br>**Reed Smith, LLP**<br>1999 Harrison Street<br>Oakland, CA 94612<br>Tel: (510) 763-2000<br>Fax: (510) 273-8832 | Thomas A. Jenkins (#92213)<br>Daniel J. Mulligan (#103129)<br>JENKINS MULLIGAN & GABRIEL<br>660 Market Street, Third Floor<br>San Francisco, California 94104<br>Telephone: (415) 982-8500<br><br>Gary Klein<br>Elizabeth Ryan<br>RODDY KLEIN & RYAN<br>727 Atlantic Avenue, Second Floor<br>Boston, Massachusetts 02111<br>Telephone: (617) 357-5500<br>[Not admitted to practice in California] |
| Michael K. Maly<br>Gail S. Greenwood<br>**Winston & Strawn, LLP**<br>101 California Street, Suite 3900<br>San Francisco, CA 94111<br>Tel: (415) 591-1000<br>Fax: (415) 591-1400 | Tim K. Goss, P.C.<br>CAPSHAW GOSS BOWERS LLP<br>3031 Allen Street, Suite 200<br>Dallas, Texas 75204<br>Telephone: (214) 761-6610 |
| Thomas J. Wiegand<br>**Winston & Strawn, LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Tel: (312) 558-5600<br>Fax: (312) 558-5700 | Niall P. McCarthy (#160175)<br>Laura Schlichtmann (#169699)<br>COTCHETT, PITRE, SIMON & McCARTHY<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, California 94010<br>Telephone: (650) 697-6000 |
| Anthony M. Basich<br>**Hogan & Hartson, LLP**<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>Tel: (310) 789-5100<br>Fax: (310) 789-5400 | Richard A. Freese<br>SWEET & FREESE, PLLC<br>2900 Highway 280, Suite 240<br>Birmingham, Alabama 35223<br>Telephone: (205) 871-4144 |
| Daniel Mulligan<br>**Jenkins Mulligan & Gabriel**<br>660 Market Street, 3rd Floor<br>San Francisco, CA 94104<br>Tel: (415) 982-8500<br>Fax: (415) 982-8515 | |

# EXHIBIT C

**World Saving Bank, FSB's Request for Judicial Notice in Support of Motion to Dismiss
Cuevas v. Atlas Reality/Financial Services, Incorporated, et al.
Case No. C07 02814**

Jack R. Nelson (SBN 111863)
Marshall C. Wallace (SBN 127103)
Karen A. Braje (SBN 193900)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

Telephone: (510) 763-2000
Facsimile: (510) 273-8832

Thomas J. Wiegand (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Attorneys for Defendant
American General Financial Services, Inc.

FILED
ALAMEDA COUNTY
FEB 1 5 2006
CLERK OF THE SUPERIOR COURT
By _____ Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ADOLPHUS RAY MORGAN, SUSAN O. SWANSON, and BRENDA L. KNIGHT and EDWARD J. KNIGHT, suing individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation; AMERICAN GENERAL FINANCIAL SERVICES INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No.: RG04166560<br>No.: RG04169124<br>**Consolidated for All Purposes**<br><br>**PUTATIVE CLASS ACTION**<br><br>**ORDER STRIKING PORTIONS OF PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT** |

Order

1 | Defendants American General Financial Services, Inc.'s Motion to Strike Portions of
2 | Plaintiffs' Second Consolidated Amended Complaint came on regularly for hearing before the
3 | Honorable Ronald M. Sabraw on February 15, 2006, at 2:00 p.m. in Courtroom 22 of the above-
4 | entitled Court. Both parties appeared through their respective counsel. Having fully considered
5 | Defendants' Motion to Strike and all papers filed in opposition, as well as the entire file in this case
6 | and counsels' oral arguments, and good cause appearing:

7 |

8 | The Court hereby **GRANTS** Defendants' Motion to Strike Portions of Plaintiffs' Second
9 | Consolidated Amended Complaint. The Court hereby strikes that portion of Paragraph 87 (p. 28:
10 | line 5-6) in Plaintiffs' cause of action for violation of the CLRA that purports to incorporate by
11 | reference the allegations contained in Paragraphs 30-35, 39-45, 52-56, 57-60, and 61-67, each of
12 | which references the individual Plaintiffs various non-home equity line of credit ("HELOC") loans).
13 | The Court also hereby strikes the portion of Paragraph 103 of the SCAC set forth at page 31, lines 9-
14 | 11 that alleges: "Defendants' acts and practices violate the Consumers Legal Remedies Act,
15 | subdivisions (a)(5), (a)(9), (a)(14), and/or (a)(19) of section 1770 of the Civil Code." These portions
16 | of the Second Consolidated Amended Complaint are irrelevant, improper and not drawn in
17 | conformity with the law of this state. Cal. Civ. Proc. Code §§ 436(a) and (b).

18 |
19 | IT IS SO ORDERED.
20 |
21 | DATED: February 15, 2006.
22 |
23 |
 | Judge of the Superior Court
24 | RONALD M. SABRAW
 | DOCSSFO-12426152.1
25 |
26 |
27 |
28 |

— 1 —

[Proposed] Order