1  Mark C. Carlson, Esq., [SBN 166195]
   **CARLSON LAW GROUP, INC.**
2  6345 Balboa Boulevard, Suite 257
   Encino, California 91316
3  Telephone No.: (818) 996-7800
4  Facsimile No.:  (818) 345-1265
   mcc@carlsonlawgroup.com
5
   Attorney for Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS
6  FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES,
   INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL
7  SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO

8                         **UNITED STATES DISTRICT COURT**

9
                **NORTHEAST DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**
10

11
   JUAN CUEVAS,                                    )   Case No.:  5:07-cv-02814(JF)
12                                                  )
                  Plaintiff,                        )   Complaint Filed:  05/30/2007
13                                                  )
          vs.                                       )   Assigned to: Hon. Jeremy Fogel
14                                                  )   Referred to: Magistrate Judge Patricia V. Trumbull
   ALTAS REALTY/FINANCIAL SERVICES,                )   Courtroom: 3 – Fifth Floor
15 INCORPORATED, a California corporation,         )
   D/B/A ATLAS REATY, D/B/A ATLAS                  )   **DEFENDANTS, ALVIN C. SILBERNAGEL**
16 FINANCIAL SERVICES, ALVIN CLAIR                 )   **D/B/A ALTAS REALTY D/B/A ATLAS**
   SILBERNAGEL, SAMANTHA TREVINO,                  )   **FINANCIAL SERVICES, ALVIN**
17 WORLD SAVINGS, INC., D/B/A WORLD                )   **SILBERNAGEL AND SAMANTHA**
   SAVINGS BANK, FSB, and DOES 1 through 100       )   **TREVINO'S MOTION TO DISMISS**
18 inclusive                                       )   **PURSUANT TO F.R.C.P. SECTION 12(b)(1);**
                                                    )   **MEMORANDUM OF POINTS AND**
19                Defendants.                       )   **AUTHORITIES IN SUPPORT THEREOF**
                                                    )
20                                                  )
                                                    )   Date:  11/16/2007
21                                                  )   Time:  9:00 a.m.
                                                    )   Courtroom 3: 5th Floor
22                                                  )
   _____ )
23
          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
24
          PLEASE TAKE NOTICE THAT Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS
25
   REALTY   D/B/A   ATLAS   FINANCIAL   SERVICES   (erroneously   sued   herein   as   ALTAS
26
   REALTY/FINANCIAL SERVICES, INCORPORATED, a California Corporation, dba ATLAS REALTY
27
28
   _____
   DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN
   SILBERNAGEL AND SAMANTHA TREVINO'S MOTION TO DISMISS PURSUANT TO F.R.C.P. SECTION 12(b)(1);
   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
                                              1

1  DBA ATLAS FINANCIAL SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA

2  TREVINO'S ("Moving Parties") Motion to Dismiss Pursuant to *F.R.C.P.* Section 12(b)(6) has been

3  scheduled for hearing on **November 16, 2007 at 9:00 a.m. in Courtroom 3** of the above-captioned Court

4  located at 280 South 1st Street, San Jose, CA 95113.

5
       Moving Parties hereby move for this Court to dismiss the above-mentioned case in its entirety for

6  lack of subject matter jurisdiction pursuant to *Federal Rules of Civil Procedure*, section 12(b)(1).

7
       The Motion to Dismiss will be based on this Notice, the Memorandum of Points and Authorities and

8  all other documents and records on file herein, and on such oral and documentary evidence as may be

9
   produced at the time of hearing of this Motion.

10
   Dated:   October 10, 2007                        **CARLSON LAW GROUP, INC.**

11

12

13

14

15                              By:    _____

16                                     Mark C. Carlson, Esq.
                                       Attorney for Defendants, ALVIN C. SILBERNAGEL D/B/A
17                                     ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES,
                                       ALVIN SILBERNAGEL AND SAMANTHA TREVINO

18

19

20

21

22

23

24

25

26

27

28
   _____
   DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN
   SILBERNAGEL AND SAMANTHA TREVINO'S MOTION TO DISMISS PURSUANT TO F.R.C.P. SECTION 12(b)(1);
   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
   2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

It is well settled that Federal courts are courts of limited jurisdiction.  Unlike state courts, they have no "inherent" or "general" subject matter jurisdiction.  Federal courts can only adjudicate cases the Constitution authorizes them to adjudicate: basically those involving diversity of citizenship, or a federal question, or to which the U.S. is a party.  *See Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 US 375, 380-381, 114 S.Ct. 1673, 1677; *Finley v. United States* (1989) 490 US 545, 551-552, 109 S.Ct. 2003, 2008.

Lack of subject matter jurisdiction is never waived and may be raised by either party or the Court at any time, even on appeal.  *See Attorneys Trust v. Videotape Computer Products, Inc.* (9th Cir. 1996) 93 F3d 593, 594-595.

### II.    A VIOLATION OF THE FEDERAL TRUTH IN LENDING ACT DOES NOT AUTOMATICALLY TRIGGER FEDERAL QUESTION JURISDICTION

Presumptively, federal courts are without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, supra, 511 US at 377, 114 S.Ct. at 1677.

Plaintiff's claim comprises nine (9) causes of action against Defendants.  Only one cause of action for an alleged violation of the Federal Truth in Lending Act (FTLA) even tangentially relates to federal law.  Despite Plaintiff's numerous theories of recovery, Plaintiff has based this Court's subject matter jurisdiction solely on its allegation that there were FTLA violations.

The FLTA includes a provision that "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction."  *See* 15 U.S.C., section 1601 at 1640(e).  Similar to any other federal law violation, therefore, the mere assertion of a violation of the FTLA only touches upon the possibility of federal subject matter jurisdiction, but neither requires nor favors it.

/////

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S MOTION TO DISMISS PURSUANT TO F.R.C.P. SECTION 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3

**III.    PLAINTIFF'S FEDERAL CLAIM DOES NOT "ARISE UNDER" FEDERAL LAW AND IS NOT "COLORABLE"**

To determine whether this claim actually "arises under" federal law, this Court should deploy the "well-pleaded complaint" rule by looking solely at those allegations of Plaintiff's First Amended Complaint that are essential to the claim. *See Taylor v. Anderson* (1914) 234 US 74, 75-76, 34 S.Ct. 724, 724-725; *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc*. (2002) 535 US 826, 830, 122 S.Ct. 1889, 1893; *Gully v. First National Bank* (1936) 299 US 109, 112, 57 S.Ct. 96, 97. Furthermore, for this Court to have subject matter jurisdiction over the instant case, the federal claim must itself be "colorable," meaning it is not made solely for the purpose of obtaining federal jurisdiction. *See Bell v. Hood* (1946) 327 US 678, 682-683, 66 S.Ct. 773, 776; *Musson Theatrical, Inc. v. Federal Express Corp*. (6th Cir. 1996) 89 F3d 1244, 1248.

The fact that Plaintiff's purported federal cause of action appears first in his First Amended Complaint should not obfuscate the fact that Plaintiff's entire claim—all nine (9) causes of action launched together—share a common nucleus of operative facts and arise out of the same transaction and occurrence: Moving Parties' assistance in Plaintiff's refinancing of his home mortgage. Furthermore, Plaintiff's eight (8) additional causes of action against Moving Parties neither touch nor concern federal law, nor does Plaintiff aver they do.

Specifically, Plaintiff has included four (4) additional causes of action against Defendants that arise exclusively under California state law: (1) violation of *California Civil Code*, section 1632; (2) negligent misrepresentation under *California Civil Code*, sections 1709-1710; (3) violation of *California Business and Professions Code*, section 17200; and (4) violation of California Consumers Legal Remedies Act, *California Civil Code*, section 1750. The four (4) remaining causes of action Plaintiff raises are for the common law torts of fraud, breach of fiduciary duty, negligence and unjust enrichment. *See* First Amended Complaint.

Upon review of the First Amended Complaint it appears self-evident that Plaintiff has essentially "tacked on" the cause of action for FTLA violations and has only placed it first as part of a calculated attempt to aver federal subject matter jurisdiction when in fact no federal jurisdiction would be proper

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S MOTION TO DISMISS PURSUANT TO F.R.C.P. SECTION 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
4

1  for this claim.  The addition of alleging FTLA violations doesn't change that Plaintiff still has to prove

2  the same facts and still has the same recovery potential to be successful in his claim.  Therefore it

3  appears evident that adding an allegation of FTLA violations to his First Amended Complaint serves

4  only one purpose: to get Federal Court standing by creating the illusion of a federal question.

5        If the First Amended Complaint were only to comprise the other eight (8) causes of action

6  Plaintiff would not have a prayer for federal jurisdiction.  Plaintiff's First Amended Complaint is a claim

7  arising out of his refinancing of a home loan in which he alleges Moving Parties are legally responsible

8  for Plaintiff getting a new loan on terms he currently finds unacceptable.  Consequently, there is no

9  actual federal question related to this claim and a court of unlimited jurisdiction—e.g. State Court—

10  could be a proper forum for Plaintiff to try to litigate this claim.  If this claim were to be tried before a

11  jury as Plaintiff has demanded, questions of state and common law would predominate, and no questions

12  of Federal law would be raised.

13        If, alternatively, this Court prefers not to dismiss this case for lack of subject matter jurisdiction,

14  then this Court may at least still abstain from hearing exercising its jurisdiction at least until the four (4)

15  causes of action that put vital state interests at stake—*California Civil Code*, sections 1632, 1709, 1710

16  and 1750; and *California Business and Professions Code*, section 17200—are fully and fairly litigated.

17        This is because although Plaintiff has alleged FTLA violations, these violations are tertiary to

18  Plaintiff's causes of action that arise under California law between two California citizens.  California

19  has a vital state interest in ensuring its Civil Code and Business and Professions Code are properly

20  complied with, since they frequently have more stringent and intricate requirements than federal law.

21  As such, were this Court inclined to merely abstain from hearing the instant claim, it could wait to see

22  how the violations of California Civil Code and Business and Professions Code unfold in a California

23  State Court before deciding whether Plaintiff's claim has warranted federal question jurisdiction.

24  **IV.    CONCLUSION**

25        Based upon the foregoing discussion, Moving Parties submit that Plaintiff has failed to state a

26  claim that arises under federal law and his claim should be dismissed for lack of subject matter

27  jurisdiction in accordance with *Federal Rules of Civil Procedure*, section 12(b)(1).  This claim is little

28

1  more than a suit for fraud *etc.* from a dissatisfied loan customer who has tacked on a claim for a federal

2  law violation in an attempt to get standing to sue in federal court.  As such, this honorable Court should

3  dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction because the essential

4  facts of his claim involve no federal questions and do not arise under federal law; nor is the federal

5  claim colorable.

6          Alternatively, this honorable Court should at a minimum abstain from exercising its jurisdiction

7  over the purported federal cause of action until the four (4) causes of action concerning vital state

8  interests are fully heard and litigated in an appropriate State Court.

9          Because the operative facts surrounding the transaction and occurrence that forms the basis of

10  Plaintiff's claim have ended and will remain unchanged, Moving Parties contend the interests of justice

11  should compel this honorable Court dismiss Plaintiff's First Amended Complaint with prejudice.

12                                      Respectfully submitted,

13  Dated:  October 10, 2007                **CARLSON LAW GROUP, INC.**

14

15

16
                              By:    _____
17                                    Mark C. Carlson, Esq.
                                      Attorneys for Defendants, ALVIN C.
18                                    SILBERNAGEL D/B/A ALTAS REALTY D/B/A
                                      ATLAS FINANCIAL SERVICES (erroneously sued
19                                    herein as ALTAS REALTY/FINANCIAL
                                      SERVICES, INCORPORATED, a California
20                                    Corporation, dba ATLAS REALTY DBA ATLAS
                                      FINANCIAL SERVICES), ALVIN CLAIR
21                                    SILBERNAGEL, AND SAMANTHA TREVINO

22

23

24

25

26

27

28
_____
DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN
SILBERNAGEL AND SAMANTHA TREVINO'S MOTION TO DISMISS PURSUANT TO F.R.C.P. SECTION 12(b)(1);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my present address is: 6345 Balboa Boulevard, Suite 257, Encino, California 91316.

On October 10, 2007 I served the foregoing document described as **DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S MOTION TO DISMISS PURSUANT TO F.R.C.P. SECTION 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

XX BY EMAIL to the parties as set forth on the Service List attached hereto.

BY OVERNIGHT EXPRESS DELIVERY.  I deposited it in a box or other facility regularly maintained by FEDERAL EXPRESS, or delivered it to a driver or courier authorized by FEDERAL EXPRESS to receive documents, in an envelope designated by FEDERAL EXPRESS, with deliver fees provided for, and with delivery requested for the next business day.

BY FACSIMILE TRANSMISSION, by use of facsimile machine telephone number (818) 345-1265, in accordance with Code of Civil Procedure §1013(e) and California Rules of Court 2.306, to the within parties at the facsimile number(s) indicated.  The fax machine I used complied with Rule 2.301 and this transmission was reported as complete and without error.  Under Rule 2.304, I caused the machine to print a transmission record of the transmission report which was issued by the transmitting facsimile maching, a copy of which is attached to the original thereof.

Executed on October 10, 2007 at Encino, California.

XX  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Ann A. Malone

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S MOTION TO DISMISS PURSUANT TO F.R.C.P. SECTION 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

7

**Juan Cuevas v. Altas Realty/Financial Services Inc., et al**
USDC Case No.: CV-07-2814-JF/PVT

Annette D. Kirkham, Esq.
Mona M. Motwani, Esq.
Law Foundation Of Silicon Valley
111 West Saint John Street, #315
San Jose, California 95113
Attorneys for Plaintiff, Juan Cuevas
Email: annettek@lawfoundation.org
Telephone No.:  (408) 293-4790
Facsimile No.:   (408) 293-0106

Bart E. Volkmer, Esq.
Brian Danitz, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Attorneys for Plaintiff, Juan Cuevas
Email: bdanitz@wsgr.com
Telephone No.:  (650) 493-9300
Facsimile No.:   (650) 565-5100

Mona Motwani
Law Foundation of Silicon Valley
Fair Housing Law Project
111 W. St. John Street, Suite 315
San Jose, California 95113
Email: monam@lawfoundation.org
Telephone No.: (408) 280-2448


        XX BY MAIL as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Encino, California in the ordinary course of business.

World Savings Banks
Attention: Tracy Henson
1901 Harrison Street
Oakland, California 94612

---

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S MOTION TO DISMISS PURSUANT TO F.R.C.P. SECTION 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

8