Mark C. Carlson, Esq., [SBN 166195]
**CARLSON LAW GROUP, INC.**
6345 Balboa Boulevard, Suite 257
Encino, California 91316
Telephone No.: (818) 996-7800
Facsimile No.: (818) 345-1265
mcc@carlsonlawgroup.com

Attorney for Defendants, Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO

# UNITED STATES DISTRICT COURT

# NORTHEAST DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CUEVAS, | Case No.: CV-07-2814-JF/PVT |
| Plaintiff, | Complaint Filed: 05/30/2007 |
| vs. | Assigned to Jeremy Fogel<br>Courtroom: 3 – Fifth Floor |
| ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California corporation, D/B/A ATLAS REATY, D/B/A ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL, SAMANTHA TREVINO, WORLD SAVINGS, INC., D/B/A WORLD SAVINGS BANK, FSB, and DOES 1 through 100 inclusive | **EX PARTE APPLICATION FOR ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE SCHEDULED ON NOVEMBER 2, 2007** |
| Defendants. | |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California Corporation, DBA ATLAS REALTY DBA ATLAS FINANCIAL SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO (hereinafter "Moving

Parties"), apply to this Court *ex parte* for an order continuing the Case Management Conference (CMC) scheduled for November 2, 2007 until after this Court has ruled on Moving Parties' motion to dismiss for lack of subject matter jurisdiction pursuant to *F.R.Civ.P.*12(b)(1), currently before this Court and scheduled for hearing on December 14, 2007.

The federal rules of civil procedure have given this Court power to grant Moving Parties' requested continuance, stating, "When an act may or must be done within a specified time, the court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;" *see F.R.Civ.P.*6(b)(1).

Good cause exists for this Court to order a continuance in the Case Management Conference scheduled for November 2, 2007 because the hearing scheduled for December 14, 2007 may moot the purposes behind having the November 2nd CMC.

The only issues before the Court scheduled for November 2, 2007 are those pertaining to the scheduling of certain future dates for additional hearings, case management conferences and other routine although lengthy status report proceedings inherent to moving forward through the litigation process.

In stark contrast, Moving Parties have properly submitted to this Court a motion to dismiss the instant action for lack of subject matter jurisdiction under *F.R.Civ.P.*12(b)(1) (or alternatively for this Court to exercise its abstention power).

If this Court sustains Moving Parties' motion on December 14, 2007 then the November 2nd CMC, and all the resources this Court must devote toward preparing for it and managing it thereafter, will have all been for naught.  This would be in addition to all the time and resources both Moving Parties and Plaintiff will have expended to prepare for and follow up on this CMC only to essentially repeat the whole process when, in the likely event Plaintiff subsequently elects to file suit in state court, the discovery process begins again.

As this Court can see from a review of those moving papers already before this Court, there are substantial grounds for Moving Parties to believe this Court will sustain Moving Parties' dismissal motion. Consequently, this Court's resources would be best served and efficiency optimized if this Court were to order a continuance of the November 2nd CMC until after December 14, 2007 when Moving Parties' motion to dismiss will be heard and the relevance of having a CMC determined.

In the unlikely event that Moving Parties' motion to dismiss is not sustained, Plaintiff would in no way be prejudiced by having the CMC in this case delayed until after December 14, 2007, which could then be scheduled for anytime thereafter in accordance with the federal rules.

For these forgoing reasons, Moving Parties apply *ex parte* for this Court to order the Case Management Conference scheduled for November 2, 2007 continued in accordance with *F.R.Civ.P.*6(b) until its relevance can be determined by the outcome of Moving Parties' motion to dismiss Plaintiff's claim for lack of subject matter jurisdiction pursuant to *F.R.Civ.P.*12(b)(1), now properly before this Court and scheduled for hearing on December 14, 2007.

Respectfully submitted by:              **CARLSON LAW GROUP, INC.**

_____
Mark C. Carlson
Attorney of record for Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO

**DELCARATON OF MARK C. CARLSON IN SUPPORT OF EX PARTE APPLICATION**

I, Mark C. Carlson, declare as follows:

1. I am an attorney at law, duly authorized to practice law in the State of California. I am a principle at Carlson Law Group, Inc., attorneys of record for Defendants ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL SERVICES), ALVIN CLAIR SILBERNAGEL and SAMANTHA TREVINO. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify thereto.

2. On October 10, 2007, on behalf of my clients for good cause and in good faith, I filed with this Court a Motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, originally scheduled for hearing on November 16, 2007 before this Court. The hearing date has now been continued to December 14, 2007 the same date and World Savings' Motion is scheduled. On this same day I supplied Plaintiff with notice of this motion.

3. The Motion to dismiss for lack of subject matter jurisdiction before this Court is likely to be sustained because Plaintiff failed to establish federal question jurisdiction over his claim even though he states it as his basis for federal jurisdiction. In fact, Plaintiff will be unable to cure this defect: Plaintiff's claim concerns one transaction and occurrence out of which Plaintiff has fashioned nine (9) causes of action for violations of four (4) California state statute, four (4) common law torts and one (1) cause of action for alleged violations of the Federal Truth in Lending Act. As stated in the dismissal papers, the alleged FTLA violation only tangentially relates to the facts of this case whereas difficult questions of state law and fact-dependent common law torts will control the action.

3. On October 12, 2007 I spoke with Plaintiff through his counsel and expressed the prudence and sensibility of continuing the Case Management Conference scheduled for November 2, 2007 in light of the

most recent motion filed on behalf of my clients and the likelihood for its success.  Despite being apprised of the current subject matter jurisdiction challenge, Plaintiff through his counsel would not consent to a continuance.

4. The instant *ex parte* application for an order continuing the Case Management Conference scheduled for November 2, 2007 is supported by good cause and is not being done for any improper purpose.  Both this Court and all the parties involved will benefit from being saved the trouble of preparing joint statements, scheduling upcoming events, managing the case in accordance with the federal docket and so forth given the likelihood that this case will be halted by this Court's lack of subject matter jurisdiction on December 14, 2007.

5. Although the federal rules of civil procedure do not require official proof of service for an *ex parte* application, I have provided Plaintiff with copies of this application along with the proposed order submitted herewith.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 19th day of October 2007, at Encino, California.

_____
Mark C. Carlson

---

EX PARTE APPLICATION FOR ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE
SCHEDULED ON NOVEMBER 2, 2007

5

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my present address is: 6345 Balboa Boulevard, Suite 257, Encino, California 91316.

On October 19, 2007 I served the foregoing document described as **EX PARTE APPLICATION FOR ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE SCHEDULED ON NOVEMBER 2, 2007** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

XX BY EMAIL to the parties as set forth on the Service List Attached hereto.

BY OVERNIGHT EXPRESS DELIVERY. I deposited it in a box or other facility regularly maintained by FEDERAL EXPRESS, or delivered it to a driver or courier authorized by FEDERAL EXPRESS to receive documents, in an envelope designated by FEDERAL EXPRESS, with deliver fees provided for, and with delivery requested for the next business day.

BY FACSIMILE TRANSMISSION, by use of facsimile machine telephone number (818) 345-1265, in accordance with Code of Civil Procedure §1013(e) and California Rules of Court 2.306, to the within parties at the facsimile number(s) indicated. The fax machine I used complied with Rule 2.301 and this transmission was reported as complete and without error. Under Rule 2.304, I caused the machine to print a transmission record of the transmission report which was issued by the transmitting facsimile maching, a copy of which is attached to the original thereof.

Executed on October 19, 2007 at Encino, California.

XX  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Ann A. Malone

**Juan Cuevas v. Altas Realty/Financial Services Inc., et al**
USDC Case No.: CV-07-2814-JF/PVT

Annette D. Kirkham, Esq.
Mona M. Motwani, Esq.
Law Foundation Of Silicon Valley
111 West Saint John Street, #315
San Jose, California 95113
Attorneys for Plaintiff, Juan Cuevas
Email: annettek@lawfoundation.org
Telephone No.: (408) 293-4790
Facsimile No.: (408) 293-0106

Bart E. Volkmer, Esq.
Brian Danitz, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Attorneys for Plaintiff, Juan Cuevas
Email: bdanitz@wsgr.com
Telephone No.: (650) 493-9300
Facsimile No.: (650) 565-5100

Mona Motwani
Law Foundation of Silicon Valley
Fair Housing Law Project
111 W. St. John Street, Suite 315
San Jose, California 95113
Attorney for Plaintiff, Juan Cuevas
Email: monam@lawfoundation.org
Telephone No.: (408) 280-2448

Keith David Yandell, Esq.
Reed Smith LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612
Attorney for Defendant World Savings Bank FSB
Telephone No.: (510) 466-6820
Facsimile No.: (510) 273-8832
kyandell@reedsmith.com