1  MONA M. MOTWANI, State Bar No. 239677
   monam@lawfoundation.org
2  ANNETTE D. KIRKHAM, State Bar No. 217958
   annettek@lawfoundation.org
3  FAIR HOUSING LAW PROJECT
   111 West Saint John Street, Suite 315
4  San Jose, CA 95113
   Telephone:  (408) 280-2448
5  Facsimile:   (408) 293-0106

6
   BART E. VOLKMER, State Bar No. 223732
7  BRIAN DANITZ, State Bar No. 247403
   WILSON SONSINI GOODRICH & ROSATI
8  Professional Corporation
   650 Page Mill Road
9  Palo Alto, CA 94304-1050
   Telephone:  (650) 493-9300
10 Facsimile:   (650) 565-5100
   bdanitz@wsgr.com
11
   Attorneys for Plaintiff
12 JUAN CUEVAS

# UNITED STATES DISTRICT COURT

13

# NORTHERN DISTRICT OF CALIFORNIA

14

## (San Jose)

15

16 JUAN CUEVAS,                          )   **Case No.  C07-02814 JF**
                                         )
17       Plaintiff,                      )   **JOINT RULE 26(f) REPORT AND**
                                         )   **CASE MANAGEMENT**
18       v.                              )   **CONFERENCE STATEMENT AND**
                                         )   **[PROPOSED] ORDER**
19                                       )
20 ALTAS REALTY/FINANCIAL                )
   SERVICES, INCORPORATED, a             )   DATE:    November 2, 2007
21 California corporation, dba ATLAS      )   TIME:    10:30 A.M.
   REALTY, dba ATLAS FINANCIAL           )   ROOM:   3
22 SERVICES, ALVIN CLAIR                 )   JUDGE:   Honorable Jeremy Fogel
   SILBERNAGEL, SAMANTHA                 )
23 TREVINO,  WORLD SAVINGS, INC,          )
24 dba WORLD SAVINGS BANK, FSB,          )
   and DOES 1 to 100,                    )
25                                       )
                                         )
26                                       )
                                         )
27       Defendants.                     )
   _____    )
28

29

**Case Management Conference Statement and Proposed Order**
<u>Cuevas v. Atlas Realty, et al.,</u> 07-02814 JF                    1

Plaintiff submits this Joint 26(f) Report and Case Management Statement (the "Statement) on behalf of itself and Defendant World Savings Bank, F.S.B. ("World Savings") (collectively, the "Parties").  Counsel for Defendants Atlas Realty, Alvin Silbernagel and Samantha Trevino did not attend the 26(f) conference and does not join in this Statement.

## DESCRIPTION OF THE CASE

**1.    Jurisdiction and Service:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged causes of action for violations of the Federal Truth in Lending Act, pursuant to 15 U.S.C. § 1601 *et seq*.

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims, arise out of a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution.

Defendant World Savings and Plaintiff agree that there is no dispute with respect to the propriety of service of process, personal jurisdiction, subject matter jurisdiction, or venue.

**2.    A Brief Description of Events Underlying the Action:**

*Plaintiffs' Description of the Case:*

This is a predatory lending case in which plaintiff alleges that defendants acted in concert to defraud plaintiff Juan Cuevas, a fifty-nine year-old Spanish speaking man of Mexican heritage, of his home.  Plaintiff met with Defendant Samantha Trevino, a loan officer and licensed salesperson with Atlas Realty/Financial Services Incorporated to refinance their home in May of 2006.  Defendants, acting through Defendant Samantha Trevino, executed a classic "bait and switch" routine by promising one thing during their discussions, which occurred in Spanish, then taking advantage of Plaintiff's limited ability to read and write English and having him sign

documents written in English that did not reflect the terms and conditions promised by Defendants.

Defendant Trevino never advised Mr. Cuevas of a number of salient facts regarding the true nature of the transaction, including the fact that the loan was a negatively amortizing loan, meaning that the payments had not been set sufficiently high to pay off the interest as it accrued on the loan, that the amount Mr. Cuevas needed to pay each month to prevent the principal from increasing was $3,100 – nearly $400 *more* than the $2755 monthly payment he was originally seeking to reduce;  that Mr. Cuevas' monthly payment could increase *every month* after the inception of the loan, not just once per year; and that the prepayment penalty on his existing loan was $10,253, not $7,000.  Plaintiff, therefore, alleges that the true terms of this transaction were misrepresented to him at the closing.

Further, Mr. Cuevas alleges that he was not given accurate disclosures relating to the aforementioned transaction, in violation of state and federal law.  After Plaintiff signed the closing documents of the aforementioned transaction, Defendants provided him with unsigned copies of the document notifying him of his right to rescind which contained contradictory and confusing information.  Specifically, the transaction date and the expiration date were incorrectly entered creating the impression that Mr. Cuevas had more time in which to rescind.  Defendants later made handwritten changes to these dates and then forged Mr. Cuevas' initials on the documents to make the record in the file appear as though Mr. Cuevas had received the proper statutory notice of his rescission rights.  In fact, Mr. Cuevas never received a copy of the "corrected" notice of right to rescind nor was he ever notified of these changes.

Adding to the confusion, funds were disbursed to Mr. Cuevas prior to the expiration of the noticed rescission period.  Mr. Cuevas is now forced to file the instant action to avoid losing his home and recover damages caused by the fraudulent conduct and statutory violations engaged in by Defendants.

### *Defendant World Savings' Description of the Case:*

Mr. Cuevas hired Atlas Realty to find him a home loan.  Subsequently, Mr. Cuevas entered into a loan agreement with World Savings.  Mr. Cuevas now contends

(1) that he did not understand loan documents he executed when he refinanced his home mortgage; (2) that the terms of the World Savings loan he entered into were not he was initially promised; and (3) there was a violation of the federal Truth-In-Lending Act ("TILA") relative to his loan because a date on his Notice of Right to Cancel was changed by someone – allegedly without Cuevas' knowledge or authorization.

Mr. Cuevas sued his mortgage loan broker, Atlas Realty and Alvin Clair Silbernagel (collectively, "Atlas Realty") for fraud, breach of fiduciary duty and negligent representation.  Mr. Cuevas also added claims for relief against Atlas Realty and World Savings for: violation of the Truth in Lending Act; violation of California Civil Code Section 1632; violation of California's Unfair Competition Law, California Business & Professions Code Section 17200, *et seq.*; negligence; violation of the California Consumers Legal Remedies Act, and; unjust enrichment.

2.    **Principle Factual Issues in Dispute:**

*Plaintiff's Description*

a.    Whether Defendants acted in concert to defraud Plaintiff of his home;

b.    Whether all communications between Plaintiff and Defendant Trevino were exclusively in Spanish;

c.    Whether Defendant Trevino told Plaintiff that payments on the new loan would be $1800 per month including taxes and insurance;

d.    Whether Defendant Trevino told Plaintiff that the interest rate would only go up once every year and that the payment would only go up by $100-$200 for each of the first 5 years;

e.    Whether Defendant Trevino assured Plaintiff that it was in Plaintiff's best interest to refinance in May of 2006 rather than wait until after November of 2006, when the prepayment penalty on his preexisting loan expired;

f.    Whether Defendants steered Plaintiff into a loan that they knew Plaintiff could not afford;

g.      Whether initials allegedly placed by Plaintiff on the signed Truth in Lending disclosure by, dated June 2, 2006, were forged by Defendants.

***Defendant World Savings' Description***

a.      Whether Mr. Cuevas conversed or negotiated with World Savings.

b.      Whether Mr. Cuevas signed the loan documents and related disclosures.

c.      Whether Mr. Cuevas' placed his initials on the Truth in Lending disclosures.

**3.     <u>Principle Legal Issues In Dispute:</u>**

***Plaintiff's Description***

a.      Whether defendants violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.**,** and its implementing regulations, Federal Reserve Board Regulation Z, 12 C.F.R. § 226;

b.      Whether defendants violated the California Civil Code § 1632;

c.      Whether defendants Atlas, Trevino and Silbernagel fraudulently induced plaintiff to enter into the May 31, 2006 mortgage transaction;

d.      Whether defendants Atlas, Trevino and Silbernagel breached their fiduciary duty to plaintiff.

e.      Whether defendants violated California Business and Professions Code § 17200 *et seq.*

f.      Whether defendants were negligent.

g.      Whether defendants violated California Civil Code § 1750 *et seq*.

h.      Whether defendants were unjustly enriched at the expense of plaintiff.

***Defendant World Savings' Description***

a.      Whether federal law preempts Mr. Cuevas' state law claims as he seeks to apply them to World Savings.

b.      Whether the California Legal Remedies Act (California Civil Code § 1750, *et seq.*) applies to Mr. Cuevas' loan.

c.      Whether any third party was acting as World Savings' agent.

d.      Whether California Civil Code Section 1632 applies to the subject transaction.

e.      Whether World Savings owed Mr. Cuevas a duty of care.

f.      Whether Mr. Cuevas can predicate a California Business and Professions Code Section 17200 claim on World Savings' conduct.

g.      Whether World Savings and Mr. Cuevas' relationship is sufficient to justify an unjust enrichment claim.

h.      Whether the closing agent on the loan violated any duty it owed to World Savings

i.      Whether Mr. Cuevas' prayers for injunctive relief and punitive damages against World Savings are proper.

**4.     Motions:**

World Savings filed a motion to dismiss on October 9, 2007.

Defendant Atlas Realty filed a motion to dismiss on October 10, 2007.

Defendant Atlas Realty filed an *ex parte* application to continue the Case Management Conference on October 19, 2007.  On October 23, 2007 the Court granted the request and continued the conference until November 30, 2007.

**5.     Amendments of Pleadings:**

Mr. Cuevas has amended his Complaint once in this action and does not anticipate further amendments at present.  Mr. Cuevas requests that the deadline for amending of pleadings be set one week following close of expert discovery.

**6.     Evidence Preservation:**

Following the filing of his Complaint, Mr. Cuevas has taken reasonable steps to collect documents relevant to this action**.**  Plaintiffs have request that Defendants retain all currently existing documents and computer files relating to the mortgage transaction in question.

**7.     The Parties Certify that They Have Made the Following Disclosures:**

During the Rule 26(f) conference held October 12, 2007, World Savings and Plaintiff agreed to exchange initial disclosures under Rule 26(a)(1) on October 26, 2007.  The Parties do not contemplate any deviation from the requirements set forth in the Federal Rules in their Rule 26(a) disclosures.   Counsel for Defendants Atlas Realty, Alvin Silbernagel, and Samantha Trevino was unable to attend the Rule October 12, 2007 conference.

**8.    Discovery:**

Plaintiffs and Defendants have not engaged in any discovery to date.  The Parties submit the following Rule 26(f) discovery plan:

*Rule 26(f)(2):  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.*

The subject matter on which discovery may be needed relate to Mr.Cuevas' claims of fraud, violations of consumer lending statutes, unfair competition and related claims and Defendants' defenses thereto.  Discovery will also be needed in relation to World Savings' anticipated third-party claim against the loan's closing agent.  The Parties agree that there is no need to conduct discovery in phases and no need to alter discovery limitations.

*Rule 26(f)(3):  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

The Parties agree that there is no need to change the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules for the purposes of discovery in this case.

*Rule 26(f)(4):  Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).*

None.

**9.    Class Actions:**

This case is not a class action.

**10.**   **Related Cases:**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11.**   **Relief:**

Plaintiff Cuevas is seeking cancellation of the Deed of Trust and any and all mortgage documents dated May 31, 2006; rescission of the Deed of Trust and any and all mortgage documents dated May 31, 2006 and any and all agreements or contracts that made up the fraudulent transaction at issue;  an accounting, restitution and/or disgorgement;  compensatory and general damages;  special damages;  punitive and exemplary damages according to proof; statutory damages pursuant to the Truth In Lending Act;  costs and reasonable attorneys' fees;  prejudgment interest;  injunctive relief;  and such other and further relief as the Court deems proper.

Defendant World Savings expects to seek indemnity from other parties.

**12.**   **The Parties have Filed a Stipulation and Proposed Order Selecting an ADR Process:**

Mr. Cuevas has submitted his ADR Certificate, and believes that it may be possible to resolve this case in early mediation or an early settlement conference with a Magistrate Judge.

World Savings is willing to submit to ADR after the Court has heard its Motion to Dismiss.

**13.**   **Other References:**

This case is not suitable for arbitrations, special master or through multi-district litigation.

**14.**   **Narrowing of Issues:**

Not at this time.

**15.**   **Expedited Schedule:**

Not at this time.

**16.**   **Scheduling:**

Mr. Cuevas proposes the following pretrial schedule:

| | |
|---|---|
| Completion of fact discovery: | May 30, 2008 |
| Disclosure of experts and reports: | April 25, 2008 |
| Completion of expert discovery: | June 15, 2008 |
| Dispositive motion hearing deadline: | July 4, 2008 |
| Pretrial conference: | July 25, 2008 |
| Start of Trial: | August 4, 2008 |

World Savings has an outstanding 12(b)(6) Motion to Dismiss and does not know what allegations the Second Amended Complaint will contain.  In addition, World Savings plans to file a third-party complaint against the loan's closing agent for breach of contract and/or contractual indemnity and against Atlas Realty for equitable indemnity.  In light of the foregoing, World Savings feels it is premature to schedule the above deadlines.  Moreover, the above schedule is too aggressive given that World Savings was first served in this matter on September 17, 2007.  If the Court believes that scheduling is currently appropriate, World Savings proposes the following schedule:

| | |
|---|---|
| Completion of fact discovery: | July 30, 2008 |
| Disclosure of experts and reports: | June 25, 2008 |
| Completion of expert discovery: | August 15, 2008 |
| Dispositive motion hearing deadline: | September 4, 2008 |
| Pretrial conference: | September 25, 2008 |
| Start of Trial: | October 8, 2008 |

**17.**   **Trial:**

Plaintiff has requested that this case be tried before a jury.  Plaintiff estimates 7-10 full court days for trial.

**18:**   **Disclosure of Non-party Interested Entities or Persons:**

Plaintiff has not yet filed the Certification of Interested Entities or Persons.  Plaintiff certifies that, other than the named parties, there is no such interest to report.

1    World Savings has drafted and will file its Certification of Interested Parties

2  shortly.  World Savings will report Wachovia Corporation, its ultimate parent entity,

3  as an interested party.

4

5  Dated:  October 26, 2007            WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation
6

7

8                                      /s/ Brian Danitz
                                       Brian Danitz
9                                      Attorneys for Plaintiff Juan Cuevas

10

11                                     REED SMITH LLP

12

13                                     /s/ Keith D. Yandell
                                       Jack R. Nelson
14                                     Keith D. Yandell
                                       Attorneys for Defendant World Savings Bank, FSB
15

16

17
                             **SIGNATURE ATTESTATION**
18

19    Pursuant to General Order 45, Section X.B. regarding signatures, I attest under

20  penalty of perjury that concurrence in the filing of this document has been obtained from

21  Keith D. Yandell.

22

23  Dated:  October 26, 2007            WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation
24

25

26                                     /s/ Brian Danitz
                                       Brian Danitz
27                                     Attorneys for Plaintiff Juan Cuevas

28

29

1

2

## [PROPOSED] <u>ORDER</u>

3

4      The Case Management Statement and Proposed Order is hereby adopted by the

5   Court as the Case Management Order for this case and the parties are ordered to

    comply with this order.

6

7

8   Dated: _____

9                                              _____

10                                             **Honorable Jeremy Fogel**
                                               **United States District Court Judge**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29