ANNETTE D. KIRKHAM, State Bar No. 217958
annettek@lawfoundation.org
FAIR HOUSING LAW PROJECT
111 West Saint John Street, Suite 315
San Jose, CA 95113
Telephone: (408) 280-2448
Facsimile: (408) 293-0106

BART E. VOLKMER, State Bar No. 223732
BRIAN DANITZ, State Bar No. 247403
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
bdanitz@wsgr.com

Attorneys for Plaintiff
JUAN CUEVAS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISON**

| | |
|---|---|
| JUAN CUEVAS,<br><br>   Plaintiff,<br><br>   v.<br><br>ATLAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California corporation, dba ATLAS REALTY, dba ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL, SAMANTHA TREVINO, WORLD SAVINGS, INC, dba WORLD SAVINGS BANK, FSB, and DOES 1 to 100,<br><br>   Defendants. | **Case No. C07-02814 (JF)(PVT)**<br><br>**PLAINTIFF'S OPPOSTION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1)**<br><br>DATE:  December 14, 2007<br>TIME:  9:00 a.m.<br>ROOM:  3<br>JUDGE:  Honorable Jeremy Fogel |

PLAINTIFF'S OPPOSITION TO RULE 12(b)(1)
MOTION TO DISMISS; CASE NO. C07-02814          1

# OPPOSITION MEMORANDUM

## I.   INTRODUCTION

The Court unquestionably has original jurisdiction over this action because the Complaint alleges violations of a federal statute, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. In enacting TILA, Congress created a private right of action that "may be brought in any United States district court, or any other court of competent jurisdiction . . . ." This broad jurisdictional grant provides an unambiguous basis for this Court's exercise of federal question jurisdiction.

Apparently, Defendants Atlas Realty, Alvin Silbernagel and Samantha Trevino (collectively "Atlas") believe that the presence of state law claims for relief over which the Court has supplemental jurisdiction alters the jurisdictional analysis. It does not. Atlas makes three arguments against the Court's exercise of jurisdiction over this action. All of them fail. First, Atlas argues that Mr. Cuevas' TILA claims are not "essential" to the Complaint. That argument is unsupportable. There is no doctrine conditioning the exercise of federal question jurisdiction on the "essentiality" of a federal claim for relief in relation to the Complaint as a whole. Second, Atlas argues that the TILA claims are frivolous and "tacked on" to obtain jurisdiction. That argument is itself frivolous. Atlas fails to provide any analysis whatsoever regarding the merits of the TILA claim and instead argues, incoherently, that the various claims "share a common nucleus of operative facts and arise from the same transaction." The presence of supplemental jurisdiction over certain state law claims does not and could not divest the Court of subject matter jurisdiction. Third, Atlas argues, in the alternative, that the Court should "abstain" from hearing Mr. Cuevas' federal TILA claims until after the state law claims are resolved in state court. Even if Mr. Cuevas had a case pending in state court, which he does not, abstention would be inappropriate because the narrowly circumscribed grounds for federal abstention are absent.

While not clear, to the extent that Atlas's motion attacks the propriety of the Court's exercise of supplemental jurisdiction over state law claims, the motion fails on that point as well. Mr. Cuevas' claims undisputedly arise from the same consumer credit transaction and a plaintiff

would ordinarily be expected to try them together. Moreover, Congress' jurisdictional grant to the United States district courts would be substantially diminished if plaintiffs, like Mr. Cuevas, were unable to try all of the claims related to the same transaction in one action. Accordingly, Atlas' motion to dismiss for lack of subject matter jurisdiction should be denied in its entirety.

## II.    FACTUAL BACKGROUND

Juan Cuevas is a San Jose resident who speaks Spanish and reads and writes almost no English. FAC ¶ 17. In February 2006, Mr. Cuevas began to discuss the possibility of refinancing the mortgage on his home with defendant Trevino of Atlas Realty. *Id*. ¶ 18. During their conversations, Mr. Cuevas explained that he and his wife were struggling to make their monthly mortgage payments of $2,755 per month. *Id*. ¶ 19. Trevino assured Mr. Cuevas that he could lower his monthly mortgage payment by refinancing his home mortgage. *Id*. ¶ 20. Trevino also told Mr. Cuevas that: she would obtain the best available loan for Mr. Cuevas; that she would obtain a loan that was affordable for Mr. Cuevas; that Mr. Cuevas could take out an additional $40,000 and the payments would still only be $1600 per month, $1800 per month if he wanted taxes and insurance included; that the interest rate would only go up once each year, and that the payment would only go up by $100-$200 for each of the first 5 years; and that the payments were interest only, and that Mr. Cuevas could pay in extra money each month that would go directly towards the principal amount. *Id*. ¶ 22. Based on these representations, Mr. Cuevas agreed to enter into the refinance loan with World Savings. *Id*. ¶ 24.

On May 31, 2006, Mr. Cuevas signed the refinancing documentation. *Id*. ¶ 28. Despite the fact that all of Mr. Cuevas' discussions with defendant Trevino were in Spanish, and despite the fact that Mr. Cuevas speaks and reads almost no English, all of the documents presented to Mr. Cuevas were in English. *Id*. After Mr. Cuevas signed the stack of documents, defendant Trevino provided Mr. Cuevas only with an unsigned copy of the documents. *Id*. ¶ 34. Included among the unsigned documents were copies, also unsigned, of the Notice of Right to Cancel. *Id*. In addition to being unsigned, the copies of the Notices erroneously identified the date of the transaction as June 2, 2006 and the expiration of the cancellation right as June 6, 2006. *Id*.

PLAINTIFF'S OPPOSITION TO RULE 12(b)(1)
MOTION TO DISMISS; CASE NO. C07-02814        3

The Notice of Right to Cancel documents, which were actually signed by Mr. Cuevas on May 31, 2006, also erroneously identified the date of the transaction as June 2, 2006 and the expiration of the cancellation right as June 6, 2006. *Id*. ¶ 35. Unbeknownst to Mr. Cuevas, these dates were subsequently altered. *Id.* Specifically, the date of the transaction was changed from June 2, 2006 to May 31, 2006, and the expiration of the cancellation right from June 6, 2006 to June 3, 2006. In addition, the initials "JC" were forged next to each of the handwritten changes, thus falsely making it appear as though Mr. Cuevas was given the proper notice required by the Truth in Lending Act. *Id*. World Savings disbursed funds to Mr. Cuevas on June 6, 2006 at 2:29 pm, more than nine hours prior to the expiration of Mr. Cuevas' right to cancel as noticed. *Id*. ¶ 36.

Mr. Cuevas discovered the harmful nature of the loan when his first statement showed the principal had increased despite the fact that he had included an additional $400 check to pay down the principal amount together with his first interest-only payment. *Id*. ¶ 37. Mr. Cuevas soon learned that the loan was not what he had bargained for. Instead the loan was negatively amortized with a variable interest rate that could adjust each month in an amount far exceeding $100-$200 per year for the first five years with a prepayment penalty of $10,253 not $7,000. *Id*. ¶ 29. Concerned, Mr. Cuevas returned to Atlas Realty to have the loan "fixed." *Id.* Defendant Trevino stated that Defendant World Savings Bank had changed the terms of the loan without her knowledge and that there was nothing that she could do. *Id*. When Mr. Cuevas went to Defendant World Savings Bank. Defendant World Bank recommended that Mr. Cuevas go and "talk to your broker." *Id*. Mr. Cuevas' monthly payment has increased to more than $3200 per month, a sum that exceeds his monthly income, and he is now facing the imminent threat of default and foreclosure. *Id*. ¶ 38.

## III.     ARGUMENT

### A. The Court Has Subject Matter Jurisdiction Over This Action Because Plaintiff's First Claim for Relief Arises Under The Federal Truth In Lending Act

The basis for the Court's original jurisdiction over this action is beyond contest. TILA expressly authorizes plaintiffs to sue in any United States district court for a creditor's violation of its statutory obligations. 15 U.S.C. § 1640. Mr. Cuevas' first claim for relief alleges multiple violations of the federal Truth in Lending Act. *See* First Amended Complaint ("FAC") at ¶¶ 43-52. The Court, without question, has jurisdiction over this action. *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or any other court of competent jurisdiction . ."); 28 U.S.C. § 1331(a) (district courts have original jurisdiction over every civil action that "arises under the Constitution, the law, or treaties of the United States."); *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 773 (9th 1995) ("An action arises under federal law for purposes of federal question jurisdiction if that law creates the cause of action"); *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148 (4th Cir. 1994) ("In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction."). Atlas' argument that "the mere assertion of a violation of [TILA] only touches upon the possibility of federal subject matter jurisdiction, but neither requires nor favors it," Motion to Dismiss at 3:24-26, is not only unsupported, but simply wrong. Mr. Cuevas has stated a valid TILA claim and therefore the Court is required to exercise jurisdiction over that claim. *See Hunter v. United Van Lines*, 746 F.2d 635, 647 (9th Cir. 1984) (the principal purpose of grant of federal question jurisdiction is to accord plaintiffs forum for vindication of federal rights).

Atlas' additional arguments are vexatious. Atlas first argues that jurisdiction is improper because Mr. Cuevas' TILA claims are not "essential" to the Complaint under the well pleaded complaint rule. That argument is misguided because there is no doctrine which asks the Court to gauge the "centrality" of a federal claim appearing on the face of a complaint before exercising jurisdiction. *See Si v. CSM Inv. Corp.*, Case No. C-06-7611 PVT, 2007 WL 1518350, *5 (N.D.

PLAINTIFF'S OPPOSITION TO RULE 12(b)(1)
MOTION TO DISMISS; CASE NO. C07-02814                5

Cal. 2007) (the court has "no discretion to decline to hear outnumbered federal claims" where multiple state law claims were also alleged). In making this argument Atlas appears to have misapplied the "substantial federal question" doctrine which is utilized to evaluate federal jurisdiction in state cases removed to federal court where *no* federal claim for relief is pled but federal law is implicated by the complaint. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005) (federal jurisdiction proper over state quiet title action because it implicated uniformity of federal tax litigation); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983) (suit by state tax authorities to enforce its levies did not arise under federal law). That doctrine has absolutely no relevance here, where claims in the complaint on their face arise under federal law.[1]

Atlas also asserts that Mr. Cuevas' TILA claims are not "colorable" and that it appears "self-evident" that he has "tacked on" those claims for the purpose of obtaining federal jurisdiction. Motion to Dismiss at 4:25-27-5:1-4. That argument is absurd. When performing a jurisdictional analysis, the court will only disregard a federal claim where "the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Env. Study Group,* 438 U.S. 59, 70 (1978); *Bollard v. Cal. Province of the Soc'y of Jesus,* 196 F.3d 940, 951 (9th Cir. 1999) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction."). Atlas has not even tried to make that showing. Nor could it. Mr. Cuevas has alleged that defendants provided forged, defective and inaccurate Right to Cancel notices in connection with a refinance loan. *See*

---

[1] Atlas' cited cases do not support its argument: *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826 (2002) (no federal appellate jurisdiction where patent law *did not appear in plaintiff's complaint* but was raised for the first time in a Defendant's counterclaim contained in Defendant's answer); *Taylor v. Anderson*, 234 U.S. 74 (1914) (affirming dismissal where federal statute restricting alienability of Choktaw and Chicksaw parcels was raised only *in anticipation of a defense* to plaintiff's action in ejectment); *Gully v. First Nat. Bank,* 299 U.S. 109 (1936) (suit to recover taxes levied pursuant to *State tax law* did not arise under laws of the United States merely because federal law permitted promulgation of state tax statute).

PLAINTIFF'S OPPOSITION TO RULE 12(b)(1)
MOTION TO DISMISS; CASE NO. C07-02814      6

FAC ¶¶ 34-36.  When proved, those allegations will entitle Mr. Cuevas to rescind the fraudulent loan at issue.  *See* 15 U.S.C. §§ 1635, 1641(d)(1); 12 C.F.R. 226.23.[2]

Atlas' charge that the TILA claims are frivolous is itself frivolous and (once again) appears to misapply the governing standard.  The only support Atlas offers for its assertion is that all of Mr. Cuevas' claims "share a common nucleus of operative facts and arise out of the same transaction and occurrence."  Atlas' Motion to Dismiss at 4.  That argument does not make sense.  The Court's original jurisdiction of this action based on TILA is not diminished by the presence of state claims over which the Court has supplemental jurisdiction.  *See* 28 U.S.C. 1367(a).

### B.    Atlas' Abstention Argument is Frivolous

Atlas' final argument, that the Court should abstain until Mr. Cuevas' state claims are resolved in state court, is confounding.  As an initial matter, there is no lawsuit pending in state court that this action could conceivably interfere with.  Even if there were, Atlas' bare assertion that state law "predominates" does not implicate the exceptional and narrowly circumscribed grounds on which a United States district court may abstain from hearing a case where jurisdiction is otherwise proper.  *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 US 350, 359 (1989) (abstention is "an extraordinary and narrow exception to the duty of the district court to adjudicate a controversy properly before it."); *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("The federal courts have a virtually unflagging obligation to exercise the jurisdiction conferred upon them.").

To the extent that Atlas' arguments can be read as an attack on the propriety of supplemental jurisdiction as a general matter, those arguments also fail.  Mr. Cuevas' claims arise from the same consumer credit transaction and a plaintiff would be expected to try them together based on judicial economy alone.  *See* 28 U.S.C. 1367(a); *Executive Software N. Am., Inc. v. United States Dist. Ct*., 24 F.3d 1545, 1555 (9th Cir. 1994) (interpreting 28 U.S.C. §

---

[2] Defendant World Savings Bank, the holder of the deed of trust, has *not* moved against the TILA claims in its pending Rule 12(b)(6) motion, presumably because it recognizes that the FAC states a valid TILA claim if the factual allegations are accepted as true, as they must be at this stage.

1367(a) as requiring the district court to accept jurisdiction unless certain enumerated exceptions apply). Moreover, Congress' jurisdictional grant to the United States district courts would be substantially diminished if plaintiffs, like Mr. Cuevas, were unable to try all claims related to the same transaction in one action.

## IV.    CONCLUSION

In short, the Court plainly has jurisdiction over Mr. Cuevas' TILA claims and likewise has supplemental jurisdiction over his state law claims. Mr. Cuevas respectfully requests that the Court exercise its jurisdiction over this action and deny the motion to dismiss for lack of subject matter jurisdiction in its entirety.

Dated: November 21, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:  /s/ Brian Danitz
       Brian Danitz

Attorneys for Plaintiff
JUAN CUEVAS

PLAINTIFF'S OPPOSITION TO RULE 12(b)(1)
MOTION TO DISMISS; CASE NO. C07-02814                    8