1 Jack R. Nelson (SBN 111863)
Keith D. Yandell (SBN 233146)
2 REED SMITH LLP
1999 Harrison Street, Suite 2400
3 Oakland, CA 94612-3572

4 **Mailing Address:**
P.O. Box 2084
5 Oakland, CA 94604-2084

6 Telephone:   +1 510 763 2000
  Facsimile:   +1 510 273 8832
7
Attorneys for Defendant World Savings Bank,
8 FSB (erroneously sued as "World Savings, Inc.
dba World Savings Bank FSB")

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN CUEVAS,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ATLAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California corporation, dba ATLAS REALTY, dba ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL, SAMANTHA TREVINO, WORLD SAVINGS, INC., dba WORLD SAVINGS BANK, FSB, and DOES 1 to 100,<br><br>　　　　　　Defendants. | Case No. C07 02814 JF<br><br>**WORLD SAVINGS BANK, FSB'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:　　　　December 14, 2007<br>Time:　　　　9:00 a.m.<br>Place:　　　　Department 3<br>Compl. Filed:　May 30, 2007<br><br>Honorable Jeremy Fogel |

**Table of Contents**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. LEGAL ANALYSIS ...............................................................................................................2

    A. HOLA Preempts Section 1632 As Plaintiff Seeks To Apply It ...................................2

    B. HOLA Preempts Plaintiff's UCL Cause Of Action .....................................................6

    C. Plaintiff's Negligence Claim Is Preempted And, In Any Event, Fails To State A Claim Because World Did Not Owe Plaintiff A Duty ....................................8

    D. Plaintiff's Unjust Enrichment Claim Is Preempted ....................................................12

    E. Injunctive Relief Is Not Available Because Plaintiff Has Not Sought Class Certification ......................................................................................................13

    F. Punitive Damages Are Not An Available Remedy ....................................................13

    G. The Court May Judicially Notice World's Status As A Federally Chartered Bank .........................................................................................................13

    H. Any Attempt By Plaintiff To Amend Would Be Futile .............................................14

        1. Plaintiff Cannot Amend His CLRA Claim To State A Cause Of Action ...............................................................................................................14

        2. Plaintiff Cannot Amend His Other Causes Of Action To State a Claim ................................................................................................................15

III. CONCLUSION .....................................................................................................................15

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

## CASES

Albrecht v. Lund,
   845 F.2d 193 (1988) ..................................................................................................14, 15

Binnetti v. Washington Mut. Bank,
   446 F. Supp. 2d 217 (S.D.N.Y. 2006) ................................................................................12

Gibson v. World Sav. & Loan Ass'n,
   103 Cal. App. 4th 1291 (2002) ...........................................................................................13

Haehl v. Washington Mutual Bank,
   277 F. Supp. 933 (S.D. Ind. 2003) ........................................................................................4

Hussey-Head v. World Savings and Loan,
   111 Cal. App. 4th 773 (2003) .............................................................................................13

In re Ocwen Federal Bank, FSB Mortgage Servicing, MDL 1604, 04C2714,
   2006 WL. 794739 (N.D. Ill. 2006) ............................................................................. passim

In re Ocwen Loan Servicing,
   491 F.3d 638 (7th Cir. 2007) ....................................................................................... passim

In re Textainer Partnership Sec. Litig.,
   2005 WL. 3801596 (N.D. Cal. 2005) .................................................................................10

Leto v. World Savings and Loan Ass'n,
   9 1998 WL. 1784221 (W.D. Tex. 1998) ............................................................................12

Lopez v. World Savings & Loan Assn.,
   105 Cal. App. 4th 729 (2003) ..........................................................................................2, 8

Magnecomp Corp. v. Athene Co.,
   209 CA 3d 526 (1989) ........................................................................................................10

Oklahoma Bankers Assoc. v. Home Sav. & Loan Assoc.,
   625 F. Supp. 993 (1984) .....................................................................................................14

Petersen v. Securities Settlement Corporation,
   226 Cal. App. 3d 1445 (1991) .......................................................................................10, 11

Plata v. Long Beach Mortgage Co., No. C 05-02746 JF,
   2005 WL. 3417375 (N.D. Cal. Dec. 13, 2005) ...................................................................11

Prince-Servance v. BankUnited, FSB,
   2007 U.S. Dist. LEXIS 81774 (N.D. Ill. November 1, 2007) ..................................... passim

Ruiz v. Decision One Mortg. Co., LLC,
   2006 Dist. LEXIS 54571 (N.D. Cal. July 25, 2006) ...........................................................11

Schneider v. Traweek,
   1990 U.S. Dist. LEXIS 15563 (D. Cal. 1990) ..............................................................10, 11

Silvas v. ETrade Mortgage Corporation,
    421 F. Supp. 2d 1315 (S.D. Cal. 2006)............................................................................... passim

Stoneking v Bank of Am., N.A.,
    132 N.M. 79 (2002) ...............................................................................................................12

United States Liability Ins. Co. v. Haidinger-Hayes, Inc.,
    1 Cal. 3d 568 (1970).........................................................................................................10, 11

Van Slyke v. Capital One Bank, No. C 07-00671,
    2007 U.S. Dist. LEXIS 44072 (N.D. Cal. June 7, 2007).........................................................14

Violette v. Shoup,
    16 CA 4th 611 (1993)..............................................................................................................10

**STATUTES**

61 F.R. 50951, 50965-67 (1996)...........................................................................................................5

12 C.F.R. 226.17(a)............................................................................................................................8, 9

12 C.F.R. § 226.23(b)(1).........................................................................................................................8

12 C.F.R. 560.2(c)........................................................................................................................ passim

12 C.F.R. § 563.27..................................................................................................................................7

Cal. Civ. Code § 2300....................................................................................................................10, 11

Cal. Civ. Code § 2998...........................................................................................................................10

Cal. Civ. Code § 2999...........................................................................................................................10

Cal. Civ. Code § 1632....................................................................................................................1, 2, 4

Cal. Civ. Code §1632(k).........................................................................................................................5

# I. INTRODUCTION

Plaintiff argues for a series of impermissible results. First, he contends that the State of California may require a federally chartered bank to provide loan-related disclosures in foreign languages via California Civil Code Section 1632. Such an outcome would be contrary to both statutory and caselaw holding that states may not, even under the guise of a generally applicable law, regulate the mortgage disclosures of federally chartered bank. Moreover, requiring lenders to provide different disclosures for each state (as would be the case in California versus other states if Section 1632 applied here) defeats the Home Owners' Loan Act's [12 U.S.C. § 1461 *et seq.* ("HOLA")] stated goal of national uniformity over the regulation of the lending activities of federal savings banks.

Second, Plaintiff seeks to use California Business and Professions Code Section 17200 *et seq.* ("UCL") to enforce alleged federal Truth in Lending Act ("TILA") violations. Further, pursuant to the UCL, Plaintiff seeks an injunction regulating Defendant World Savings Bank, FSB's ("World") lending activities. Controlling caselaw and the Office of Thrift Supervision ("OTS") forbid such use of state laws to supplement TILA. In any event, Plaintiff is not entitled to injunctive relief regarding the general lending activities of World under the UCL because he has not pled the requisite class certification requirements. (Plaintiff's disingenuous claim that he seeks such relief only as an aggrieved individual must be swept aside, for it is clear that what Plaintiff demands is not an injunction affecting strictly his own dealings with World, but in fact one that would control the whole of World's lending business.) Once again, this state law claim is preempted by HOLA and, therefore, should be dismissed.

Third, Plaintiff contends that he may rely on contradictory and boilerplate allegations of agency to impute his mortgage brokers' duty and conduct to World. Plaintiff had no extra-contractual relationship or communications with World, and Plaintiff unequivocally admits that he never believed that World was represented by the broker defendants. Caselaw holds that boilerplate

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

allegations of agency are insufficient to allege conspiracy and/or agency in the face of such facts. Plaintiff cannot retroactively create a presumption of agency when he admits there was none before. Therefore, Plaintiff's claims for negligence, unjust enrichment and punitive damages fail. In any event, HOLA preempts these state law claims as well because Plaintiff seeks to apply them to regulate World's loan marketing and disclosure activities.

Finally, Plaintiff seeks to avoid inevitable preemption by arguing: 1) that the Court cannot properly judicially notice World's status as a federally chartered bank –even though Plaintiff himself elected to name World as a defendant using the legally recognizable "FSB," or federal savings bank, designation, and although there is no possibility that World is not such an entity; and that, in any event, 2) the Court should grant leave to amend. First, courts routinely judicially notice a bank's federally chartered status. Judicially noticing such a readily verifiable fact is undeniably proper. Second, Plaintiff should not be granted leave to (again) amend, because he cannot plead any facts that would cure the legal defects in his First Amended Complaint ("FAC").

## II.   LEGAL ANALYSIS

### A.   HOLA Preempts Section 1632 As Plaintiff Seeks To Apply It

Plaintiff seeks to use California Civil Code section 1632 to require federally chartered banks to include mortgage disclosures in foreign languages. Plaintiff contends that "pertinent authority establishes that state statutes directed generally to commercial transactions, like Section 1632, are not preempted by HOLA." Opp. at 7:3-4. This is simply not the law.

HOLA and associated caselaw unequivocally hold that state laws, even laws of general applicability, are preempted *when those laws are used in an attempt to regulate the mortgage disclosures of a federally chartered bank.* Lopez v. World Savings & Loan Assn., 105 Cal. App. 4th 729, 741 (2003); In re Ocwen Loan Servicing, 491 F.3d 638, 643-45 (7th Cir. 2007).

1  In support of his argument that HOLA does not preempt state common law claims and claims of

2  general applicability, Plaintiff inexplicably cites In re Ocwen Federal Bank, FSB Mortgage

3  Servicing, MDL 1604, 04C2714, 2006 WL 794739, *1 (N.D. Ill. 2006). See Opp. at 16:14-15. Not

4  only is Ocwen no longer good law for the proposition cited, its progeny mandate a finding of

5  preemption here. The Seventh Circuit reviewed the decision Plaintiff cites and found that HOLA

6  preempted many of the generally applicable state statutes and common law claims in the complaint.

7  In re Ocwen Loan Servicing, 491 F.3d at 648 ("Some of the charges are, pretty clearly, even

8  certainly preempted, as we have tried to indicate.") Noting the importance of construing 12 C.F.R.

9  560.2(c) narrowly, the Court provided the following guidance to those analyzing preemption:

> "The list in subsection (c) is long and the categories it covers – contract and commercial law, tort law, and so forth – are very broad. It would not do to let the broad standards characteristics of such fields morph into a scheme of state regulation of federal S&Ls. Hence the statement in subsection (c) that state laws escape preemption only 'to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section.'"
>
> Id. at 643.

16  In remanding, the Seventh Circuit explicitly recognized that plaintiffs' UCL claim was likely

17  preempted because the activity Plaintiff sought to regulate could interfere with federal regulation of

18  "disclosure, fees, and credit terms." Id. at 646. In sum, the Court made clear that HOLA preempts

19  state statutes and common law claims when a plaintiff uses those laws in an attempt to regulate

20  lending activities of a federally chartered bank.

22  Relying on Ocwen, another federal district court, in Prince-Servance v. BankUnited,

23  FSB, 2007 U.S. Dist. LEXIS 81774 (N.D. Ill. November 1, 2007), recently confirmed this point.

24  There, the plaintiff sued her broker and lender for, among other things, breach of fiduciary duty and

25  violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"). Id. at *7. In

26  response to defendant bank's motion to dismiss, plaintiff claimed that HOLA did not preempt laws

27  of general applicability. Id. at *12. In rejecting this argument as a misstatement of the law, the court

28  stated, "It is clear from the language of the regulation and subsequent caselaw that *to the extent* a

generally applicable law interferes with a federal savings association's lending activity it is preempted." Id. (emphasis added.) Further, the court confirmed that if a state law regulates any of the activity outlined in 560.2(b), "it is preempted and no further analysis is needed." Id. at *11. In cases where further examination is required, the court emphasized that, when examining a state law to see if it fits into 12 CFR 560.2(c)'s narrow exceptions, "any doubt should be resolved in favor of preemption." Id. at *12. Moreover, after noting that loan-related disclosures are exclusively within the purview of TILA, the court held that HOLA preempted plaintiff's claims for breach of fiduciary duty and violation of the state's consumer protection statute. Id. at *14. To hold otherwise, the court reasoned, would be to create a "hodgepodege of state regulations,"[1] exactly what the OTS was attempting to prevent through preemption. Id. citing, Haehl v. Washington Mutual Bank, 277 F. Supp. 933, 942 (S.D. Ind. 2003).

In re Ocwen and Prince make clear that in analyzing HOLA preemption with respect to a law of general application, the question is whether the law *as it purportedly is being applied* "interferes with a federal savings association's lending activity," not whether the law as written purports to cover such activity. The former test ferrets out exactly what the OTS is concerned about, which is a state law that is designed to look like a law of general application, but in fact aims at regulating the relationship between a borrower and a lender. Prince, 2007 U.S. Dist. LEXIS 81774 at *12. The latter test, on the other hand, is meaningless; it would never result in a law of general application being preempted no matter what actual affects it might have.

Applying Prince and In re Ocwen to the present case, it is clear that HOLA preempts Section 1632 as Plaintiff seeks to apply it. First, it is undisputed that Plaintiff attempts to use Section 1632 to require lenders to include disclosures in specific languages. This is a substantive

---

[1] This is a reference to the OTS' long-held position that "federal lending law and regulations occupy the entire field of lending regulation for federal savings associations" in order to avoid a "hodgepodge of conflicting and overlapping state lending requirements" that would be inefficient and slightly burden the associations' ability to create nationally uniform lending practices. Id. at *8-9 citing 61 FR 50951, 50965 (1996).

requirement, the importance of which is emphasized by the "penalty" for a savings bank's failure to comply – a complete subsequent unwinding of the loan transaction. See Civ. Code §1632(k). Thus, the statute seeks to regulate lending disclosures and no further analysis is necessary; the statute is preempted. See Prince, 2007 U.S. Dist. LEXIS 81774 at *11-12, citing 61 Fed. Reg. 50951, 50965-67 (1996).

At a minimum, the law's effect on lending disclosures creates a presumption of preemption. Id. "The presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is to be interpreted narrowly." Id. Just as HOLA preempted plaintiff's claims based on generally applicable laws (IFCA and breach of fiduciary duty) in Prince, HOLA preempts Plaintiff's Section 1632 claim here even though the law applies to businesses other than lenders. Per the court's reasoning in Prince, loan-related disclosures are wholly within the purview of TILA, and any attempt by a state to regulate disclosures must fail. Id. at *14. Any other holding would create a "hodgepodge" of requirements, varying from state to state, regarding the form and content of mortgage-related disclosures. Id.

Plaintiff's argument that Section 1632 does not regulate the "content" of a disclosure, but only its "communication" [Opp. at 6:9-13 and 8:17 and n 1], misses the point entirely. By Plaintiff's logic, each of the fifty states would be free to regulate all manner of communication of loan disclosures, whether by dictating font size or color, placement within in a promissory note or deed of trust, requiring special addenda or one or more separate disclosures, mandating the number of times the disclosure is made or even legislating the medium of communication to be used (oral, written, written supplemented by oral or the use of red, white or blue paper, etc.), all so long as the actual "content" of the disclosure is not dictated. And apparently it does not bother Plaintiffs that the states can also impose the ultimate draconian penalty on the federal savings bank - rescission – for failing to strictly follow fifty or more such idiosyncratic requirements, just so long as the requirements are "agnostic to the terms of the contract." But this would expose federal savings banks to an endless variety of possible regulations, and is precisely the scenario that HOLA was

designed to avoid.

Neither does it help Plaintiff to argue that Section 1632 (or any other state law-based requirement for a communication that is intended to "help" make sure that a borrower is aware of and understands what they are signing) is "in harmony with the HOLA statutes and regulations." Opp. at 6:13-16. Avoiding well-meaning, but likely widely varying, "assistance" from the states to HOLA is exactly why the OTS chose to occupy the field of lending regulation. In any event, any state law, such as Section 1632, that would permit rescission of a federal saving's bank-issued loan for transgressions other than those enumerated in TILA is not "in harmony" with HOLA.

Plaintiff's Second Cause of Action should be dismissed, with prejudice.

### B.    HOLA Preempts Plaintiff's UCL Cause Of Action

Plaintiff offers three arguments why the UCL is not preempted as he seeks to apply it to World. First, he contends his Section 1632 claim gives rise to a valid UCL claim. As outlined above, Plaintiff's 1632 claim is preempted. Thus, the portion of Plaintiff's complaint seeking relief under the UCL for World's alleged 1632 violation should be stricken.

Second, despite caselaw with a directly contrary holding, Plaintiff asserts that TILA violations may serve as "predicates for a Section 17200 claim because Mr. Cuevas does not seek to enforce TILA in any way that is different from the remedies accorded by the statute itself." Opp. at 12:16-18. But Plaintiff ignores Silvas' plain language stating, "the OTS has concluded that state laws are preempted by HOLA even if they do no more than copy TILA's requirements." Silvas v. E*Trade Mortgage Corporation, 421 F. Supp. 2d 1315, 1319, fn 2 (S.D. Cal. 2006). Plaintiff's assertion is also factually inaccurate. Plaintiff seeks injunctive relief as part of his UCL claim, a remedy not available under TILA. See FAC ¶ 81; see also Opp. at 17:4-5. Thus, even under Plaintiff's flawed interpretation of Silvas, 421 F. Supp. 2d 1317, his UCL claim fails because it seeks

to supplement TILA's exclusive remedies. Therefore, Plaintiff's allegation that he is entitled to relief under the UCL based on World's alleged TILA violations should also be stricken.

Third, Plaintiff offers four "factual" allegations to support his UCL claim. However, these allegations are thinly veiled TILA claims and, thus, HOLA preempts them. The OTS confirms that HOLA preempts the UCL as it applies to disclosures of federally chartered banks. See Opinion Letter by Chief Counsel Carolyn J. Buck, at 15, 17-18 (Mar. 10 1999) ("Mar. 10 Opinion Letter") (attached to Supplemental Request for Judicial Notice as Exhibit 1); see also, In re Ocwen, 491 F.3d at 646 (confirming that HOLA preempts the UCL when a plaintiff attempts to use the statute to regulate lending disclosures). Relying on 12 C.F.R. Section 560.2 and examples cited therein, the OTS concluded that HOLA preempts application of the broad provisions of UCL, including the use of the terms "unfair" and "fraudulent," in a manner that would apply to federally chartered loan associations' disclosures. Id. In so concluding, the OTS relies on a California appellate opinion where the court held that UCL claims based on fraud and misrepresentation were preempted by 12 C.F.R. § 563.27. See Mar. 10 Opinion Letter at 15 fn 69.

Plaintiff implicitly concedes that his allegations in ¶ 78(a) and (c) of the FAC cannot serve as the basis for a valid UCL cause of action. See Opp 13:10-12. Thus, these portions of the Complaint should also be stricken.

Finally, in a futile attempt to salvage his UCL claim, Plaintiff relies solely on his allegations that Atlas, Trevino and Silbernagel – not World - misrepresented the terms of the loan and that "someone" falsified his signature on the notice of right to cancel. See FAC ¶ 78 (b) and (d). Nowhere in his Complaint or his Opposition does Plaintiff explain how World misrepresented the terms of the loan. Indeed, Plaintiff does not even name World as a defendant in his causes of action for negligent misrepresentation or fraud. Plaintiff instead challenges the adequacy of World's disclosures setting forth the terms of the loan. But HOLA explicitly preempts any state law

purporting to govern the content of a federally chartered bank's mortgage disclosures.2  12 C.F.R. § 560.2; <u>See</u> also <u>Lopez v. World Savings & Loan Assn.</u>, 105 Cal. App. 4th 741; <u>In re Ocwen</u>, 491 F.3d at 646; <u>Prince</u>, 2007 U.S. Dist. LEXIS 81774 at *11-12; Mar. 10 Opinion Letter at 15 fn 69 (certain UCL claims based on fraud and misrepresentation are preempted by 12 C.F.R. §563.27). Thus, Plaintiff's UCL cause of action based on World's alleged fraud should be stricken.

Similarly, Plaintiff's allegation that "Defendants" forged his initials and made handwritten changes on the Notice of Right to Cancel required by 12 C.F.R. § 226.23(b)(1) is an improper attempt to supplement TILA's necessarily exclusive remedies for failure to provide proper Notice of Right to Cancel.  Notably, the Notice of Right to cancel is not a contract and need not be signed.  <u>See</u> 12 C.F.R. 226.17(a) fn 37.  Instead, it is a lending disclosure specifically required by Regulation Z.  <u>See</u> 12 C.F.R. 226.23(b)(1).  Regulation Z necessarily provides the *exclusive* remedy for failing to provide adequate Notice of a Right to Cancel.  It also governs the ability of a bank to change the Notice of Right to Cancel.  <u>See</u> 12 C.F.R.226.23(b)(2).  Again, HOLA preempts application of state laws seeking to govern such disclosures.  12 C.F.R. § 560.2; <u>See</u> also <u>Lopez v. World Savings & Loan Assn.</u>, 105 Cal. App. 4th 741; <u>Prince</u>, 2007 U.S. Dist. LEXIS 81774 at *11-12.  Thus, ¶ 78(d) of Plaintiff's FAC should be stricken as well.

**C.     Plaintiff's Negligence Claim Is Preempted And, In Any Event, Fails To State A Claim Because World Did Not Owe Plaintiff A Duty**

Plaintiff's negligence claim against World is similarly preempted.  First Plaintiff seeks to rely on World's alleged TILA and Section 1632 violations as the basis for his negligence claim.  As outlined above, even generally applicable statutes and common-law causes of action are preempted when they are used to regulate a federally chartered bank's lending activities.  <u>Silvas v.</u>

---

2 To the extent Plaintiff for some reason seeks to include impute Trevino's alleged misrepresentation/fraud to World here, after omitting it from Plaintiff's causes of action for misrepresentation, his claim also fails because Trevino was not World's agent as a matter of law.  See agency/conspiracy discussion below.  In any event, as the Court in <u>In re Ocwen</u> noted, Plaintiff's claim of fraud regarding the terms of the loan fails to state a claim because "how can the material terms of the loan be concealed when they are set forth in the loan documents?"  491 F.3d at 645.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  E*Trade Mortgage Corporation, 421 F. Supp. 2d 1317; see also Prince, 2007 U.S. Dist. LEXIS
2  81774 at *11-12; Mar. 10 OTS Letter at 15.  Just as the plaintiff in Silvas could not employ the UCL
3  to supplement TILA, neither can Plaintiff rely on a TILA violation to give rise to a common law
4  negligence claim.  Similarly, Plaintiff may not resurrect his preempted section 1632 by couching it
5  as "negligence per se."  Thus, the statutory violations Plaintiff alleges are insufficient to support a
6  cause of action for negligence and such allegations should be stricken.

8  Plaintiff further seeks to state a negligence claim by alleging that "Defendants"
9  breached their duties of care "in performing their mortgage brokering and lending services by":

a) failing to explain the terms of the refinance transaction and loan agreement

b) failing to ensure that Mr. Cuevas understood the terms of the transaction and loan agreement

c) failing to provide a translation of the loan documents in Spanish

d) failing to submit truthful financial information and confirm the accuracy of such information

e) failing to provide Mr. Cuevas with signed accurate copies of the Right to Cancel Notice

See FAC ¶ 84.

19  None of the above is sufficient to state a claim for negligence against World.
20 Allegation "c" merely restates Plaintiff's 1632 cause of action while "e" is an alleged TILA
21 violation.  As outlined above, these "facts" cannot serve as the basis of a valid negligence claim
22 because HOLA would preempt such application.  Similarly, allegations "a" and "b" seek to
23 improperly regulate World's lending activities.  TILA specifically outlines a lender's duty to
24 disclose the terms of a loan.  See 12 C.F.R. § 226.17 et seq.  State law (including common law)
25 cannot impose alternative requirements.  See Silvas, 421 F. Supp. 2d 1317; Mar. 10 OTS Letter at 15
26 fn 69; Prince, 2007 U.S. Dist. LEXIS 81774 at *11-12.  Finally, Plaintiff's allegation in "e" is
27 another improper attempt to regulate World's lending activities.  Specifically, Plaintiff seeks to
28 require the federally chartered bank to verify a potential borrower's financial information submitted

to it and only disburse funds if such information is accurate. Deciding to whom to lend is the most fundamental of lending activities. Any attempt to employ state law as part of an effort to regulate such lending activities must fail. In re Ocwen, 491 F.3d at 646.

In any event, World did not owe Plaintiff a duty of care. Any attempt to impute Trevino's duty to World necessarily fails because Plaintiff cannot rely on his generic agency allegations to salvage his defective claims. California law does not recognize creation of a duty by generic allegations of agency. United States Liability Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal. 3d 568, 594-595 (1970); see also In re Textainer Partnership Sec. Litig., 2005 WL 3801596 *16 (N.D. Cal. 2005) (dismissing claims for aiding and abetting because plaintiff's allegations were "conclusory in nature"). Similarly, conclusory allegations of conspiracy are insufficient to withstand a motion to dismiss. Schneider v. Traweek, 1990 U.S. Dist. LEXIS 15563 *23 (D. Cal. 1990).

In his FAC and Opposition, Plaintiff often confuses the terms "conspiracy" and "agency." In California, agency is actual or ostensible. Cal. Civ. Code § 2998. Actual agency requires the agent be employed by the principal. Cal. Civ. Code § 2999. Ostensible agency "must be based upon acts or declarations of the principal and not on the conduct or representations of the alleged agent." Petersen v. Securities Settlement Corporation, 226 Cal. App. 3d 1445 (1991) (granting demurrer for failure to adequately allege agency); see also Cal. Civ. Code § 2300. Further, an allegation of ostensible agency necessarily requires that the plaintiff plead that he actually believed that the alleged agent had authority to act on behalf of the principal. Id. Neither agency relationship can exist unless the principal exercises some power or control over the alleged agent. Violette v. Shoup, 16 CA 4th 611, 619 (1993). When the facts are not disputed, agency is a question of law. Magnecomp Corp. v. Athene Co., 209 CA 3d 526, 536 (1989).

Plaintiff's FAC is devoid of any meaningful factual allegations necessary to support its agency claim against World. Rather than setting forth facts, Plaintiff offers only a boilerplate and internally inconsistent allegation of agency ("each of the Defendants was the agent, servant and/or

1  employee of each other defendant."). FAC ¶ 7. Per Haidinger, such generic allegations are

2  insufficient to plead actual agency or impute a duty to World. Haidinger-Hayes, Inc., 1 Cal. 3d 594-

3  595. Neither can Plaintiff plead ostensible agency. He concedes that he believed that Trevino was

4  acting on his behalf and *not* World's. FAC ¶ 23. California law confirms that Plaintiff's assumption

5  was correct. Ruiz v. Decision One Mortg. Co., LLC, 2006 Dist. LEXIS 54571 at *3 (N.D. Cal. July

6  25, 2006) ("California courts have held that, in general, there is no duty of care owed to a borrower

7  by a lender"); Plata v. Long Beach Mortgage Co., No. C 05-02746 JF, 2005 WL 3417375, at *6

8  (N.D. Cal. Dec. 13, 2005) ("In California, generally, there is no duty of care owed to a borrower by a

9  lender"). Because he admits never believing that Trevino acted on behalf of World, Plaintiff's

10 (ostensible) agency allegation also fails. Petersen, 226 Cal. App. 3d 1445; see also Cal. Civ. Code §

11 2300.

13  Subsequently, Plaintiff confirms that World did not misrepresent any material fact.

14 He alleges, "Trevino who made the misrepresentations herein alleged was the sales person and

15 therefore the agent and employee of Defendants Silbernagel and Atlas…" Id. at ¶ 39. Notably,

16 Plaintiff contradicts his boilerplate agency allegation here by correctly failing to contend that

17 Trevino was World's employee. Instead, in a blatant effort to find "deep pockets," Plaintiff offers

18 another generic allegation - "Defendant World Savings Bank conspired with co-Defendants to make

19 such misrepresentations in order to induce Mr. Cuevas to enter into the ruinous transaction." Id. at

20 40. Nowhere in the FAC, however, does Plaintiff allege what acts World undertook to "conspire"

21 with co-Defendants. Such allegations are a far cry from the affirmative conduct necessary to

22 establish a conspiracy. See Schneider, 1990 U.S. Dist. LEXIS 15563 *23. Plaintiff's conclusory

23 allegations mimicking the legal standards necessary to state a claim for agency or conspiracy are

24 simply insufficient. Id. Consequently, Plaintiff's claims based solely on this flawed attempt to

25 impute Trevino's conduct to World necessarily fail.

### D. Plaintiff's Unjust Enrichment Claim Is Preempted

Like his arguments regarding other state law causes of action, Plaintiff's contentions regarding his unjust enrichment claim miss the point. As the court in Prince explained, a plaintiff may not use a common law cause of action to regulate a bank in a way that would be impermissible if that law were codified. Mar. 10 OTS Letter at 15 fn 69; Stoneking v Bank of Am., N.A., 132 N.M. 79 (2002) (upholding demurrer of various actions, including unjust enrichment, because HOLA preempted those claims). The cases Plaintiff cites only underscore this principle. See Binnetti v. Washington Mut. Bank, 446 F. Supp. 2d 217, 219 (S.D.N.Y. 2006) (unjust enrichment claim in conjunction with breach of contract and consumer fraud causes of action not preempted because the state laws, *as applied*, did not have more than an incidental effect on lending activities); In re Ocwen Federal Bank, FSB Mortgage Servicing, MDL 1604, 04C2714, 2006 WL 794739, *1 (N.D. Ill. 2006) (holding rejected by the Seventh Circuit which remanded based on finding that preemption "certainly" barred many of plaintiffs' common law claims)[3]; Leto v. World Savings and Loan Ass'n, 98CA02610G, 1998 WL 1784221, (W.D. Tex. 1998) (holding only that plaintiff's claim did not raise a federal question warranting removal, and noting that preemption may still bar his unjust enrichment claim to the extent it more than incidentally affects the lending operations of defendant bank). Here, Plaintiff has no cause of action for breach of contract and instead bases his unjust enrichment claim on World's alleged negligence and fraud[4]. Opp. 16:7-8. As outlined above, HOLA preempts those claims because they employ the common law in a manner that would more than incidentally affect lending activities. Plaintiff's unjust enrichment claim therefore fails.

---

[3] In re Ocwen, 491 F.3d at 648.

[4] Again, Plaintiff seeks to hold World accountable for fraud despite failing to identify a single allegedly fraudulent act committed by World. Plaintiff does not even include World in his causes of action for fraud and negligent misrepresentation. Also, Plaintiff has failed to adequately allege fraud. See fn 2, supra.

### E. Injunctive Relief Is Not Available Because Plaintiff Has Not Sought Class Certification

Plaintiff's argument that he is not pursuing a "representative" claim and, therefore, may seek injunctive relief is nonsensical. Plaintiff attempts to enjoin World "from continuing to engage in unfair competition as defined in [the UCL] *and similar statutes of sister-states*." FAC ¶ 81 (emphasis added). It is difficult to understand how an injunction applying to World's behavior in other states is anything but a "representative" action. Plaintiff has no standing to challenge World's acts in other states. Thus, even under his flawed reading of the UCL, Plaintiff would only be entitled to an injunction prohibiting World's unfair business practices as they relate to Plaintiff.

### F. Punitive Damages Are Not An Available Remedy

Plaintiff concedes that the only basis for his prayer for punitive damages against World is the allegedly fraudulent conduct of Atlas Realty, Alvin Silbernagel and Samantha Trevino. Opp. 16:21-23. As outlined above, World is not responsible for these parties' acts as a matter of law and Plaintiffs' prayer for punitive damages necessarily fails.

### G. The Court May Judicially Notice World's Status As A Federally Chartered Bank

Plaintiff asks that this court ignore World's status as federally chartered bank. Opp. 4:24-5:12. Notably, Plaintiff does not and cannot dispute World's status, but instead claims the bank's certificate of corporate existence issued a month prior to the consummation of the underlying transaction is insufficient to support the proposition that World has been federally chartered at all relevant times. Opp. 4:24-5:12. Courts routinely recognize the federally chartered status of a bank as part of a motion dismiss. See, e.g., Silvas, 421 F. Supp. 2d 1317. Indeed, Plaintiffs cite at least two cases where World's status as a federally chartered bank was recognized. See Opp. 7:13-19, citing Hussey-Head v. World Savings and Loan, 111 Cal. App. 4th 773, 782 (2003); Gibson v. World Sav. & Loan Ass'n, 103 Cal. App. 4th 1291 (2002). World's status is readily verifiable by a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 referring to multiple sources of indisputable accuracy including its certificate of corporate existence

2 (issued a month before the disputed transaction) as well as the OTS' website.  See

3 http://www.ots.treas.gov/instsql/search-form.cfm?catNumber=70&firstview=1.  In the interest of

4 narrowing the issues presented by Plaintiff's FAC, the Court should notice the World's indisputable

5 status as a federally chartered bank.

**H.    Any Attempt By Plaintiff To Amend Would Be Futile**

    **1.    Plaintiff Cannot Amend His CLRA Claim To State A Cause Of Action**

Acknowledging he failed to state a cause of action under California Civil Code Section 1770 *et seq.* ("CLRA"), Plaintiff asks the Court for leave to amend this claim.  As Plaintiff necessarily recognizes, if amendment of his complaint would be futile, leave to amend should be denied.  Albrecht v. Lund, 845 F.2d 193 (1988).  Tellingly, Plaintiff offers no explanation as to why allowing him to attempt to cure the defects inherent in his CLRA cause of action would not be futile.  Plaintiff can not plead around the fact that the transaction at issue is a loan and that the CLRA does not apply to loans.  Van Slyke v. Capital One Bank, No. C 07-00671, 2007 U.S. Dist. LEXIS 44072 (N.D. Cal. June 7, 2007).  Similarly, Plaintiff cannot rectify the defects in his CLRA cause of action because HOLA preempts state law causes of action grounded in allegedly fraudulent advertising practices.  Oklahoma Bankers Assoc. v. Home Sav. & Loan Assoc., 625 F. Supp. 993, 997 (1984); Mar. 10 OTS Letter at 15.  Moreover, allowing Plaintiff to amend his CLRA claim would prejudice World because it would have to file another motion to dismiss addressing issues that properly should have been litigated and decided here, namely the applicability of the CLRA to extensions of credit and whether the HOLA preempts the CLRA as applied.  Because Plaintiff cannot avoid either of these fatal flaws with amendment, the Court should deny Plaintiff's request for leave to amend his CLRA claim.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 07 02814 JF    – 14 –    DOCSOAK-9891573.3
WORLD SAVINGS BANK, FSB'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### 2. Plaintiff Cannot Amend His Other Causes Of Action To State a Claim

Plaintiff's opposition concludes with a request for leave to amend any deficient claim. Leave to amend should not be granted here because Plaintiff can plead no facts salvaging his inherently flawed claims. Albrecht v. Lund, 845 F.2d 193 (1988).

### III. CONCLUSION

Plaintiff's state law claims should be dismissed as to World because his FAC fails to state facts under which relief may be granted. Nothing in Plaintiff's FAC or Opposition dictates a contrary result.

DATED: November 30, 2007.

REED SMITH LLP

By /s/ Keith D. Yandell
Jack R. Nelson
Keith D. Yandell
Attorneys for Defendant World Savings Bank, FSB
(erroneously sued as "World Savings, Inc. dba World Savings Bank FSB")