Mark C. Carlson, Esq., [SBN 166195]
**CARLSON LAW GROUP, INC.**
6345 Balboa Boulevard, Suite 257
Encino, California 91316
Telephone No.: (818) 996-7800
Facsimile No.: (818) 345-1265
mcc@carlsonlawgroup.com

Attorney for Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO

## UNITED STATES DISTRICT COURT

## NORTHEAST DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| JUAN CUEVAS,<br><br>    Plaintiff,<br><br>vs.<br><br>ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California corporation, D/B/A ATLAS REATY, D/B/A ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL, SAMANTHA TREVINO, WORLD SAVINGS, INC., D/B/A WORLD SAVINGS BANK, FSB, and DOES 1 through 100 inclusive<br><br>    Defendants. | Case No.: 5:07-cv-02814(JF)<br><br>Complaint Filed: 05/30/2007<br><br>Assigned to: Hon. Jeremy Fogel<br>Referred to: Magistrate Judge Patricia V. Trumbull<br>Courtroom: 3 – Fifth Floor<br><br>**DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: 12/14/2007<br>Time: 9:00 a.m.<br>Courtroom 3: 5th Floor |

    Defendants, Alvin C. Silbernagel D/B/A Altas Realty D/B/A Atlas Financial Services, Alvin Silbernagel and Samantha Trevino's submit the following reply in support of their Motion to Dismiss.

/////

---

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S REPLY IN SUPPORT OF MOTION TO DISMISS

1

## I. THE FACTUAL BACKGROUND IN PLAINTIFF'S OPPOSITION PAPERS AFFIRM WHY THIS COURT SHOULD DISMISS FOR LACK OF FEDERAL JURISDICTION

This entire case arises out of Plaintiff's dissatisfaction with the terms of his new loan upon his refinancing of his home loan. The factual background in Plaintiff's opposition to the motion to dismiss for lack of jurisdiction demonstrates that this case does not arise under federal law.

Plaintiff's causes of action arise out of his contention that the loan he bargained for to refinance his home is not the one he received. Plaintiff has carefully worded the facts to allege that Defendants made a date change, "unbeknownst" to Plaintiff of course, on loan documents to make sure the paperwork reflected that the *Truth in Lending Act* (TILA) had been complied with.

But this is a red herring, intended to confuse the Court and twist the facts to give the illusion that any alleged TILA violations are related to, or have any impact on, any of the alleged damages Plaintiff claims he suffered.

Plaintiff indisputably signed the Notice of Right to Cancel, documents on May 31, 2006 as he says in his *Opposition* page 4, lines 1-2. This of course is when Plaintiff received actual notice of the right to cancel his pending loan. If Plaintiff signed the documents on May 31, 2006, then it makes sense that the documents would reflect an effective date of May 31, 2006 and not June 2, 2006. Plaintiff then alleges the expiration date to cancel was changed from June 6, 2006 to June 3, 2006; June 3, 2006 reflects the accurate date on which Plaintiff had to cancel the loan and June 6, 2006 reflects the date Plaintiff received his loan. Inexplicably Plaintiff attaches significance to the allegation that funds were disbursed to him on June 6, 2006 more than nine hours prior to Plaintiff's "right to cancel as noticed," *Opposition* page 4, line 9, implying that these final nine hours or so have an impact on the remainder of Plaintiff's claim but without stating what the significance is. This is because it is insignificant and if it were relevant Plaintiff would offer some reason why. In fact the sequence of events above has no

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S REPLY IN SUPPORT OF MOTION TO DISMISS

2

relationship to any of the alleged harm suffered by Plaintiff.

In no way does Plaintiff allege he ever tried to cancel the loan but was told his time had expired. Even if, *arguendo*, Plaintiff was led to believe or even reasonably believed he had until June 6, 2006 to cancel the loan, that would have no impact on this case since Plaintiff admittedly took no action and attempted to do nothing after signing the documents on May 31, 2006 to cancel the loan. The gravaman of Plaintiff's claim has nothing to do with his three-day right to cancel his loan or that any alleged changing of dates caused him any harm, and he even admits to signing the Notice of Right to Cancel documents on May, 31, 2006.

The above factual summary comprises all elements Plaintiff alleges give rise to federal jurisdiction. As stated in the moving papers, this non-colorable count for TILA violations is a clear example of a plaintiff attempting to concoct a way to get federal court jurisdiction when no such jurisdiction is appropriate. The analysis would only be different if Plaintiff were to say he attempted to cancel the loan sometime between May 31, 2006 and June 6, 2006 and that such an attempt had been rejected. But this is not what happened and Plaintiff does not allege it did, making the part of his claim that includes TILA violations non-colorable as required and discussed in the moving papers. For Plaintiff to respond to this argument in his Opposition, page 6, line 13 by merely calling this argument "absurd" sheds no new light on the matter and refutes nothing. Ironically, the entirety of Plaintiff's TILA count is that the dates on the Notice of Right to Cancel documents were changed to reflect the accurate dates that applied. Plaintiff does not even allege the changing of these dates harmed him in any way.

Instead this claim is only about Plaintiff claiming the terms of the loan he received are not what he alleges he bargained for. In his *Opposition*, page 4, lines 11-14, Plaintiff says he only learned the loan was not what he bargained for soon after receiving his first loan statement, which was well after he received the loan on June 6, 2006. This fact reinforces the position that at no time before June 6, 2006

did Plaintiff do anything to try to cancel his loan and that any allegations of any defendant changing dates has no relationship to any harm allegedly suffered by Plaintiff. Perhaps this underscores Plaintiff's inability to accept the fact that his TILA count arises out of the same common nucleus of operative facts as his other counts.

To summarize the foregoing in Plaintiff's terms regarding the TILA count, "the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Env. Study Group* (1978) 438 U.S. 59, 70; *Bollard v. Cal. Province of the Soc'y of Jesus* (1999) 196 F.3d 940, 951. Aside from TILA violations, the rest of Plaintiff's claim is nothing more than common law counts and allegations of California state law violations that by themselves have no prayer for federal jurisdiction.

## II. A VIOLATION OF THE FEDERAL TRUTH IN LENDING ACT DOES NOT AUTOMATICALLY TRIGGER FEDERAL QUESTION JURISDICTION

As stated in the moving papers, federal courts presumptively are without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, supra, 511 US at 377, 114 S.Ct. at 1677.

To determine whether this claim actually "arises under" federal law, this Court should deploy the "well-pleaded complaint" rule by looking solely at those allegations of Plaintiff's First Amended Complaint that are essential to the claim. *See Taylor v. Anderson* (1914) 234 US 74, 75-76, 34 S.Ct. 724, 724-725; *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc*. (2002) 535 US 826, 830, 122 S.Ct. 1889, 1893; *Gully v. First National Bank* (1936) 299 US 109, 112, 57 S.Ct. 96, 97.

Plaintiff would have this Court believe these cases do not apply to the present case, but the principal of the well-pleaded complaint is universal: in this case by looking at the claim as a whole and examining the miniscule portions that Plaintiff has blown out of proportion in his efforts to get federal

jurisdiction the Court can see the claim has no business in federal court and Plaintiff has not furnished facts stating why it should be.

Plaintiff's claim comprises nine (9) causes of action against Defendants. Only the one cause of action for an alleged TILA violation even tangentially relates to federal law, and as discussed above any alleged violations are irrelevant to the actions giving rise to Plaintiff's claim. Since Plaintiff has based this Court's subject matter jurisdiction solely on its allegation that there were TILA violations, this Court must find a factual basis offered by Plaintiff for it to exercise federal jurisdiction.

Taking a look at Plaintiff's *Opposition*, Plaintiff concludes several different ways there is federal jurisdiction but gives no facts supporting these conclusions. Starting with the *Opposition* page 5, lines 2-3, Plaintiff says "The Court Has Subject Matter Jurisdiction Over This Action Because Plaintiff's First Claim for Relief Arises Under The Federal Truth In Lending Act."

As discussed in the moving papers, the TILA provision that "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction," 15 U.S.C., section 1601 at 1640(e), means, just like any other federal law violation, that the mere assertion of a TILA violation only touches upon the possibility of federal subject matter jurisdiction, but neither requires nor favors it. Inexplicably Plaintiff would have this Court believe 15 U.S.C. 1640(e) *requires* this Court to exert jurisdiction in this case; in fact only Plaintiff fails to understand there is no mandatory jurisdiction present here.

Plaintiffs remaining "arguments" for federal jurisdiction comprise the following: "The basis for the Court's original jurisdiction over this action is beyond contest," *Opposition* page 5, line 4; "The Court, without question, has jurisdiction over this action," *Opposition* page 5, line 8; "Mr. Cuevas has stated a valid TILA claim and therefore the Court is required to exercise jurisdiction over that claim," *Opposition* page 5, lines 18-20; "Atlas' charge that the TILA claims are frivolous is itself frivolous . . ." Opposition, page 7, line 3. Though separated by citations and quotations from cases that do not refute

the moving papers, suffice it to say Plaintiff's "arguments" for federal jurisdiction fail to state facts that support a finding that federal jurisdiction is proper here.

Finally, Plaintiff makes the point that "The Court's original jurisdiction of this action based on TILA is not diminished by the presence of state claims over which the Court has supplemental jurisdiction," Opposition, page 7, lines 7-8. While at least the latter portion there may technically be true, it glosses over the truth and ignores the fact that what "diminishes" this Court's jurisdiction over this action is that a non-colorable TILA count is just a superfluous and frivolous "throwaway" or "add-on" in the context of Plaintiff's actual claim and is merely tacked on as part of an improper maneuver to get this case heard before a federal court when the mountain of facts already presented, many by Plaintiff himself, indicate this case should be heard in a court of unlimited jurisdiction, like state court, and that a federal court should not be burdened with such claims.

## III. <u>CONCLUSION</u>

Plaintiff's Opposition fails to shed any light as to how Plaintiff has met his burden of showing federal jurisdiction is necessary in this case. In fact by Plaintiff's own admission there is only one federal law at stake here that any court is competent to enforce. Also, even taking Plaintiff's allegations as true, the actions alleged to have happened that would trigger the federal law bear no legal relationship to how Plaintiff alleges he was injured and are therefore not in fact a part of his claim for damages. If put before a jury, only common law and state law principles of liability would be present, and any alleged TILA violations would be absent from the heart of Plaintiff's case.

Because the mountain of facts presented, mostly by Plaintiff, make it clear that federal jurisdiction in this case is improper, Moving Parties respectfully ask this Court to grant the motion to

/////

/////

---

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S REPLY IN SUPPORT OF MOTION TO DISMISS

6

1  dismiss for lack of jurisdiction in accordance with *Federal Rules of Civil Procedure*, section 12(b)(1) as
2  stated in the moving papers.

                                                          Respectfully submitted,

Dated:  December 3, 2007          **CARLSON LAW GROUP, INC.**

                                        By:   _____
                                                           Mark C. Carlson, Esq.
                                                           Attorneys for Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO

---

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S REPLY IN SUPPORT OF MOTION TO DISMISS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my present address is: 6345 Balboa Boulevard, Suite 257, Encino, California 91316.

On December 3, 2007 I served the foregoing document described as **DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY, ALVIN SIBERNAGEL, and SAMANTHA TREVINO'S REPLY IN SUPPORT OF MOTION TO DISMISS** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

XX BY EMAIL to the parties as set forth on the Service List Attached hereto.

BY OVERNIGHT EXPRESS DELIVERY. I deposited it in a box or other facility regularly maintained by FEDERAL EXPRESS, or delivered it to a driver or courier authorized by FEDERAL EXPRESS to receive documents, in an envelope designated by FEDERAL EXPRESS, with deliver fees provided for, and with delivery requested for the next business day.

BY FACSIMILE TRANSMISSION, by use of facsimile machine telephone number (818) 345-1265, in accordance with Code of Civil Procedure §1013(e) and California Rules of Court 2.306, to the within parties at the facsimile number(s) indicated. The fax machine I used complied with Rule 2.301 and this transmission was reported as complete and without error. Under Rule 2.304, I caused the machine to print a transmission record of the transmission report which was issued by the transmitting facsimile maching, a copy of which is attached to the original thereof.

Executed on December 3, 2007 at Encino, California.

XX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Ann A. Malone

---

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN SILBERNAGEL AND SAMANTHA TREVINO'S REPLY IN SUPPORT OF MOTION TO DISMISS

8

**Juan Cuevas v. Altas Realty/Financial Services Inc., et al**
USDC Case No.: CV-07-2814-JF/PVT

Annette D. Kirkham, Esq.
Mona M. Motwani, Esq.
Law Foundation Of Silicon Valley
111 West Saint John Street, #315
San Jose, California 95113
Attorneys for Plaintiff, Juan Cuevas
Email: annettek@lawfoundation.org
Telephone No.:  (408) 293-4790
Facsimile No.:   (408) 293-0106

Bart E. Volkmer, Esq.
Brian Danitz, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Attorneys for Plaintiff, Juan Cuevas
Email: bdanitz@wsgr.com
Telephone No.:  (650) 493-9300
Facsimile No.:   (650) 565-5100

Mona Motwani
Law Foundation of Silicon Valley
Fair Housing Law Project
111 W. St. John Street, Suite 315
San Jose, California 95113
Attorney for Plaintiff, Juan Cuevas
Email: monam@lawfoundation.org
Telephone No.: (408) 280-2448

Keith David Yandell, Esq.
Reed Smith LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612
Attorney for Defendant World Savings Bank FSB
Telephone No.:  (510) 466-6820
Facsimile No.:   (510) 273-8832
kyandell@reedsmith.com

---