1  Mark C. Carlson, Esq., [SBN 166195]
2  Roger G. Honey, Esq., [SBN 173836]
   **CARLSON LAW GROUP, INC.**
3  6345 Balboa Boulevard, Suite 257
   Encino, California 91316
4  Telephone No.: (818) 996-7800
   Facsimile No.:  (818) 345-1265
5  mcc@carlsonlawgroup.com

6  Attorney for Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS
   FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES,
7  INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL
   SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO
8

9                          **UNITED STATES DISTRICT COURT**

10                **NORTHEAST DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

11 JUAN CUEVAS,                          )  Case No.:  5:07-cv-02814(JF)
                                         )
12             Plaintiff,                )  Complaint Filed:  05/30/2007
                                         )  Assigned to: Hon. Jeremy Fogel
13     vs.                               )  Referred to: Magistrate Judge Patricia V. Trumbull
                                         )  Courtroom: 3 – Fifth Floor
14 ALTAS REALTY/FINANCIAL SERVICES,      )
15 INCORPORATED, a California corporation, )
   D/B/A ATLAS REATY, D/B/A ATLAS        )  **NOTICE OF MOTION AND MOTION TO**
16 FINANCIAL SERVICES, ALVIN CLAIR       )  **DISMISS PURSUANT TO *F.R.C.P.* SECTION**
   SILBERNAGEL, SAMANTHA TREVINO,        )  **12(b)(6) and MOTION TO STRIKE**
17 WORLD SAVINGS, INC., D/B/A WORLD      )  **PURSUANT TO *F.R.C.P.* SECTION 12(f) by**
   SAVINGS BANK, FSB, and DOES 1 through 100 ) **ALVIN C. SILBERNAGEL D/B/A ALTAS**
18 inclusive                            )  **REALTY D/B/A ATLAS FINANCIAL**
                                         )  **SERVICES; ALVIN CLAIR SILBERNAGEL,**
19             Defendants.              )  **AND SAMANTHA TREVINO;**
                                         )  **MEMORANDUM OF POINTS AND**
20                                       )  **AUTHORITIES IN SUPPORT THEREOF**
                                         )
21                                       )
                                         )  Date:   March 28, 2008
22                                       )  Time:  9:00 a.m.
                                         )  Courtroom: 3 5th Floor
23                                       )
                                         )
24                                       )
                                         )
25        **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

26        PLEASE TAKE NOTICE THAT on March 28, 2008 at 9:00 a.m. in Department 3 of the United

27

28 _____
   NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO *F.R.C.P.* SECTION 12(b)(6) and MOTION TO
   STRIKE PURSUANT TO *F.R.C.P.* SECTION 12(f) by ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A
   ATLAS FINANCIAL SERVICES; ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO;
   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
   1

1    States District Court for the Northern District of California, located at 280 S. First Street, San Jose,

2    California, Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS

3    FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES,

4    INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL

5    SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO (hereinafter

6    "Defendants") will and hereby do move this Court for an order dismissing Plaintiff's Eighth claim for relief

7    and striking Paragraph 71 of the First Amended Complaint along with Plaintiff's prayer for punitive and

8    exemplary damages.

9

10

11    Plaintiff's Eighth claim for relief in his First Amended Complaint fails to identify facts sufficient to

12    state a cause of action and should, therefore, be dismissed in accordance with *Federal Rule of Civil*

13    *Procedure* Rule 12(b).  Plaintiff's claim for punitive damages fails to state facts sufficient to support such a

14    claim and should, therefore, be dismissed in accordance with *Federal Rule of Civil Procedure* Rule 12(f).

15

16

17    Defendants' Motion is based on this Notice of Motion, the accompanying Memorandum of Points

18    and Authorities in Support of Defendants' Motion and any exhibits attached thereto and other such

19    evidence this Court May choose to consider at the hearing on Defendants' Motion.

20    Dated: January 15, 2008                    **CARLSON LAW GROUP, INC.**

21

22

23    _____
      Mark C. Carlson, Esq.

24    Roger G. Honey, Esq.
      Attorney of record for Defendants, ALVIN C.

25    SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS
      FINANCIAL SERVICES ALVIN CLAIR

26    SILBERNAGEL, AND SAMANTHA TREVINO

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO *F.R.C.P.* SECTION 12(b)(6) and MOTION TO STRIKE PURSUANT TO *F.R.C.P.* SECTION 12(f) by ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES; ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
2

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

JUAN CUEVAS (hereinafter "Plaintiff") alleges Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL SERVICES), ALVIN CLAIR SILBERNAGEL, and SAMANTHA TREVINO (hereinafter "Defendants") helped Plaintiff get a loan from Defendant World Savings Bank FSB (hereinafter "Defendant World") in order to refinance the debt on his home but that some of the dates on the loan documents did not accurately reflect the actual dates on which Plaintiff signed the documents.

Even though the alleged date discrepancies indisputably gave Plaintiff more time to rethink his loan than is required, and even though Plaintiff did not decide he wanted to cancel his loan until after payments became due, Plaintiff has parleyed this allegation into his claim that Defendants are liable to Plaintiff for fraud, breach of fiduciary duty and negligent representation now that Plaintiff says he cannot repay the loan secured by his home despite the refinance.

In addition to his common law counts, Plaintiff's First Amended Complaint (hereinafter "FAC") improperly includes a cause of action for Violation of California Consumer Legal Remedies Act, California Civil Code section 1750 et seq. against Defendants and Plaintiff is praying for punitive damages without the necessary underlying factual basis.

II.    **DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) IS PROPER FOR FAILURE TO STATE SUFFICIENT FACTS IN THE INSTANT CLAIM.**

*Federal Rules of Civil Procedure* Rule 12(b), in pertinent part, provides:

"…Every defense, in law or fact, to a claim for relief in any pleading, whether a claim…or third-

1    party claim, shall be asserted in the responsive pleading thereto…except that the following defenses may

2    at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be

3    granted…"

4            Dismissal under Rule 12(b)(6) is proper when a complaint either exhibits a "lack of a cognizable

5    legal theory or the absence of sufficient facts under a cognizable legal theory." *See Balisteri v. Pacifica*

6    *Police Dept.* (1988) 901 F. 2d 696, 699; *Silvas v. E*Trade Mortgage Corporation* (2006) 421 F. Supp.

7    2d 1315, 1317.  When ruling on a motion to dismiss, material facts alleged in a complaint are treated as

8    true, but where a complaint contains inconsistent allegations, the Court need not accept those

9    allegations.  *See Wuxi Multimedia, Ltd. v. Koninklijke Phillips Elecs., N.V.* (2006) 2006 U.S. Dist. Lexis

10   9160, 26-27.  Further, a court "need not ignore specific factual details of the pleading in favor of general

11   or conclusory allegations." *See Griffin Indus. v. Irvin* (2007) 2007 U.S. App. Lexis 19828.

12

13   **III.    PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA**

14           **CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE SECTION 1750**

15           **et seq. FAILS TO STATE FACTS SUFFICIENT TO STATE A CAUSE OF ACTION**

16           **AND SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND PURSUANT TO**

17           **F.R.C.P. 12(b)6**

18           This Court should dismiss Plaintiff's Eighth Cause of Action with prejudice pursuant to *F.R.C.P.*

19   *2(b)(6)* because loans such as the one forming the subject of Plaintiff's claim are outside the scope of the

20

21   Consumers Legal Remedies Act (hereinafter "CLRA").

22           *Cal. Civ. Code* section 1770 states that the CLRA applies *only* to transactions involving the "sale

23

24   or lease" of "goods" or "services."  If the subject of the action is not a "sale", "lease" of a "good" or

25   "service" then the action is outside the scope of the CLRA.  *See Civil Service Employees Ins. Co. v. Sup.*

26   *Ct.* (1978) 22 Cal. 3d 362, 376 for the holding that consumer insurance transactions are not subject to

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO *F.R.C.P.* SECTION 12(b)(6) and MOTION TO
STRIKE PURSUANT TO *F.R.C.P.* SECTION 12(f) by ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A
ATLAS FINANCIAL SERVICES; ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
4

the CLRA.  *See* also *Berry v. American Express Publishing, Inc.* (2007) 147 Cal. App. 4th 224 for the holding that an extension of credit is neither "goods" nor "services" under the CLRA.

The CLRA defines both "goods" and "services."  Section 1761(a) defines "goods" to mean "tangible chattels bought or leased for use primarily for personal, family, or household purposes . . ." Section 1761(b) defines "services" as "work, labor, and services . . . including services furnished in connection with the sale or repair of goods."  *Cal. Civ. Code* section 1761(b).

In *Berry*, *supra*, a credit card holder sued their credit card company for injunctive relief based on the CLRA, *Berry v. American Express Publishing, Inc.* (2007) 147 Cal. App. 4th 224, 233.  The trial court sustained demurrers to the plaintiff's complaint with*out* leave to amend.  *Id* at 228.  The Court of Appeal affirmed, holding that "neither the express text of CLRA nor its legislative history supports the notion that credit transactions separate and apart from any sale or lease of goods or services are covered under the act."  *Id* at 233.  The appellate court's analysis relies heavily on the legislative history of the CLRA and the legislature's deletion of the phrase "money and credit" from early drafts of the statute.  *Id* at 230-231.  In *Van Slyke v. Capital One Bank* (2007) No. C 07-00671, 2007 U.S. Dist. Lexis 44072, the court acknowledged the persuasiveness of *Berry's* logic and likewise held that the CLRA does not apply to extensions of credit, rejecting an attack on credit card fees and disclosures brought under the CLRA.

In this case Plaintiff's CLRA cause of action concerns only a loan procured by Defendants from Defendant World for Plaintiff.  As stated above this loan is not a "good" within the meaning of the CLRA and as such Defendants cannot be said to have furnished "services" related to any "goods" that would be within the scope of the CLRA.  For these reasons Plaintiff's Eighth Cause of Action is defective.  Because Plaintiff will forever be unable to cure this defect, Defendants ask this Court to sustain their motion to dismiss Plaintiff's Eighth Cause of Action pursuant to *F.R.C.P.* Rule 12(b)(6) with*out* leave to amend.

IV.   **PUNITIVE DAMAGES ARE INAPPROPRIATE AGAINST DEFENDANTS AND SHOULD**
      **BE STRICKEN PURSUANT TO F.R.C.P 12(f).**

In relevant part, *F.R.C.P.* Rule 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   The adequacy of a claim for punitive and exemplary damages may be challenged by a Rule 12(f) motion when the damages sought are not recoverable as a matter of law.  *See Wilkerson v. Butler* (2005) 229 FRD 166, 172; *Tapley v. Lockwood Green Engineers, Inc.* (1974) 8th Cir. 502 F2d 559, 560.

Plaintiff's First Amended Complaint has not even pled conclusive statements that Defendants' acts were "willful, wanton, malicious and oppressive…." *See* FAC.  Paragraph 71 of the body of the FAC and Prayer for Relief No. 6's reference to punitive and exemplary damages are completely devoid of any factual basis for the imposition of punitive damages against Defendants and are the only parts of the FAC that touch upon punitive and exemplary damages.

Meanwhile, for Defendants to have breached of fiduciary duty alone without malice, fraud or oppression does not permit an award of punitive damages.  *See Delos v. Farmers Group* (1979) 03 Cal.App.3d 642, 656-657; *Flyer's Body Shop v. Ticor Title* (1986) 185 Cal.App.3d 1149, 1154.  Mere carelessness or ignorance of a defendant does not justify the imposition of punitive damages, but rather conduct that rises to such a level of extreme indifference that decent citizens should not tolerate it does.  *See Highes v. Blue Cross* (1989) Cal.App.3d 832, 847.

Furthermore, punitive damages must be proportionate to actual harm inflicted and reasonable.  Reasonableness limits punitive damages to situations where the defendant committed egregiously improper conduct.  *See BMW of North America v Gore* (1996) 116 S. Ct. 1589, 1601-1602.

In *Ebaugh v. Rabkin* (1972) 22 Cal.App. 3d 891, 894, the Court held:

"The cases interpreting *Civil Code* section 3294 make it clear that in order to warrant the

allowance of punitive damages, the acts of Defendant must not only be willful in the sense of intentional, **but must also be accompanied by aggravating circumstances amounting to malice.  The malice required implies an act conceived in the spirit of mischief or criminal indifference towards the obligations owed to other.**  There must be an attempt to vex, annoy or injure.  Mere spite or ill-will will not be sufficient."

As further articulated in *Henderson v. Security National Bank* (1977) 72 Cal.App.3d 764, 771" "Punitive damages are never awarded as a matter of right…..are not favored by the law and they should be granted only with the greatest of caution…allowed only in the clearest of cases."

In this case Plaintiff's basis for punitive damages merely states: "Defendants were guilty of malice, fraud or oppression as defined in Civil Code section 3294 and plaintiff should therefore recover, in addition to actual damages, punitive or exemplary damages to make an example of and to punish Defendants."  *See FAC,* Paragraph 71.

These statements do not allege facts but in fact are conclusory allegations that fall well below the pleading threshold required to state a claim for punitive damages.  Mere conclusory allegations that Defendants' conduct was "intentional, willful, and fraudulent is a patently insufficient statement" to entitle a plaintiff to punitive damages.  *See G.D. Searle & Co. v. Superior Court* (1975) 49 Cal. App. 3d 22, 28-29.  The remainder of Plaintiff's claim is devoid of any factual basis giving rise to the possibility of awarding punitive damages against Defendants.

Because Plaintiff has not alleged any facts that show Defendants acted with malice, fraud or oppression as required by *Civil Code* section 3294 when pleading fraud, Plaintiff's claim for punitive damages fails as a matter of law.  For these reasons, Defendants ask this Court to sustain its Motion to Strike Paragraph 71 of the FAC and to strike Plaintiff's Prayer for Relief No. 6 for punitive and exemplary damages in accordance with F.R.C.P. 12(f).

1  V.    **CONCLUSION**

2          For the foregoing reasons, Defendants ask this Court to dismiss Plaintiff's Eighth Cause of

3  Action with prejudice and to strike Paragraph 71 of Plaintiff's FAC along with Plaintiff's Prayer for

4  Relief No. 6 for punitive damages against Defendants.

5  Dated: January 9, 2008                    **CARLSON LAW GROUP, INC.**

6

7

8                                    _____

9                                    Mark C. Carlson, Esq.
                                     Roger G. Honey, Esq.
10                                   Attorney of record for Defendants, ALVIN C.
                                     SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS
11                                   FINANCIAL SERVICES (erroneously sued herein as
                                     ALTAS REALTY/FINANCIAL SERVICES,
12                                   INCORPORATED, a California Corporation, dba ATLAS
                                     REALTY DBA ATLAS FINANCIAL SERVICES),
13                                   ALVIN CLAIR SILBERNAGEL, AND SAMANTHA
                                     TREVINO
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_____
NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO *F.R.C.P.* SECTION 12(b)(6) and MOTION TO
STRIKE PURSUANT TO *F.R.C.P.* SECTION 12(f) by ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A
ATLAS FINANCIAL SERVICES; ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
8

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my present address is: 6345 Balboa Boulevard, Suite 257, Encino, California 91316.

On January 16, 2008 I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO *F.R.C.P.* SECTION 12(b)(6) and MOTION TO STRIKE PURSUANT TO *F.R.C.P.* SECTION 12(f) by ALVIN C. SILBERNAGEL D/B/A ATLAS REALTY D/B/A ATLAS FINANCIAL SERVICES; ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

XX BY EMAIL to the parties as set forth on the Service List Attached hereto.

BY OVERNIGHT EXPRESS DELIVERY. I deposited it in a box or other facility regularly maintained by FEDERAL EXPRESS, or delivered it to a driver or courier authorized by FEDERAL EXPRESS to receive documents, in an envelope designated by FEDERAL EXPRESS, with deliver fees provided for, and with delivery requested for the next business day.

BY FACSIMILE TRANSMISSION, by use of facsimile machine telephone number (818) 345-1265, in accordance with Code of Civil Procedure §1013(e) and California Rules of Court 2.306, to the within parties at the facsimile number(s) indicated. The fax machine I used complied with Rule 2.301 and this transmission was reported as complete and without error. Under Rule 2.304, I caused the machine to print a transmission record of the transmission report which was issued by the transmitting facsimile maching, a copy of which is attached to the original thereof.

Executed on January 16, 2008 at Encino, California.

XX  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Ann A. Malone

---

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO *F.R.C.P.* SECTION 12(b)(6) AND MOTION TO STRIKE PURSUANT TO *F.R.C.P.* SECTION 12(f) by ALVIN C. SILBERNAGEL D/B/A ATLAS REALTY D/B/A ATLAS FINANCIAL SERVICES; ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**Juan Cuevas v. Altas Realty/Financial Services Inc., et al**
USDC Case No.: CV-07-2814-JF/PVT

Annette D. Kirkham, Esq.
Mona M. Motwani, Esq.
Law Foundation Of Silicon Valley
111 West Saint John Street, #315
San Jose, California 95113
Attorneys for Plaintiff, Juan Cuevas
Email: annettek@lawfoundation.org
Telephone No.:  (408) 293-4790
Facsimile No.:   (408) 293-0106

Bart E. Volkmer, Esq.
Brian Danitz, Esq.
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Attorneys for Plaintiff, Juan Cuevas
Email: bdanitz@wsgr.com
Telephone No.:  (650) 493-9300
Facsimile No.:   (650) 565-5100

Mona Motwani
Law Foundation of Silicon Valley
Fair Housing Law Project
111 W. St. John Street, Suite 315
San Jose, California 95113
Attorney for Plaintiff, Juan Cuevas
Email: monam@lawfoundation.org
Telephone No.: (408) 280-2448

Keith David Yandell, Esq.
Reed Smith LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612
Attorney for Defendant World Savings Bank FSB
Telephone No.:  (510) 466-6820
Facsimile No.:   (510) 273-8832
kyandell@reedsmith.com