Mark C. Carlson, Esq., [SBN 166195]
Roger G. Honey, Esq., [SBN 173836]
**CARLSON LAW GROUP, INC.**
6345 Balboa Boulevard, Suite 257
Encino, California 91316
Telephone No.: (818) 996-7800
Facsimile No.:  (818) 345-1265
mcc@carlsonlawgroup.com

Attorney for Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO

## UNITED STATES DISTRICT COURT

## NORTHEAST DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| JUAN CUEVAS,<br><br>Plaintiff,<br><br>vs.<br><br>ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California corporation, D/B/A ATLAS REATY, D/B/A ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL, SAMANTHA TREVINO, WORLD SAVINGS, INC., D/B/A WORLD SAVINGS BANK, FSB, and DOES 1 through 100 inclusive<br><br>Defendants. | ) Case No.: 5:07-cv-02814(JF)<br>) Complaint Filed: 05/30/2007<br>) Assigned to: Hon. Jeremy Fogel<br>) Referred to: Magistrate Judge Patricia V.<br>) Trumbull<br>) Courtroom: 3 – Fifth Floor<br>)<br>) **NOTICE OF MOTION AND MOTION**<br>) **FOR DETERMINATION OF GOOD**<br>) **FAITH SETTLEMENT PURSUANT TO**<br>) ***CODE OF CIVIL PROCEDURE***<br>) **SECTION 877.6(a)(1) BY DEFENDANTS,**<br>) **ALVIN C. SILBERNAGEL D/B/A**<br>) **ALTAS REALTY D/B/A ATLAS**<br>) **FINANCIAL SERVICES; ALVIN CLAIR**<br>) **SILBERNAGEL AND SAMANTHA**<br>) **TREVINO; DECLARATION OF MARK**<br>) **C. CARLSON IN SUPPORT THEREOF**<br>)<br>) **[Filed concurrently with [Proposed] Order**<br>) **Determining Good Faith Settlement]**<br>)<br>) Date:  May 23, 2008<br>) Time: 9:00 a.m.<br>) Courtroom 3 |

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL AND SAMANTHA TREVINO'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; DECLARATION OF MARK C. CARLSON IN SUPPORT THEREOF

1  **TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS**

2  **OF RECORD:**

3      **PLEASE TAKE NOTICE THAT** on May 23, 2008 at 9:00 a.m., or as shortly thereafter as

4  may be heard in Courtroom 3 of the above-captioned Court, Defendants, Alvin C. Silbernagel D/B/A

5  

6  Altas Realty D/B/A Atlas Financial Services, Alvin Clair Silbernagel, And Samantha Trevino

7  (hereinafter "Settling Defendants") will and hereby do move the Court for an Order granting Moving

8  Parties' Motion for Determination of Good Faith Settlement and barring any party from filing a

9  future cross-complaint against Settling Defendants and that Settling Defendants' settlement with

10  Plaintiff meets the requirements of *Code of Civil Procedure* section 877.6.

11      This Motion is based on this Notice, the Motion for Determination of Good Faith Settlement,

12  the Memorandum of Points and Authorities in Support Thereof, and the Declaration of Mark C. Carlson

13  in Support Thereof.

14  

15  Dated: March 24, 2008                **CARLSON LAW GROUP, INC.**

16  

17  

18                                       Mark C. Carlson, Esq.
                                          Roger G. Honey, Esq.
19                                       Attorney of record for Defendants, ALVIN C.
                                          SILBERNAGEL D/B/A ALTAS REALTY D/B/A
20                                       ATLAS FINANCIAL SERVICES (erroneously sued
                                          herein as ALTAS REALTY/FINANCIAL SERVICES,
21                                       INCORPORATED, a California Corporation, dba
                                          ATLAS REALTY DBA ATLAS FINANCIAL
22                                       SERVICES), ALVIN CLAIR SILBERNAGEL, AND
                                          SAMANTHA TREVINO
23  

24  

25  

26  

27  

28  
DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES,
ALVIN CLAIR SILBERNAGEL AND SAMANTHA TREVINO'S NOTICE OF MOTION AND MOTION FOR
DETERMINATION OF GOOD FAITH SETTLEMENT; DECLARATION OF MARK C. CARLSON IN SUPPORT
THEREOF
2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In or about May 24, 2006 Plaintiff came to Settling Defendants asking if he could use the equity in his family residence to refinance his existing loan secured by his real property and take out some cash at the same time. Settling Defendants found an acceptable loan for Plaintiff that was underwritten by Defendant World Savings Inc. d/b/a World Savings Bank, F.S.B. and allowed Plaintiff to get about $25,000.00 in liquid cash.

When Plaintiff began falling behind on his monthly payments he alleged that Settling Defendants had not disclosed all material terms of the loan to him. Despite the existence of documents explaining all material terms of the loan to him in English, Plaintiff alleges these were insufficient because he only speaks Spanish. Plaintiff also alleged his signature had been forged on various documents, but never identified any specific documents on which he alleges his signature is a forgery. The claim that Plaintiff does not speak English is one that Settling Defendants vehemently claim is false, and Settling Defendants are adamant that Plaintiff understood all material terms of the subject loan, and that Settling Defendant Trevino, who also speaks both English and Spanish, explained and detailed all material terms of the subject loan.

### II.    THIS COURT SHOULD ENTER A DETERMINATION OF GOOD FAITH SETTLEMENT BECAUSE THE SETTLEMENT BETWEEN PLAINTIFF AND SETTLING DEFENDANTS WAS MADE IN GOOD FAITH.

Plaintiff and Settling Defendants have entered into a good faith settlement of Plaintiff's claims against Settling Defendants. Where the plaintiff and a joint tortfeasor enter into a good faith settlement, the Court may enter an order barring joint tortfeasors or co-obligors from any further claims for equitable comparative contribution, or partial or comparative indemnity, based on

---

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL AND SAMANTHA TREVINO'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; DECLARATION OF MARK C. CARLSON IN SUPPORT THEREOF

comparative negligence or comparative fault. *Code of Civil Procedure* section 877 states in

pertinent part:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or
> not to enforce judgment is given in good faith before verdict or judgment to one
> or more of a number of tortfeasors claimed to be liable for the same tort . . . (b) It
> shall discharge the party to whom it was given from all liability for any
> contribution to any other parties.

Furthermore, *Code of Civil Procedure* section 877.6(c) states, in pertinent part, "[a]

determination by the court that the settlement was made in good faith shall bar any other joint

tortfeasor or co-obligor from any further claims against a settling tortfeasor or co-obligor for

equitable comparative contribution, or partial or comparative indemnity, based on comparative

negligence or comparative fault." *Code of Civil Procedure* section 877.6(c). In *Far West*

*Financial Corp. v. D & S Co.*, 46 Cal.3d 796 (1988), the California Supreme Court held that a

court's determination of good faith releases the Settling Defendants from any further liability for

equitable indemnity claims, including claims seeking total equitable indemnity. In *Fisher v.*

*Superior Ct.*, 103 Cal.App.3d 434, 447-49 (1980), the court held that the burden of proof is on

those parties claiming that a settlement was made in bad faith.

In *Tech-Bilt*, *supra*, the Supreme Court of California explained that section 877.6(c) requires

a determination that "the amount of the settlement is within the reasonable range of the settlement

tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt*, *supra*

at 262. The Court went on to explain that several factors will account for whether the settlement

amount is within the "reasonable range." Those factors are (1) "a rough approximation of plaintiff's

total recovery and the settlor's proportionate liability", (2) "the amount paid in settlement," (3) "the

allocation of settlement proceeds among Plaintiffs," and (4) "a recognition that a settlor should pay

less in settlement than he would if he were found liable after a trial." *Tech-Bilt*, *supra* at 263.

In this matter, the parties willingly attempted to resolve the dispute informally. Fortunately, those mutual efforts proved successful. The Settlement Agreement between Plaintiff and Settling Defendants was agreed to after mutual deliberation, during the course of litigation. As a result, the Settlement Agreement was entered into in good faith, within the meaning of *Tech-Bilt*, because settlement in the amount of $12,000.00 is within the "reasonable range" of Settling Defendants' potential liability to Plaintiff.

**A.  The Settlement is a Rough Approximation of Settling Defendants' Proportionate Liability.**

The payment of $12,000.00 by Settling Defendants is a rough approximation of their proportionate liability. The crux of Plaintiff's allegations in his Complaint arise from Plaintiff being dissatisfied with the terms of the new loan Settling Defendants brokered for Plaintiff. However, Plaintiff had much difficulty stating and establishing sufficient facts to show liability should be held against Settling Defendants for many or any of the Complaint's causes of action.

Acting in its capacity as Plaintiff's loan broker, Settling Defendants helped Plaintiff get roughly $25,000.00 in cash by refinancing Plaintiff's loan secured by his real property. Plaintiff alleges many of the terms of his new loan were not explained to him by Settling Defendants however, Plaintiff's signature appears on all appropriate loan documents on which all of the terms are explained in English. Plaintiff alleged he does not speak English and as such the loan documents should have also been presented in English, but Settling Defendants dispute Plaintiff's contention that Plaintiff cannot speak English and can prove that he does. Plaintiff alleges Settling Defendants encouraged him to refinance his loan at the time even though he would have to make a prepayment penalty; Settling Defendants dispute this contention and maintain that Plaintiff was advised to wait several months until there would be no prepayment penalty, but Plaintiff was so

1    eager to get money fast he insisted on moving forward with the subject loan despite Settling

2    Defendants' advice.

3        Consequently, Plaintiff's claims as made against Settling Defendants are undeniably weak.

4    Fundamentally, Settling Defendants maintain that their inclusion in the case is not well founded.

5    Therefore, this settlement arises out of equity and a realistic view of proportionate liability.  As a

6    result, the stipulated settlement amount of $12,000.00 is a rough approximation of proportionate

7

8    liability on the part of Settling Defendants.

9        **B.  The Amount of the Settlement is Reasonable**

10       The amount paid in settlement points in favor of a determination that this settlement is

11   made in good faith.  Settling Defendants' position is that they have no liability to Plaintiff.  The

12   settlement offer of $12,000.00 is in recognition that the costs of defending themselves through

13   trial will most likely outweigh the cost of settling this matter now.  (*See* Declaration of Roger G.

14   Honey).

15

16       Based upon the foregoing discussion concerning liability and the projected amount of

17   damages that may have been incurred by Plaintiff, the settlement of $12,000.00 is a reasonable

18   settlement between Settling Defendants and Plaintiff.

19       **C.  There Will be No Allocation of the Settlement**

20       The third factor enunciated in *Tech-Bilt* is that the "good faith" of a settlement may turn

21   on the allocation of the settlement among the Plaintiffs.  In this action, there is only one Plaintiff.

22

23   Therefore, there will be no allocation of the settlement proceeds.

24       **D.  Settling Defendants Should Pay Less than if They Were Found Liable at Trial**

25       If Settling Defendants continued in this matter through trial and were found jointly liable

26   in an amount in excess of $12,000.00, it would not preclude a finding of the good faith of the

27

28

settlement. *Tech-Bilt* implicitly recognized that where parties settle portions of a case short of trial, everyone benefits. Here, the Court benefits because the issues remaining are drastically reduced, thus saving valuable judicial time. Plaintiff benefits because recovery is obtained without the need to try the case against Settling Defendants. Settling Defendants benefit because of the finality of the settlement upon a determination that it was made in good faith and being able to avoid the costly expenses and time in trying this case.

III.     **THE COURT SHOULD BAR ANY CLAIMS AGAINST SETTLING DEFENDANTS BY JOINT TORTFEASORS.**

Because the settlement was made in good faith, the Court should enter an order barring any claims against Settling Defendants. Where the plaintiff and a joint tortfeasor enter into a good faith settlement, the Court may enter an order barring joint tortfeasors or co-obligors from any further claims for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault. *Code of Civil Procedure* section 877 states in pertinent part:

> "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . (b) It shall discharge the party to whom it was given from all liability for any contribution to any other parties."

Furthermore, *Code of Civil Procedure* section 877.6(c) provides that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against a settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Code of Civil Procedure* section 877.6(c). In *Far West Financial Corp. v. D & S Co.*, 46 Cal.3d 796 (1988), the California Supreme Court held that a court's determination of good faith

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL AND SAMANTHA TREVINO'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; DECLARATION OF MARK C. CARLSON IN SUPPORT THEREOF

7

releases the settling defendant from any further liability for equitable indemnity claims, including claims seeking total equitable indemnity. Thus, Settling Defendants request that this Court enter an order barring any claims by the Non-Settling Defendants in this action against Settling Defendants.

## IV.    THE BURDEN IS ON THE PARTY CHALLENGING THIS MOTION TO SHOW THE SETTLEMENT WAS NOT MADE IN GOOD FAITH.

Should any party challenge this Motion, the burden is on that party to show that the settlement between Plaintiff and Settling Defendants was not made in good faith. *See Fisher v. Superior Ct.*, 103 Cal.App.3d 434, 447-49 (1980). Thus, any party opposing this Motion bears the burden of establishing that this settlement was not entered into in good faith. Even after at this point after initial discovery has been exchanged there has been no evidence presented showing Settling Defendants should bear any responsibility to Plaintiff in connection with this transaction. As such, any amount paid to Plaintiff in settlement is a good faith effort to avoid incurring further litigation costs in a case, which will likely end up in a defense verdict for Settling Defendants.

## V.    CONCLUSION

Taken together, the facts in this case point strongly in favor of a finding that the settlement between Plaintiff and Settling Defendants was entered into in good faith. In addition to meeting the *Tech-Bilt* factors, none of the parties, including those not part of the settlement, have expressed any opposition to the settlement. (*See* Declaration of Mark C. Carlson). Accordingly, the Court should grant Settling Defendants' motion for determination of good faith settlement.

Because the settling parties have entered into a good faith settlement, as "good faith" is explained in *Tech-Bilt*, Settling Defendants respectfully request that this Court grant the Motion for Determination of Good Faith Settlement and that an Order be entered determining that (1) the

settlement is approved, (2) Settling Defendants' settlement of this matter with Plaintiff is in good

faith, and (3) any pending and future claims against Settling Defendants and its related entities for

contribution or equitable indemnity be discharged and forever barred.

Dated: March 24, 2008                    **CARLSON LAW GROUP, INC.**

_____

Mark C. Carlson, Esq.
Roger G. Honey, Esq.
Attorney of record for Defendants, ALVIN C.
SILBERNAGEL D/B/A ALTAS REALTY D/B/A
ATLAS FINANCIAL SERVICES (erroneously sued
herein as ALTAS REALTY/FINANCIAL SERVICES,
INCORPORATED, a California Corporation, dba
ATLAS REALTY DBA ATLAS FINANCIAL
SERVICES), ALVIN CLAIR SILBERNAGEL, AND
SAMANTHA TREVINO

## DECLARATION OF MARK C. CARLSON

I, Mark C. Carlson, declare as follows:

1.      I am an attorney at law, duly authorized to practice law in the State of California.  I am the principal of Carlson Law Group, Inc., counsel of record for Defendants, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES (erroneously sued herein as ALTAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California Corporation, dba ATLAS REALTY DBA ATLAS FINANCIAL SERVICES), ALVIN CLAIR SILBERNAGEL, AND SAMANTHA TREVINO (hereinafter "Settling Defendants").  As such, I have personal knowledge of the facts as set forth in this declaration, and if called as a witness, I could and would competently testify thereto.

2.      Attached hereto as Exhibit "A" is a true and correct copy of Settlement Agreement and Mutual Releases that memorializes the fair settlement entered into by and between Plaintiff and Settling Defendants.

3.      Settling Defendants deny any liability for Plaintiff's alleged damages.  Plaintiff's Complaint arises from Plaintiff being dissatisfied with the terms of the loan secured by Plaintiff's real property.  Settling Defendants brokered the loan for Plaintiff.  Acting in its capacity as Plaintiff's loan broker, Settling Defendants helped Plaintiff get roughly $25,000.00 in cash by refinancing Plaintiff's then existing loan secured by his real property.  Plaintiff alleges many of the terms of his new loan were not explained to him by Settling Defendants however, Plaintiff's signature appears on all appropriate loan documents on which all of the terms are explained and Settling Defendant Trevino verbally explained all material terms of the loan.  Plaintiff alleged he does not speak English and as such the loan documents should have also been presented in English, but Settling Defendants dispute Plaintiff's contention that Plaintiff cannot speak English and can

1   prove that he does.  Plaintiff also alleges Settling Defendants encouraged him to refinance his loan

2   at the time even though he would have to make a prepayment penalty on his existing loan; but

3   Settling Defendants dispute this contention and maintain that Plaintiff was advised to wait several

4   months until there would be no prepayment penalty, but Plaintiff was so eager to get money fast he

5   insisted on moving forward with the subject loan despite Settling Defendants' advice.

6

7          4.      The settlement offer of 12,000.00 is in recognition that the costs of Settling

8   Defendants bringing a motion for summary judgment based on Plaintiff's lack of evidentiary

9   support or the cost of defending themselves through trial will likely outweigh the cost of settling

10  this matter now.

11         5.      There was no collusion, fraud or tortuous conduct in arriving at the settlement

12  reached between Plaintiff and Settling Defendants.

13         6.      On March 24, 2008 this office filed and served the Notice of Motion and Motion for

14  Determination of Good Faith Settlement on all parties along with the [Proposed] Order for

15  Determination of Good Faith Settlement.

16         7.      All provisions of *Code of Civil Procedure* section 877.6(a)(1) for obtaining a

17  determination of good faith settlement have been complied with by Settling Defendants.

18         I declare under penalty of perjury under the laws of the State of California the foregoing is true

19  and correct to the best of my knowledge.

20  Executed this 24th day of March 2008 at Encino, California.

21

22

23  _____

24  Mark C. Carlson

25

26

27

EXHIBIT "A"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Mutual Releases (hereinafter referred to as the "Settlement Agreement") entered into and effective as of March 5, 2008 by and between JUAN CUEVAS (hereinafter referred to as "Plaintiff") on the one hand and ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL and SAMANTHA TREVINO (hereinafter referred to collectively as "Defendants") on the other hand.

### R E C I T A L S

a.     This matter arises out of Plaintiff's execution of a loan agreement, promissory note and related documents in connection with a refinance mortgage loan that was extended by World Savings Bank FSB in or about May 2006 and was secured by Plaintiff's real property commonly known as 672 Swallow Drive, San Jose, California (hereinafter referred to as Subject Property).  Defendants assisted Plaintiff in obtaining the refinance mortgage loan extended by World Savings bank FSB.  This loan transaction is hereinafter referred to herein as the "Subject Loan."

b.     On or about May 30, 2007, Plaintiff filed a lawsuit entitled *Juan Cuevas vs. Altas Realty/Financial Services, Incorporated et al., bearing Northeast District of California Court Case No.: 5:07-cv-02814(JF),* followed by a First Amended Complaint, concerning a dispute in connection with the Subject Loan seeking damages from Defendants for, among other things, breach of fiduciary duty; unjust enrichment; violation of statutory duties; fraud; negligence and violations of the Federal Truth In Lending Act and Consumer Legal Remedies Act (hereinafter "Subject Litigation").

c.     By this Settlement Agreement, all parties hereto intend to fully and completely resolve any and all differences between and among them, including, but not limited to, any and all claims they may have regarding all allegations made by the parties to the Subject Litigation concerning the execution of the Subject Loan or the encumbrance of the Subject Property.

d.     Plaintiff and Defendants desire to minimize the time and expenses, which they may incur in connection with the Subject Litigation.

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed as follows:

### S E T T L E M E N T

1.     <u>INTENT OF THE PARTIES</u>.

By entering into this Settlement Agreement, it is the intent of Plaintiff and

Defendants to compromise and settle their claims against each other, and those of their past, present and future principals, agents, officers, directors, shareholders, employees, employers, partners, successors, assignees, heirs, devisees, indemnitors, insurance companies and attorneys, relating to or arising from the Subject Litigation, and to release same from any and all liability for damages and/or injuries arising in connection with the Subject Loan, encumbrance of the Subject Property and all other matters expressly or impliedly raised in the Subject Litigation. This Settlement Agreement is not, and shall not be treated as, an admission of liability by any party to this Settlement Agreement for any purpose.

2.    RELEASE AND DISCHARGE.

Plaintiff hereby releases and discharges Defendants, their predecessors and successors in interest, heirs, assigns and their past, present and future principals, agents, officers, directors, shareholders, employees, employers, partners, assignees, heirs, devisees, indemnitors, insurance companies and attorneys from any and all past, present or future claims, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, expenses and compensation, whether based on tort, contract or other legal or equitable theories of recovery which Plaintiff has against Defendants, or which may later accrue to, or be acquired by Plaintiff against Defendants, arising from the Subject Loan, the encumbrance of the Subject Property, and all other matters expressly or impliedly raised in the Subject Litigation.

Defendants hereby release and discharge Plaintiff, his predecessors and successors in interest, heirs, assigns and their past, present and future principals, agents, officers, directors, shareholders, employees, employers, partners, assignees, heirs, devisees, indemnitors and attorneys, from any and all past, present or future claims, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, expenses and compensation, whether based on tort, contract or other legal or equitable theories of recovery, which Defendants have against Plaintiff, or which may later accrue to, or be acquired by Defendants against Plaintiff, arising from the Subject Loan, the encumbrance of the Subject Property, and all other matters expressly or impliedly raised in the Subject Litigation.

3.    CONSIDERATION.

As consideration for this Release, the parties agree as follows:

a.    Plaintiff shall file a Dismissal as to Defendants, of his First Amended Complaint in the Subject Litigation, with prejudice, within ten (10) days of receipt of an Order determining this Settlement Agreement was entered into in Good Faith as is provided in Paragraph 23 herein. Plaintiff agrees that this compromise and settlement shall constitute a bar to all future claims, demands, obligations or causes of action against Defendants. This bar shall be effective upon execution of this Settlement Agreement.

b.    Defendants agree to pay to Plaintiff the sum of $12,000 within ten (10) days of receipt of an Order determining this Settlement Agreement was entered into in Good Faith as is provided in Paragraph 23 herein.  The check shall be made payable to the Law Foundation of Silicon Valley Cleitn Trust Account and Plaintiff and shall be delivered to The Law Foundation of Silicon Valley, 111 West Saint John Street, Suite 315, San Jose, California 95113.

c.    Each of the parties to this Settlement Agreement will bear their own costs, attorneys' fees and all other monies incurred or paid in connection with this Settlement Agreement and the Subject Litigation.

4.    RELEASE OF UNKNOWN CLAIMS.

a.    This Settlement Agreement is intended to be a full general and mutual release and to constitute a full and final accord and satisfaction, extending to all claims of any nature that may exist between the parties to this Settlement Agreement, including, without limitation, claims for injuries, damages or losses to their person and their property, real and personal, tangible and intangible, whether known or unknown, suspected or anticipated, unsuspected or unanticipated, arising out of the Subject Loan, the encumbrance of the Subject Property or the Subject Litigation.

b.    All parties to this Settlement Agreement certify that they have read, understand and expressly waive the following provisions of California *Civil Code* section 1542:

        "A general release does not extend to claims which creditor
        does not know or suspect to exist in his or her favor at the
        time of executing the release, which if known by him or her
        must have materially affected his or her settlement with the
        debtor."

c.    All parties to this Settlement Agreement understand and acknowledge that the significance and consequence of this waiver of California *Civil Code* section 1542 is that even if one of them should eventually suffer additional damages or losses from their prior interactions, or should there exist other undisclosed obligations or liabilities existing between them, including their assignees, they will not be able to make any claim for those damages, losses or obligations.  Furthermore, all parties to this Settlement Agreement acknowledge that they intend these consequences even as to claims for damages, losses or obligations that may exist as of the date of this release but which they do not know exist, and which, if known, would materially affect their decision, either singularly or collectively, to execute this release, regardless of the cause of their lack of knowledge.

5.    NO ADMISSION.

This Settlement Agreement is the compromise of a disputed claim and fully and

finally settles all claims between the parties hereto stemming from any and all dealings, contracts or transactions between the parties, from the beginning of time, and to buy peace and to prevent any further involvement and dispute.  Nothing contained in this Settlement Agreement, including, without limitation, the payment of any consideration hereunder or the waiver of any rights hereunder, shall be interpreted or construed to be an admission on the part of, or to the prejudice of, any person or party named herein.  Except for the obligations created by this Settlement Agreement, each party or person hereto expressly denies any and all liability associated with or related, whether directly or indirectly, to the Subject Loan or the Subject Litigation and claims therein described.

6.      NO ASSIGNMENT.

        Plaintiff and Defendants represent and warrant that they have not heretofore assigned, transferred or hypothecated or purported to have assigned, transferred to hypothecated or will in the future assign, transfer or hypothecate to anyone any debt, judgment, claim, liability, demand, action, cause of action, or any interest therein, based upon or arising out of or pertaining to or concerning or connected with any matter, facts, events, circumstances or things released herein.

7.      NO INDUCEMENT

        The parties declare and represent that no promises, inducements or other agreements not expressly contained herein have been made and that this release contains the entire agreement between the parties and the terms of this Settlement Agreement are contractual and not recitals only.

8.      AUTHORITY OF SIGNATORIES.

        All parties covenant that they possess the necessary capacity and authority to sign and enter into this Settlement Agreement and that no other individuals or entities have any interest in the Subject Loan, the Subject Property or Subject Litigation that is not hereby waived released and compromised by this Settlement Agreement.

9.      BINDING EFFECT.

        The provisions of this Settlement Agreement will be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors in interest and assigns of the respective parties hereto.

10.     FURTHER DOCUMENTS.

        The parties hereto agree to execute and deliver such other additional documents as may be required to effectuate each of the terms of this Settlement Agreement.

11.    ADVICE OF ATTORNEY.

Each party warrants and represents that, in executing this Settlement Agreement, they have relied upon legal advice from the attorney of their choice; that the terms of this Settlement Agreement have been read, and its consequences (including, but not limited to, risks, complications and costs) have been completely explained to them by that attorney; that adequate time has been given for them to consult with their attorney, to ask any questions concerning this Settlement Agreement, to receive responses to those questions, and to contemplate the attorney's advice concerning this Settlement Agreement; and that the parties fully understand the terms of this Settlement Agreement. The parties to this Settlement Agreement acknowledge, warrant and represent that, in executing this Settlement Agreement, they have not relied on any inducements, promises or representations made by any other party to this Settlement Agreement or any person or entity representing or serving another party, except for those expressly stated in this Settlement Agreement.

12.    NO MODIFICATION.

This document sets forth the entire agreement between the parties and may not be altered, amended or modified in any respect except by written instrument, duly executed by the party to be charged. All earlier understandings, oral agreements and writings are expressly superseded hereby and are of no further force or effect.

13.    ATTORNEYS' FEES ARISING OUT OF THIS SETTLEMENT AGREEMENT.

If any party to this Settlement Agreement becomes involved in a dispute or controversy, including, but not limited to, arbitration or litigation, arising out of this Settlement Agreement, or the performance of it, then the prevailing party in such dispute or controversy, or in a separate suit, shall be entitled to their reasonable costs and expenses incurred in connection with such dispute or controversy, including expert witness fees and attorneys' fees, which costs and expenses shall be deemed to have accrued on the commencement of such dispute or controversy, shall include consultation expenses and fees, and shall be paid regardless of whether such dispute or controversy is prosecuted to judgment. The parties agree that the prevailing party shall recover the reasonable amount of all such expenses and fees incurred.

14.    ENFORCEABLE SETTLEMENT AGREEMENT

Each of the parties has entered into this Settlement Agreement with the specific understanding that it is enforceable by the court in which the Subject Litigation has been filed. The parties agree to allow the court in which the Subject Litigation has been filed to retain jurisdiction to enforce the terms of this Settlement Agreement pursuant to *Code of Civil Procedure* section 664.6.

15.    CONSTRUCTION.

     As used in this Settlement Agreement, the masculine, feminine or neuter gender, the singular or plural numbers and the conjunctive or disjunctive shall each be deemed to include the other whenever the context so indicates. This Settlement Agreement shall be construed in accordance with its fair meaning, the captions being for the convenience of the parties only and not intended to describe or define the provisions in the portions of the Settlement Agreement to which they pertain. The terms of this Settlement Agreement have been freely negotiated by the parties, and this Settlement Agreement shall not be construed against the drafter, as these drafting services have been performed as a courtesy to the other parties to this Settlement Agreement. In the event that any provision of this Settlement Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect.

16.    CROSS-REFERENCES.

     Any cross-references in this Settlement Agreement, unless specifically directed to another agreement or document, refer to provisions within this Settlement Agreement and shall not be considered to be references to the overall transaction or to any other agreement or document.

17.    CALIFORNIA LAW.

     Under this Settlement Agreement, any and all rights and duties set forth in it, including matters of construction, validity and performance, shall be interpreted, enforced and governed by the laws of the State of California, applicable to written instruments entered into solely in California.

18.    COVENANT NOT TO FILE COMPLAINT OR GRIEVANCE.

     The parties hereto represent and warrant that they will not initiate or cause to be initiated any action or proceeding pertaining to or concerning the licenses of any sales agents, employees or representatives of Defendants, past or present, which arises out of or relates, in whole or part, directly or indirectly, to any claim, demand, cause of action, chose in action or matter covered by the waivers and releases of such parties hereunder or to the Subject Litigation and that they will not file any grievance with any Board of Realtors, Department of Real Estate or Department of Corporations or any governmental agency with regard to the transaction that serves as the basis of this Settlement Agreement or of the Subject Litigation, or any aspect of this Settlement Agreement or the Subject Litigation. The parties acknowledge and confirm that the consent of each party to enter into this Settlement Agreement is predicated upon the representations and warranties contained herein and that absent such representations and warranties they would not have executed this Settlement Agreement.

19.    PARTIES TO AGREEMENT

       Should any party to this agreement refuse or fail to abide by the terms of the agreement, such refusal or failure will not invalidate the agreement as to the remaining parties.

20.    SEVERABILITY.

       If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the rest of this Settlement Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

21.    EFFECTIVE DATE OF AGREEMENT.

       This Settlement Agreement shall take effect immediately upon execution by the last signatory.

22.    EXECUTION IN COUNTERPARTS

       This settlement agreement may be executed in counterparts which, taken together, shall be deemed one document.

23.    CONTINGENCY ON COURT FINDING SETTLEMENT IN GOOD FAITH

       The consummation of this Agreement, and the effectiveness of the general releases contained herein, are subject to an order of the court in the Subject Litigation, that the settlement contained herein is made in good faith, within the meaning of Code of Civil Procedure Section 877.6, and that all Cross-Complaints arising out of the Subject Litigation be dismissed with prejudice.  Within 20 days Settling Defendants shall cause to be filed in the Subject Litigation a motion pursuant to Code of Civil Procedure Section 877.6 that the settlement set forth herein is made in good faith.

**YOUR RIGHTS ARE AFFECTED BY THIS SETTLEMENT AGREEMENT. READ IT CAREFULLY.**

     THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ THIS COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

     PLAINTIFF:

By:   _____

     Juan Cuevas               Dated:

     APPROVED AS TO FORM AND CONTENT:

     **LAW FOUNDATION OF SILICON VALLEY**

By:   _____

     Annette D. Kirkham, Esq.
     Attorney for Plaintiff,
     Juan Cuevas               Dated:

     DEFENDANTS

     **ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES**

By:   _____

     Alvin C. Silbernagel individually and
     on behalf of Alvin C. Silbernagel dba
     Altas Realty dba Atlas Financial Services
                   Dated:

By: _____

    Samantha Trevino                Dated:


APPROVED AS TO FORM AND CONTENT:

**CARLSON LAW GROUP, INC.**


By: _____

    Mark C. Carlson, Esq.
    Attorney for Defendants,
    Alvin C. Silbernagel dba Altas Realty dba
    Atlas Financial Services, Alvin Silbernagel
    and Samantha Trevino           Dated:

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my present address is: 6345 Balboa Boulevard, Suite 257, Encino, California 91316.

On March 24, 2008 I served the foregoing document described as **NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT TO** *CODE OF CIVIL PROCEDURE* **SECTION 877.6(a)(1) BY DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES; ALVIN CLAIR SILBERNAGEL AND SAMANTHA TREVINO; DECLARATION OF MARK C. CARLSON IN SUPPORT THEREOF** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

XX BY EMAIL to the parties as set forth on the Service List Attached hereto.

BY OVERNIGHT EXPRESS DELIVERY. I deposited it in a box or other facility regularly maintained by FEDERAL EXPRESS, or delivered it to a driver or courier authorized by FEDERAL EXPRESS to receive documents, in an envelope designated by FEDERAL EXPRESS, with deliver fees provided for, and with delivery requested for the next business day.

BY FACSIMILE TRANSMISSION, by use of facsimile machine telephone number (818) 345-1265, in accordance with Code of Civil Procedure §1013(e) and California Rules of Court 2.306, to the within parties at the facsimile number(s) indicated. The fax machine I used complied with Rule 2.301 and this transmission was reported as complete and without error. Under Rule 2.304, I caused the machine to print a transmission record of the transmission report which was issued by the transmitting facsimile machine, a copy of which is attached to the original thereof.

Executed on March 24, 2008 at Encino, California.

___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Ann A. Malone

DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL AND SAMANTHA TREVINO'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; DECLARATION OF MARK C. CARLSON IN SUPPORT THEREOF
12

1
<u>**Juan Cuevas v. Altas Realty/Financial Services Inc., et al**</u>
USDC Case No.: CV-07-2814-JF/PVT

2

3
Annette D. Kirkham, Esq.

4
Mona M. Motwani, Esq.
Law Foundation Of Silicon Valley

5
111 West Saint John Street, #315
San Jose, California 95113

6
Attorneys for Plaintiff, Juan Cuevas
Email: annettek@lawfoundation.org

7
Telephone No.:  (408) 293-4790

8
Facsimile No.:   (408) 293-0106

9
Bart E. Volkmer, Esq.

10
Brian Danitz, Esq.
Wilson Sonsini Goodrich & Rosati

11
Professional Corporation
650 Page Mill Road

12
Palo Alto, California 94304-1050
Attorneys for Plaintiff, Juan Cuevas

13
Email: bdanitz@wsgr.com

14
Telephone No.:  (650) 493-9300
Facsimile No.:   (650) 565-5100

15

16
Mona Motwani
Law Foundation of Silicon Valley

17
Fair Housing Law Project
111 W. St. John Street, Suite 315

18
San Jose, California 95113
Attorney for Plaintiff, Juan Cuevas

19
Email: monam@lawfoundation.org
Telephone No.: (408) 280-2448

20

21
Keith David Yandell, Esq.
Reed Smith LLP

22
1999 Harrison Street, Suite 2400
Oakland, CA 94612

23
Attorney for Defendant World Savings Bank FSB

24
Telephone No.:  (510) 466-6820
Facsimile No.:   (510) 273-8832

25
kyandell@reedsmith.com

26

27

28
DEFENDANTS, ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL AND SAMANTHA TREVINO'S NOTICE OF MOTION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; DECLARATION OF MARK C. CARLSON IN SUPPORT THEREOF
13