Jack R. Nelson (SBN 111863)
Keith D. Yandell (SBN 233146)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:  +1 510 763 2000
Facsimile:  +1 510 273 8832

Attorneys for Defendant World Savings Bank, FSB (erroneously sued as "World Savings, Inc. dba World Savings Bank FSB")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN CUEVAS,<br><br>            Plaintiff,<br><br>     vs.<br><br>ATLAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California corporation, dba ATLAS REALTY, dba ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL, SAMANTHA TREVINO, WORLD SAVINGS, INC., dba WORLD SAVINGS BANK, FSB, and DOES 1 to 100,<br><br>            Defendants. | Case No. C07 02814 JF<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR DETERMINATION THAT SETTLEMENT IS IN GOOD FAITH AND FOR ORDER BARRING INDEMNITY AND CONTRIBUTION CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         May 23, 2008<br>Time:        9:00 a.m.<br>Place:       Department 3<br>Compl. Filed:  May 30, 2007<br><br>Honorable Jeremy Fogel |

# I. INTRODUCTION

PLEASE TAKE NOTICE THAT, on May 23, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 3 of this Court, Plaintiff Juan Cuevas ("Cuevas") and Defendant World Savings Bank, F.S.B. ("World"), will, and hereby do, move this Court for an order determining the Settlement Agreement and Release (Exhibit A to Yandell Declaration) is entered into in good faith under federal law and California Code of Civil Procedure Sections 877 and 877.6, and further ask this Court to bar any non-settling party from seeking contribution or indemnification from World in this action or in any other action.

In addition, the parties request an Order precluding the non-settling defendants from later claiming that Cuevas settled too cheaply with World. In particular, the settlement with World should merely reduce plaintiff's claims against non-settling defendants by the fair market value of the actual settlement with World.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## II

## INTRODUCTION

In 2007, Cuevas filed a Complaint against World and others in the United States Court for the Northern District for the State of California, entitled Juan Cuevas v. Atlas Realty, et al., Case No. C07 02814 (the "Action"). His complaint alleged that the "Defendants," including World, breached statutory duties under the Truth in Lending Act ("TILA") and Home Ownership Equity Protection Act ("HOEPA"). In addition, Cuevas' Complaint to alleged causes of action grounded in California Civil Code Section 1632, California's Unfair Competition Law, California Business & Professions Code Section 17200, *et seq.* ("UCL"); negligence; fraud; negligent misrepresentation; rescission;

unjust enrichment; and violation of the California Consumers Legal Remedies Act, California Civil Code Sections 1750 *et seq.* ("CLRA").

World and Mr. Cuevas have now reached a settlement of Mr. Cuevas' claims with respect to World and have entered into a settlement agreement ("the Agreement") (Yandell Declaration ¶ 2). The Agreement provides for a modification of Mr. Cuevas' existing loan at a lower rate, waiver of the loan modification fee, waiver of traditional prepayment penalties, reduction of the principal balance on the load and payment of some of his attorneys' fees. The Agreement requires that an order issued from this Court barring non-settling defendants from seeking contribution or indemnity from World and approving the Agreement. (Yandell Decl. ¶ 2).

## III

## LEGAL ANALYSIS

**A.  The Settlement Was Made in "Good Faith" Within the Meaning of California Code of Civil Procedure Sections 877 and 877.6**

Because the instant action involves both state and federal substantive claims, the settling parties seek a determination of good faith pursuant to both federal and state law. Under California law, if a trial court determines a settlement was entered into in good faith, a settling defendant is relieved from any further liability for equitable indemnification. Cal. Code of Civ. Proc. §877.6(c). While there is no precise yardstick for measuring the good faith of a settlement of one of several alleged tortfeasors, California courts have generally applied factors set forth in Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488 (1985). In Tech-Bilt, the Court enumerated the following factors to be used in determining the good faith of a settlement: 1) the rough approximation of plaintiffs' total recovery and the settlor's proportionate liability; 2) the amount paid in settlement; 3) the allocation of settlement proceeds among plaintiffs; and 4) a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Id. at

499. Further, the Court noted that other considerations would include "the financial conditions and insurance policy limits of the settling defendants, as well as the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." Id.

In the present case, the landmark signs of fairness are present. The settling parties engaged in lengthy arms length negotiations over the specific terms of the loan modification, during which both parties made substantial concessions. (Yandell Decl. ¶3). The result of these lengthy negotiations is the Agreement, pursuant to which World agreed to "buy-down" the rate of Cuevas' loan, lower his minimum monthly payment, waive prepayment penalties and waive the loan modification fee. (Yandell Decl. ¶3). In addition, World agreed to change the loan from one with a variable interest rate to one with a fixed rate, reduce the principal amount owed on the loan and pay some of Mr. Cuevas' attorneys' fees. (Yandell Decl. ¶ 3). Thus, the settlement is fair and reasonable.

**B.    All Contribution Claims Should Be Barred Under Federal Law**

The instant lawsuit alleges a violation of state and federal law against all defendants.

The effect of a settlement with one of several defendants for actions based on federal law is a federal question. Musick, Peeler & Garrett v. Employers Ins. Of Wausau, 508 U.S. 286, 294 (1993). For tort claims, federal law looks to state law to determine these effects. For example, the Ninth Circuit held state law governed the effect of a partial settlement in Owen v. United States, 713 Fed. 2d 1461, 1464 (9th Cir. 1983). California law provides that a good faith settlement with one of several tortfeasors or co-obligors reduces the amount recoverable against the non-settling defendants *pro tanto*. CCP §877(a); Engle v. Endilch, 9 Cal. App. 4d 1152, 1163 (1992). Under this analysis, the amount recoverable against the non-settling defendants is reduced by the value of the consideration paid by the settling defendants.

We submit this rule should apply in the instant case. The Truth in Lending Act provides that there shall be only one recovery when multiple obligors exist. 15 U.S.C. §1640(d). The next sub-section in the Act explicitly provides the consumer set-off rights. 15 U.S.C. §1640(e). This statutory scheme indicates a preference for compelling a *pro tanto* reduction for settlements with only some of the obligors.

Adoption of this set-off or *pro tanto* approach will not unfairly impact the non-settling defendants. They will receive a full credit for the value of the settlement with World. Moreover, this approach encourages settlement by the non-settling defendants because it denies them the opportunity to later argue plaintiff settled too cheaply with World. Thus, metaphysical speculation regarding the relative fault of the parties is eliminated as an issue.

## IV
## CONCLUSION

There can be no doubt given the history of the settlement negotiations and the terms of the Agreement that the parties entered into this settlement in good faith. Therefore, the moving parties respectfully request that the Court enter an order declaring the settlement agreement to be in good faith and barring all contribution and/or indemnity claims against each non-settling party.

DATED: April 16, 2008.

        REED SMITH LLP

        By /s/ Keith D. Yandell
          Jack R. Nelson
          Keith D. Yandell
          Attorneys for Defendant World Savings Bank, FSB
          (erroneously sued as "World Savings, Inc. dba World Savings Bank FSB")

REED SMITH LLP
A limited liability partnership formed in the State of Delaware