Jack R. Nelson (SBN 111863)
Keith D. Yandell (SBN 233146)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA  94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA  94604-2084

Telephone:    +1 510 763 2000
Facsimile:    +1 510 273 8832

Attorneys for Defendant World Savings Bank,
FSB (erroneously sued as "World Savings, Inc.
dba World Savings Bank FSB")

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JUAN CUEVAS,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ATLAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California corporation, dba ATLAS REALTY, dba ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL, SAMANTHA TREVINO, WORLD SAVINGS, INC., dba WORLD SAVINGS BANK, FSB, and DOES 1 to 100,<br><br>　　　　　　　Defendants. | Case No. C07 02814 JF<br><br>**DECLARATION OF KEITH D. YANDELL IN SUPPORT OF MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>Date:　　　　May 23, 2008<br>Time:　　　　9:00 a.m.<br>Place:　　　　Department 3<br>Compl. Filed:　May 30, 2007<br><br>Honorable Jeremy Fogel |

I, KEITH D. YANDELL, DECLARE:

1.      I am an attorney at law and an associate at the law firm of Reed Smith LLP, attorneys for Defendant World Savings Bank, FSB ("World").  I am licensed to practice in the United States District Court, Northern District of California.  I make the following declaration of my own knowledge and, if called as a witness, I could and would testify to the same.

2.      Plaintiff Juan Cuevas and Defendant World were able to reach a settlement in this matter.  A true and correct copy of the settlement is attached as Exhibit A.

3.      World and Mr. Cuevas exchanged no less than 6 formal settlement offers and/or responses before reaching the attached settlement agreement.  As a result of the negotiations, World agreed, *inter alia*, to lower the rate on Mr. Cuevas' loan, change the loan from one with a variable interest rate to one with a fixed rate, waive the loan modification fee as well as traditional prepayment penalties and to reduce the principal balance on Mr. Cuevas' loan.  Further, Wachovia agreed to pay for certain of Mr. Cuevas' attorney's fees.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  April 16, 2008.

By /s/ Keith D. Yandell_____
Keith D. Yandell

**EXHIBIT A**

# SETTLEMENT AGREEMENT

## I.    The Parties

This Settlement Agreement (the "Agreement") is effective as of February 2008 (the "Effective Date") as between Wachovia Mortgage FSB, formerly known as "World Savings Bank, FSB," on behalf of itself and its parent, subsidiary and affiliate corporations and entities and their directors, officers, employees, actual agents, authorized representatives, attorneys and insurers, including its successors and assigns, and including specifically Wachovia Corporation and its subsidiaries (collectively, "World Savings") on the one hand and, on the other, Juan Cuevas, an individual residing in the State of California, on behalf of himself and his dependents, heirs, successors and assigns ("Cuevas"). World Savings and Cuevas are referred to herein collectively as the "Parties."

## II.    Origin of The Parties' Dispute

In February 2006, Cuevas entered into discussions with Samantha Trevino ("Trevino") and her mortgage brokerage firm, Atlas Realty/Financial Services, Incorporated ("Atlas") regarding the possibility of using Atlas to assist him in his effort to refinance his home loan. Cuevas alleges that these discussions took place exclusively in Spanish. Cuevas further alleges that, on about May 31, 2006, Cuevas, as sole borrower, executed a Loan Agreement in favor of World Savings ("the Note") for the purpose of receiving World Savings Loan Number 0043140748, in the principal amount of $437,000 (the "Loan"). Pursuant to a Deed of Trust, also dated as of May 31, 2006, under which World Savings was and is the beneficiary (the "Deed of Trust"), the Loan was secured by property that was and is owned by Cuevas, located at 672 Swallow Dr., San Jose, CA, 95111-1348 (the "Property").

In 2007, Cuevas filed a Complaint against World Savings and others in the United States Court for the Northern District of California entitled Juan Cuevas v. Atlas Realty, et al., Case No. 5:07-cv-02814 (the "Action"). His complaint alleged that the "Defendants," including World Savings, breached statutory duties under the Truth in Lending Act ("TILA") and California Civil Code Section 1632. In addition, Cuevas's Complaint alleged that Defendants committed numerous common law torts including fraud, negligent misrepresentation, negligence and unjust enrichment, and violated the California Unfair Competition Law [Cal. Bus. & Prof. Code Section 17200. et seq.].

## III.    Compromise and Release Provisions

Cuevas and World Savings have now reached an agreement under which the Parties desire to compromise all claims, known or unknown, which have been, or could have been, raised, in the Action, up to and including the Effective Date, including specifically, but not limited to, those claims which were or could have been alleged as a result of the facts and matters placed at issue in the Action, whether such claims are known or unknown at present. This compromise and release applies only to Cuevas and World Savings and should not be read to include any other defendants.

Accordingly, for good and valuable consideration, including the mutual covenants herein contained, the Parties agree as follows:

### A.    World Savings' Agreement To Modify The Loan

World Savings hereby agrees to modify the Loan pursuant to the terms of the Loan Modification Agreement ("Modification") attached hereto as Exhibit A. The effective date of the Modification shall be February 29, 2008. The Modification is effective February 29, 2008 even if the Court has not approved the Agreement as a good faith settlement under California Code of Civil Procedure §877.6 or the Agreement did not reach the office of World Savings in San Antonio Texas. Further, World Savings agrees to waive the fee that ordinarily would be associated with the Modification ("Fee Waiver"). World Savings further agrees to waive any prepayment penalty ("Prepayment Waiver") that might otherwise be associated with the Modification. Other than the Fee and Prepayment Waivers and those terms of the Loan expressly altered by the terms of the Modification, this Agreement shall have no effect on any other provision of the Note or Deed of Trust, including, but not limited to, any fees, costs or charges related in any way to the Loan. The Note and Deed of Trust both remain in full force and effect, and the Loan shall continue to be performed and serviced in accordance with those instruments and applicable law.

### B.    World Savings' Agreement To Pay Attorneys' Fees

As a complete compromise of Cuevas's claim against World Savings for attorneys' fees under the Complaint, World Savings agrees to pay to The Law Foundation of Silicon Valley, as Cuevas's counsel of record in this Action, by cashiers' or certified check(s), the sum of Seven Thousand Five Hundred ($7,500.00) in good funds as full and final satisfaction of all claims for attorneys' fees relating in any way to any claims by Cuevas against World Savings made or which could have been made in the Action, and World Savings' participation in the Note, the Deed of Trust, the Loan and/or any claim Cuevas has or may have against World Savings. Cuevas agrees this sum shall be the full amount claimed by Cuevas at any time for attorneys' fees or costs he has incurred relating to such matters. In all other respects as between them, the Parties shall each bear their own costs and attorneys' fees relating to the Action and all matters referenced herein.

### C.    General Release of World Savings by Cuevas

With the sole exception of the executory provisions of this Agreement, Cuevas hereby forever releases World Savings of and from any and all causes of action, claims and/or demands, whether known or unknown, which Cuevas now has or has ever had from the beginning of time up to the effective date of this Agreement, and including specifically, but not necessarily limited to, all claims for relief and causes of action brought, attempted to be brought or which could have been brought in the Action and/or arising out of or related in any way to the Note, the Deed of Trust and/or the Loan.

### D.    Cuevas's Covenant Not to Sue World Savings

Cuevas agrees that he will not bring, commence, maintain or prosecute, directly or indirectly, or assign any right to bring, maintain or prosecute, any action at law or proceeding in equity or any legal or administrative proceeding or other claim for damages or other relief against World Savings, based in whole or in part upon the matters which are the subject of Cuevas's general releases as described in Paragraph III(C) of this Agreement.

- 2 -

### E.    Dismissal of Cuevas's Causes of Action Against World Savings

In consideration of the agreements and other consideration provided herein, Cuevas agrees that, within ten (10) business days after the execution of this Agreement by Cuevas and World Savings and their counsel of record in the Action, Cuevas' counsel of record in the Action shall execute and submit to the court in the Action a Request for Dismissal With Prejudice of each and every cause of action alleged in the Action by Cuevas against World Savings.

### F.    Good Faith Settlement Determination

Cuevas agrees to cooperate in and support, via declaration(s) from Cuevas's counsel if requested by World Savings, in the motion or request by World Savings to the Court in the Action for a determination that the terms of this Agreement represent a settlement in "good faith" pursuant to, and for all purposes as governed by, Title 11 of the California Code of Civil Procedure, Sections 875 *et seq.*, and further agrees that finality and enforcement of this settlement is conditioned upon an Order being issued in this Action finding that the terms of this Agreement were reached in "good faith" as defined by California Code of Civil Procedure Section 877.6. World agrees to make this motion within 20 days of execution of the Agreement. If the Court fails to approve this Agreement as being "in good faith" under CCP §877.6, the Parties agree that they will attempt to modify the Agreement to address the Court's concerns. If they are unable to secure to agree on such modification(s) and/or the Court's approval, the Parties each shall have the power to cancel the Agreement and terminate their obligations thereunder, including under the Modification.

## IV.    Representations and Warranties

Cuevas represents and warrants that, at all times referred to herein, he alone owned the claims that he is releasing under this Agreement, that no other person or entity has or has had any interest in said claims and that he has the sole right to execute this Agreement regarding such claims. Cuevas further represents and warrants that he has not and will not sell, assign, convey or otherwise transfer, prior to the Effective Date, any claim or demand which he has ever had, or now has, against World Savings, whether directly or through another person or entity.

Cuevas further represents and warrants that he has not, and will not have prior to the Effective Date, sold, transferred, gifted, deeded, encumbered or otherwise transferred or diluted in any way his sole fee ownership interest in the Property such that World Savings' security interest in the Property for the Loan has been or will be extinguished, disrupted or diminished or diluted in any way.

## V.    No Admission of Liability

This Agreement is intended as means of settling disputed claims, liability for which is expressly denied by World Savings. Neither this Agreement or any of its terms or considerations is to be deemed, construed or proffered as an admission of liability or responsibility by World Savings at any time for any purpose.

## VI.    Representation By Independent Legal Counsel

The Parties confirm and agree that they have been represented in negotiations for, and preparation of, this Agreement by independent legal counsel of their own choosing, that their duly authorized representatives and legal counsel have each read this Agreement, that they each have had it fully explained to them by their legal counsel, that they are fully aware of its

contents and its legal effect and that, under such circumstances, they have each voluntarily agreed to execute this Agreement and abide by its terms.

## VII.    Waiver by Cuevas of California Civil Code Section 1542 Regarding Unknown

## Claims

Cuevas has been advised by his legal counsel of the existence and legal effect of Section 1542 of the Civil Code of California, and expressly waives the benefits of that statute. In doing so, he recognizes and confirms his understanding that said statute provides that:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release which, if known by him, must have materially effected his settlement with the debtor."

Cuevas realizes and acknowledge that he may have sustained, or might sustain in the future, losses because of some action by, or allegedly taken on behalf of, World Savings that is the subject of a release given to World Savings by this Agreement, and further acknowledges that such losses are presently unknown and unsuspected and/or may manifest in the form of future loss and/or expense. Nonetheless, Cuevas acknowledges and agrees that this Agreement has been negotiated and agreed upon in light of this realization and, being fully aware of the situation, he intends to release and forever discharge World Savings as set forth above from any and all such unknown claims; including damages which are unknown and unanticipated.

## VIII.    Severability

The terms of this Agreement are severable. Should any portion (word, clause, phrase, sentence or paragraph) be declared by a Court of competent jurisdiction to be void or unenforceable in any particular jurisdiction, such portion shall be considered independent and severable from the remainder and shall not effect the enforceability of the remainder of the Agreement. If any portion as written should be interpreted by a Court of competent jurisdiction to be so broad as to be unenforceable, then such portion shall be restricted only to the extent necessary to make such portion enforceable to the fullest extent permitted by law.

## IX.    Construction of Terms

The Parties have cooperated and participated in the drafting and preparation of this Agreement, and in any dispute over construction or interpretation of this Agreement, no term shall be construed against any Party on the basis that such Party drafted any provisions of this Agreement.

## X.    Integration Clause

This Agreement constitutes the entire and sole agreement between World Savings and Cuevas as to the matters referred to herein, and any prior or contemporaneous agreement,

-4-

promise, negotiation or understanding not expressly set forth in writing within this Agreement shall be of no force or effect. This Agreement shall not be altered, modified or otherwise changed except by a writing executed by both Cuevas and a duly authorized representative of World Savings.

**XI.    Release by Cuevas of All Present and Future Claims Regarding Spanish Language Version or Interpretation of All Loan Documentation**

The Parties acknowledge and agree that the negotiations for this Agreement and all related matters, including the Modification, have been conducted, by and through the respective counsel of record for the Parties in the Action, solely in the English language, and that counsel for each Party has also reviewed, prior to executing this Agreement and prior to permitting either of the Parties to execute this Agreement and the Modification: (1) the Note; (2) the Deed of Trust; and (3) all original documentation of the Loan. Cuevas nonetheless freely and voluntarily, and upon the advice of independent legal counsel of his selection, releases Wachovia Savings from any claim under California Civil Code Section 1632 or any related of similar law, statute and/or regulations, whether local, state or federal, that World Savings was or is required to prepare or present this Agreement, the Note, the Deed of Trust, any documentation regarding the Loan, and/or the Modification, to him in the Spanish language, not withstanding any claim that has been, could or may be made by Cuevas under California Civil Code Section 1632 or any related of similar law, statute and/or regulations, whether local, state or federal, with respect to any of such agreements or writings.

**XII.    Notices**

Any notices required to be sent hereunder shall be delivered via registered U.S. Mail or by overnight delivery service, as follows (unless changed by the either Party in writing):

If to World Savings:    *to*    Michael B. Goldberg, Esq.
Vice President/Assistant General Counsel
Wachovia Corporation (Legal Division)
c/o San Antonio Operations Center
4101 Wiseman Blvd.
Mail Code TX 1621
San Antonio, TX 78251

*and to:*    Jack R. Nelson, Esq.
Reed Smith LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111

If to Cuevas:    *to*    Annette D. Kirkham
Law Foundation Of Silicon Valley
111 West Saint John St., #315
San Jose, CA 95113

- 5 -

*And to:*　　Juan Cuevas
672 Swallow Dr.
San Jose, CA 95111

## XIII.　Choice of Law, Forum and Venue

This Agreement, and the respective rights and obligations of the Parties hereunder, shall be construed under and by the laws of the State of California. The Parties agree further that the proper venue for any dispute matter which may be brought before a court of competent jurisdiction that arises out of, relates to this Agreement, or the formation of this Agreement, shall be the United States Court for the Northern District of California.

## XIV.  Counterparts

This Agreement may be executed in counterparts, each of which shall be an original and all of which, taken together, shall constitute a single instrument.

DATED:  February 2?, 2008.

_____
Juan Cuevas


DATED:  February ___, 2008.          **WORLD SAVINGS BANK, FSB**

By _____

[Print]  *MICHAEL B. GOLDBERG*

Its:  *VICE PRESIDENT + ASST. General Counsel W/ACHOVIA Corporation, parent co. for W/ACHOVIA Mortgage FSB, FKA World Savings Bank, FSB*

**APPROVED AS TO FORM AND CONTENT:**

REED SMITH LLP                          LAW FOUNDATION OF SILICON VALLEY


By _____     By _____
        Jack R. Nelson                          Annette D. Kirkham

Attorneys for World Savings Mortgage, FSB    Attorneys for Juan Cuevas


## CERTIFICATION OF PLAINTIFF'S COUNSEL:

I, Annette D. Kirkham, am a lawyer licensed to practice in the State of California and am employed by Fair Housing Law Project of the Law Foundation of Silicon Valley ("FHLP"). FHLP is counsel of record for Juan Cuevas in the Action.  FHLP attorneys have personally met with and advised Mr. Cuevas fully of the nature, effect and terms of this Agreement, including having all of such matters explained to Mr. Cuevas in the Spanish language and translating all of the terms of the Agreement into Spanish for him so as to eliminate any possibility that Mr.

- 7 -

Cuevas, given his limited comprehension of the English language, fails to comprehend his settlement with World Savings as reflected herein. I am satisfied that Mr. Cuevas fully understands the nature and effect of this Agreement, as well as all of the rights that he is compromising, extinguishing and/or gaining by executing this Agreement and the Modification that Mr. Cuevas and World Savings are agreeing to execute to carry out the terms of this Agreement.

I further confirm that all negotiations with World Savings over this Agreement and the Modification on behalf of Mr. Cuevas were conducted in the English language and that attorneys from FHLP, in the course of pursuing the Action on Mr. Cuevas' behalf, have reviewed the Note, the Deed of Trust, the Modification and all of the documentation that Mr. Cuevas executed or was given with respect to the Loan.

I understand and agree that World Savings, as well as any court of competent jurisdiction, is entitled to rely on my representation set forth herein in executing, and hereafter enforcing, this Agreement and the Modification.

I declare under penalty of perjury under the laws of the State of California that the foregoing Certification of Plaintiff's Counsel is true and correct.

Dated: February 27, 2008.

Annette D. Kirkham

- 8 -