ANNETTE D. KIRKHAM, State Bar No. 217958
annettek@lawfoundation.org
LAW FOUNDATION OF SILICON VALLEY
111 West Saint John Street, #315
San Jose, CA 95113
Telephone:    (408) 293-4790
Facsimile:    (408) 293-0106

BART E. VOLKMER, State Bar No. 223732
BRIAN DANITZ, State Bar No. 247403
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100
bdanitz@wsgr.com

Attorneys for Plaintiff
JUAN CUEVAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN CUEVAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ATLAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California corporation, dba ATLAS REALTY, dba ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL, and SAMANTHA TREVINO, WORLD SAVINGS, INC., dba WORLD SAVINGS BANK, FSB and DOES 1 to 100,<br><br>　　　　　Defendants. | Case No. 5:07-cv-02814 (JF)<br><br>**JOINT STATEMENT REGARDING FURTHER CASE MANAGEMENT**<br><br>Date: May 23, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 3<br><br>Honorable Jeremy Fogel |

JOINT STATEMENT RE CASE MANAGEMENT
CASE NO. 5:07-cv-02814 (JF)

1   The parties jointly submit this Statement Regarding Further Case Management pursuant
2   to Civil Local Rule 16-10.

3   **Brief Description of the Case**

4   On May 30, 2007, Plaintiff Juan Cuevas filed a Complaint against World Savings Bank, FSB, ("World Savings") and Atlas Realty, Alvin Silbernagel and Samantha Trevino (collectively, "Atlas") in the United States Court for the Northern District for the State of California, entitled Juan Cuevas v. Atlas Realty, et al., Case No. C07 02814. Plaintiff filed a First Amended Complaint ("FAC") on August 31, 2008. The FAC alleged that the defendants engaged in predatory loan practices breaching various statutory duties under the Federal Truth in Lending Act, California Civil Code Section 1632, the California Consumers Legal Remedies Act ("CLRA"), and California Business & Professions Code Section 17200, et seq. The Complaint also alleged causes of action for negligence, fraud, negligent misrepresentation, rescission, unjust enrichment, and breach of fiduciary duty. On October 9, 2007, Defendant World Savings filed a Motion to Dismiss the second, sixth, seventh, eighth, and ninth claims under Federal Rule of Civil Procedure 12(b)(6). On October 10, 2008, Defendant Atlas filed a Motion to Dismiss the FAC under Federal Rule of Civil Procedure 12(b)(1). On December 14, 2007, the Court held the hearing on the motions to dismiss and entered a minute order taking the motion under submission, referring the parties to court mediation, and scheduling a further CMC for March 14, 2008. On January 30, 2008, the Court entered an Order denying Atlas' motion to dismiss and granting World Savings' motion with respect to the CLRA claim but denying the motion as to all other counts.

In March 2008, the parties entered into settlement negotiations. On March 14, 2008, pursuant to stipulation, the Court continued the CMC until April 18, 2008. On April 15, 2008, pursuant to stipulation, the Court continued the CMC until May 23, 2008.

25  / / /
26  / / /
27  / / /
28  / / /

**Settlement with World Savings Bank, FSB**

In February and early March 2008, Defendant World Savings and Plaintiff engaged in lengthy arms length negotiations regarding a fair and reasonable loan modification and settlement of this action. The result of these lengthy negotiations was a Settlement Agreement, pursuant to which World agreed to "buy-down" the rate of Mr. Cuevas' loan, lower his minimum monthly payment, waive prepayment penalties and waive the loan modification fee. In addition, World agreed to change the loan from one with a high variable interest rate to one with a fixed rate of 5.75%., to reduce the principal amount owed on the loan by $44,121.00 and to pay $7,500 of Mr. Cuevas' attorneys' fees. A true and correct copy of the executed settlement agreement between Mr. Cuevas and World Savings Bank, FSB is attached hereto as Exhibit A.

In consideration of settlement, Plaintiff and World Savings filed a stipulated dismissal and proposed order on March 12, 2008. The Court entered the order dismissing the complaint with prejudice as to defendant World Savings on March 19, 2008. The stipulation and order also provided that this Court shall maintain exclusive jurisdiction to enforce the Settlement Agreement and that except as provided in the Settlement Agreement, the parties shall maintain their own costs. On April 16, 2008 World Savings filed a Motion for Determination that Settlement is in Good Faith and for Order Barring Indemnity and Contribution Claims which is set for hearing on May 23, 2008 at 9:00 a.m., the date of the Case Management Conference.

World Savings Bank has performed on its obligations under the settlement agreement.

**Settlement with Atlas Realty**

In mid-March 2008, Defendant Atlas and Plaintiff engaged in negotiations regarding a fair and reasonable settlement. The result of these negotiations was a Settlement Agreement, pursuant to which the parties agreed to a general and mutual release of all claims and to bear their own litigation costs. In addition, the settlement agreement provided that within 10 days of notice of a Court Order determining that the settlement agreement was entered into in good faith, Plaintiff will dismiss the FAC as to Atlas and Atlas will pay Plaintiff the sum of $12,000 in satisfaction of all claims. A true and correct copy of the executed settlement agreement between Mr. Cuevas and Atlas is attached hereto as Exhibit B.

On March 24, 2008 Atlas filed a Motion for Determination of Good Faith Settlement which is set for hearing on May 23, 2008 at 9:00 a.m., the date of the Case Management Conference.

Dated: May 20, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Brian Danitz
      Brian Danitz

Attorneys for Plaintiff
Juan Cuevas

Dated: May 20, 2008

REED SMITH, LLP

By: /s/ Keith D. Yandell
      Keith D. Yandell

Attorneys for Defendant
WORLD SAVINGS BANK, FSB

Dated: May 20, 2008

CARLSON LAW GROUP, INC.

By: /s/ Mark C. Carlson
      Mark C. Carlson

Attorneys for Defendants
ATLAS REALTY, ALVIN SILBERNAGEL,
and SAMANTHA TREVINO

### ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Brian Danitz, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2008, at Palo Alto, California.

/s/ Brian Danitz
Brian Danitz