**Exhibit B**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Mutual Releases (hereinafter referred to as the "Settlement Agreement") entered into and effective as of March 5, 2008 by and between JUAN CUEVAS (hereinafter referred to as "Plaintiff") on the one hand and ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL and SAMANTHA TREVINO (hereinafter referred to collectively as "Defendants") on the other hand.

### RECITALS

a.      This matter arises out of Plaintiff's execution of a loan agreement, promissory note and related documents in connection with a refinance mortgage loan that was extended by World Savings Bank FSB in or about May 2006 and was secured by Plaintiff's real property commonly known as 672 Swallow Drive, San Jose, California (hereinafter referred to as Subject Property). Defendants assisted Plaintiff in obtaining the refinance mortgage loan extended by World Savings bank FSB. This loan transaction is hereinafter referred to herein as the "Subject Loan."

b.      On or about May 30, 2007, Plaintiff filed a lawsuit entitled *Juan Cuevas vs. Altas Realty/Financial Services, Incorporated et al., bearing Northeast District of California Court Case No.: 5:07-cv-02814(JF)*, followed by a First Amended Complaint, concerning a dispute in connection with the Subject Loan seeking damages from Defendants for, among other things, breach of fiduciary duty; unjust enrichment; violation of statutory duties; fraud; negligence and violations of the Federal Truth In Lending Act and Consumer Legal Remedies Act (hereinafter "Subject Litigation").

c.      By this Settlement Agreement, all parties hereto intend to fully and completely resolve any and all differences between and among them, including, but not limited to, any and all claims they may have regarding all allegations made by the parties to the Subject Litigation concerning the execution of the Subject Loan or the encumbrance of the Subject Property.

d.      Plaintiff and Defendants desire to minimize the time and expenses, which they may incur in connection with the Subject Litigation.

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed as follows:

### SETTLEMENT

1.      INTENT OF THE PARTIES.

By entering into this Settlement Agreement, it is the intent of Plaintiff and

Defendants to compromise and settle their claims against each other, and those of their past, present and future principals, agents, officers, directors, shareholders, employees, employers, partners, successors, assignees, heirs, devisees, indemnitors, insurance companies and attorneys, relating to or arising from the Subject Litigation, and to release same from any and all liability for damages and/or injuries arising in connection with the Subject Loan, encumbrance of the Subject Property and all other matters expressly or impliedly raised in the Subject Litigation. This Settlement Agreement is not, and shall not be treated as, an admission of liability by any party to this Settlement Agreement for any purpose.

## 2.     RELEASE AND DISCHARGE.

Plaintiff hereby releases and discharges Defendants, their predecessors and successors in interest, heirs, assigns and their past, present and future principals, agents, officers, directors, shareholders, employees, employers, partners, assignees, heirs, devisees, indemnitors, insurance companies and attorneys from any and all past, present or future claims, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, expenses and compensation, whether based on tort, contract or other legal or equitable theories of recovery which Plaintiff has against Defendants, or which may later accrue to, or be acquired by Plaintiff against Defendants, arising from the Subject Loan, the encumbrance of the Subject Property, and all other matters expressly or impliedly raised in the Subject Litigation.

Defendants hereby release and discharge Plaintiff, his predecessors and successors in interest, heirs, assigns and their past, present and future principals, agents, officers, directors, shareholders, employees, employers, partners, assignees, heirs, devisees, indemnitors and attorneys, from any and all past, present or future claims, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, expenses and compensation, whether based on tort, contract or other legal or equitable theories of recovery, which Defendants have against Plaintiff, or which may later accrue to, or be acquired by Defendants against Plaintiff, arising from the Subject Loan, the encumbrance of the Subject Property, and all other matters expressly or impliedly raised in the Subject Litigation.

## 3.     CONSIDERATION.

As consideration for this Release, the parties agree as follows:

a.     Plaintiff shall file a Dismissal as to Defendants, of his First Amended Complaint in the Subject Litigation, with prejudice, within ten (10) days of receipt of an Order determining this Settlement Agreement was entered into in Good Faith as is provided in Paragraph 23 herein. Plaintiff agrees that this compromise and settlement shall constitute a bar to all future claims, demands, obligations or causes of action against Defendants. This bar shall be effective upon execution of this Settlement Agreement.

2

b.    Defendants agree to pay to Plaintiff the sum of $12,000 within ten (10) days of receipt of an Order determining this Settlement Agreement was entered into in Good Faith as is provided in Paragraph 23 herein. The check shall be made payable to the Law Foundation of Silicon Valley Client Trust Account and Plaintiff and shall be delivered to The Law Foundation of Silicon Valley, 111 West Saint John Street, Suite 315, San Jose, California 95113.

c.    Each of the parties to this Settlement Agreement will bear their own costs, attorneys' fees and all other monies incurred or paid in connection with this Settlement Agreement and the Subject Litigation.

## 4.    RELEASE OF UNKNOWN CLAIMS.

a.    This Settlement Agreement is intended to be a full general and mutual release and to constitute a full and final accord and satisfaction, extending to all claims of any nature that may exist between the parties to this Settlement Agreement, including, without limitation, claims for injuries, damages or losses to their person and their property, real and personal, tangible and intangible, whether known or unknown, suspected or anticipated, unsuspected or unanticipated, arising out of the Subject Loan, the encumbrance of the Subject Property or the Subject Litigation.

b.    All parties to this Settlement Agreement certify that they have read, understand and expressly waive the following provisions of California *Civil Code* section 1542:

> "A general release does not extend to claims which creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

c.    All parties to this Settlement Agreement understand and acknowledge that the significance and consequence of this waiver of California *Civil Code* section 1542 is that even if one of them should eventually suffer additional damages or losses from their prior interactions, or should there exist other undisclosed obligations or liabilities existing between them, including their assignees, they will not be able to make any claim for those damages, losses or obligations. Furthermore, all parties to this Settlement Agreement acknowledge that they intend these consequences even as to claims for damages, losses or obligations that may exist as of the date of this release but which they do not know exist, and which, if known, would materially affect their decision, either singularly or collectively, to execute this release, regardless of the cause of their lack of knowledge.

## 5.    NO ADMISSION.

This Settlement Agreement is the compromise of a disputed claim and fully and

3

finally settles all claims between the parties hereto stemming from any and all dealings, contracts or transactions between the parties, from the beginning of time, and to buy peace and to prevent any further involvement and dispute. Nothing contained in this Settlement Agreement, including, without limitation, the payment of any consideration hereunder or the waiver of any rights hereunder, shall be interpreted or construed to be an admission on the part of, or to the prejudice of, any person or party named herein. Except for the obligations created by this Settlement Agreement, each party or person hereto expressly denies any and all liability associated with or related, whether directly or indirectly, to the Subject Loan or the Subject Litigation and claims therein described.

## 6.     NO ASSIGNMENT.

Plaintiff and Defendants represent and warrant that they have not heretofore assigned, transferred or hypothecated or purported to have assigned, transferred to hypothecated or will in the future assign, transfer or hypothecate to anyone any debt, judgment, claim, liability, demand, action, cause of action, or any interest therein, based upon or arising out of or pertaining to or concerning or connected with any matter, facts, events, circumstances or things released herein.

## 7.     NO INDUCEMENT

The parties declare and represent that no promises, inducements or other agreements not expressly contained herein have been made and that this release contains the entire agreement between the parties and the terms of this Settlement Agreement are contractual and not recitals only.

## 8.     AUTHORITY OF SIGNATORIES.

All parties covenant that they possess the necessary capacity and authority to sign and enter into this Settlement Agreement and that no other individuals or entities have any interest in the Subject Loan, the Subject Property or Subject Litigation that is not hereby waived released and compromised by this Settlement Agreement.

## 9.     BINDING EFFECT.

The provisions of this Settlement Agreement will be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors in interest and assigns of the respective parties hereto.

## 10.    FURTHER DOCUMENTS.

The parties hereto agree to execute and deliver such other additional documents as may be required to effectuate each of the terms of this Settlement Agreement.

4

11.     ADVICE OF ATTORNEY.

Each party warrants and represents that, in executing this Settlement
Agreement, they have relied upon legal advice from the attorney of their choice; that the
terms of this Settlement Agreement have been read, and its consequences (including, but
not limited to, risks, complications and costs) have been completely explained to them by
that attorney; that adequate time has been given for them to consult with their attorney, to
ask any questions concerning this Settlement Agreement, to receive responses to those
questions, and to contemplate the attorney's advice concerning this Settlement
Agreement; and that the parties fully understand the terms of this Settlement Agreement.
The parties to this Settlement Agreement acknowledge, warrant and represent that, in
executing this Settlement Agreement, they have not relied on any inducements, promises
or representations made by any other party to this Settlement Agreement or any person or
entity representing or serving another party, except for those expressly stated in this
Settlement Agreement.

12.     NO MODIFICATION.

This document sets forth the entire agreement between the parties and may not
be altered, amended or modified in any respect except by written instrument, duly
executed by the party to be charged. All earlier understandings, oral agreements and
writings are expressly superseded hereby and are of no further force or effect.

13.     ATTORNEYS' FEES ARISING OUT OF THIS SETTLEMENT
        AGREEMENT.

If any party to this Settlement Agreement becomes involved in a dispute or
controversy, including, but not limited to, arbitration or litigation, arising out of this
Settlement Agreement, or the performance of it, then the prevailing party in such dispute
or controversy, or in a separate suit, shall be entitled to their reasonable costs and
expenses incurred in connection with such dispute or controversy, including expert
witness fees and attorneys' fees, which costs and expenses shall be deemed to have
accrued on the commencement of such dispute or controversy, shall include consultation
expenses and fees, and shall be paid regardless of whether such dispute or controversy is
prosecuted to judgment. The parties agree that the prevailing party shall recover the
reasonable amount of all such expenses and fees incurred.

14.     ENFORCEABLE SETTLEMENT AGREEMENT

Each of the parties has entered into this Settlement Agreement with the
specific understanding that it is enforceable by the court in which the Subject Litigation
has been filed. The parties agree to allow the court in which the Subject Litigation has
been filed to retain jurisdiction to enforce the terms of this Settlement Agreement
pursuant to *Code of Civil Procedure* section 664.6.

5

## 15.    CONSTRUCTION.

As used in this Settlement Agreement, the masculine, feminine or neuter gender, the singular or plural numbers and the conjunctive or disjunctive shall each be deemed to include the other whenever the context so indicates. This Settlement Agreement shall be construed in accordance with its fair meaning, the captions being for the convenience of the parties only and not intended to describe or define the provisions in the portions of the Settlement Agreement to which they pertain. The terms of this Settlement Agreement have been freely negotiated by the parties, and this Settlement Agreement shall not be construed against the drafter, as these drafting services have been performed as a courtesy to the other parties to this Settlement Agreement. In the event that any provision of this Settlement Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect.

## 16.    CROSS-REFERENCES.

Any cross-references in this Settlement Agreement, unless specifically directed to another agreement or document, refer to provisions within this Settlement Agreement and shall not be considered to be references to the overall transaction or to any other agreement or document.

## 17.    CALIFORNIA LAW.

Under this Settlement Agreement, any and all rights and duties set forth in it, including matters of construction, validity and performance, shall be interpreted, enforced and governed by the laws of the State of California, applicable to written instruments entered into solely in California.

## 18.    COVENANT NOT TO FILE COMPLAINT OR GRIEVANCE.

The parties hereto represent and warrant that they will not initiate or cause to be initiated any action or proceeding pertaining to or concerning the licenses of any sales agents, employees or representatives of Defendants, past or present, which arises out of or relates, in whole or part, directly or indirectly, to any claim, demand. cause of action, chose in action or matter covered by the waivers and releases of such parties hereunder or to the Subject Litigation and that they will not file any grievance with any Board of Realtors, Department of Real Estate or Department of Corporations or any governmental agency with regard to the transaction that serves as the basis of this Settlement Agreement or of the Subject Litigation, or any aspect of this Settlement Agreement or the Subject Litigation. The parties acknowledge and confirm that the consent of each party to enter into this Settlement Agreement is predicated upon the representations and warranties contained herein and that absent such representations and warranties they would not have executed this Settlement Agreement.

6

19. · PARTIES TO AGREEMENT

Should any party to this agreement refuse or fail to abide by the terms of the agreement, such refusal or failure will not invalidate the agreement as to the remaining parties.

20.   SEVERABILITY.

If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the rest of this Settlement Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

21.   EFFECTIVE DATE OF AGREEMENT.

This Settlement Agreement shall take effect immediately upon execution by the last signatory.

22.   EXECUTION IN COUNTERPARTS

This settlement agreement may be executed in counterparts which, taken together, shall be deemed one document.

23.   CONTINGENCY ON COURT FINDING SETTLEMENT IN GOOD FAITH

The consummation of this Agreement, and the effectiveness of the general releases contained herein, are subject to an order of the court in the Subject Litigation, that the settlement contained herein is made in good faith, within the meaning of Code of Civil Procedure Section 877.6, and that all Cross-Complaints arising out of the Subject Litigation be dismissed with prejudice. Within 20 days Settling Defendants shall cause to be filed in the Subject Litigation a motion pursuant to Code of Civil Procedure Section 877.6 that the settlement set forth herein is made in good faith.

7

**YOUR RIGHTS ARE AFFECTED BY THIS SETTLEMENT AGREEMENT.
READ IT CAREFULLY.**

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE
READ THIS COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL
RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS
AND CONDITIONS CONTAINED HEREIN.

PLAINTIFF:

By: _____

Juan Cuevas                                              Dated:

APPROVED AS TO FORM AND CONTENT:

**LAW FOUNDATION OF SILICON VALLEY**

By: _____

Annette D. Kirkham, Esq.
Attorney for Plaintiff,
Juan Cuevas                                              Dated:

DEFENDANTS

**ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS
FINANCIAL SERVICES**

By: _____

Alvin C. Silbernagel individually and
on behalf of Alvin C. Silbernagel dba
Altas Realty dba Atlas Financial Services

Dated:

8

By:      _____

Samantha Trevino                                    Dated:


APPROVED AS TO FORM AND CONTENT:

**CARLSON LAW GROUP, INC.**


By:      _____

Mark C. Carlson, Esq.
Attorney for Defendants,
Alvin C. Silbernagel dba Altas Realty dba
Atlas Financial Services, Alvin Silbernagel
and Samantha Trevino                                Dated:

9

**YOUR RIGHTS ARE AFFECTED BY THIS SETTLEMENT AGREEMENT.
READ IT CAREFULLY.**

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE
READ THIS COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL
RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS
AND CONDITIONS CONTAINED HEREIN.

PLAINTIFF:

By: _____          3-18-08
Juan Cuevas                          Dated:


APPROVED AS TO FORM AND CONTENT:

LAW FOUNDATION OF SILICON VALLEY

By: _____
Annette D. Kirkham, Esq.
Attorney for Plaintiff,
Juan Cuevas                          Dated:    3/18/08


DEFENDANTS

**ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS
FINANCIAL SERVICES**


By: _____
Alvin C. Silbernagel individually and
on behalf of Alvin C. Silbernagel dba
Altas Realty dba Atlas Financial Services

                                     Dated:


8

## YOUR RIGHTS ARE AFFECTED BY THIS SETTLEMENT AGREEMENT. READ IT CAREFULLY.

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ THIS COMPROMISE SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

PLAINTIFF:

By: _____
    Juan Cuevas                          Dated:


APPROVED AS TO FORM AND CONTENT:

LAW FOUNDATION OF SILICON VALLEY

By: _____
    Annette D. Kirkham, Esq.
    Attorney for Plaintiff,
    Juan Cuevas                          Dated:


DEFENDANTS

ALVIN C. SILBERNAGEL D/B/A ALTAS REALTY D/B/A ATLAS FINANCIAL SERVICES

By: _____          3/12/08
    Alvin C. Silbernagel individually and
    on behalf of Alvin C. Silbernagel dba
    Altas Realty dba Atlas Financial Services
                                         Dated: 3/12/08


8

By: _____
Samantha Trevino

Dated: 3/12/08 – 2:00pm

APPROVED AS TO FORM AND CONTENT:

CARLSON LAW GROUP, INC.

By: _____
Mark C. Carlson, Esq.
Attorney for Defendants,
Alvin C. Silbernagel dba Altas Realty dba
Atlas Financial Services, Alvin Silbernagel
and Samantha Trevino                          Dated:

9

By: _____

Samantha Trevino                                    Dated:

APPROVED AS TO FORM AND CONTENT:

CARLSON LAW GROUP, INC.

By: _____

Mark C. Carlson, Esq.
Attorney for Defendants,
Alvin C. Silbernagel dba Altas Realty dba
Atlas Financial Services, Alvin Silbernagel          Dated: 3/12/08
and Samantha Trevino

9