**E-Filed 5/23/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JUAN CUEVAS,<br><br>                Plaintiff,<br><br>     v.<br><br>ATLAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California corporation d/b/a/ ATLAS REALTY, d/b/a/ ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL, SAMANTHA TREVINO, WORLD SAVINGS, INC. d/b/a WORLD SAVINGS BANK, FSB, and DOES 1 to 100,<br><br>                Defendants. | Case Number C 07-02814<br><br>ORDER[1] GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION<br><br>[re: docket no. 39] |

      Defendants Alvin C. Silbernagel d/b/a Atlas Realty d/b/a/ Atlas Financial Services, Alvin Clair Silbernagel and Samantha Trevino (collectively, "Moving Defendants") move for good faith settlement determination under Cal. Civ. Code § 877.6. The motion is unopposed.

      Plaintiff Juan Cuevas ("Cuevas") filed the operative complaint in this action on August 31, 2007, alleging that the Moving Defendants failed to disclose to him the material terms of a

---

[1] This disposition is not designated for publication and may not be cited.

1  loan that they found for him.[2] The operative complaint asserts the following claims against the
2  Moving Defendants: (1) violations of the Federal Truth in Lending Act and Federal Home
3  Ownership & Equity Protection Act; (2) violation of California Civil Code § 1632; (3) fraud; (4)
4  negligent misrepresentation in violation of California Civil Code §§ 1709-1710; (5) breach of
5  fiduciary duty; (6) violation of California Business and Professions Code § 17200 *et seq*.; (7)
6  negligence; (8) violation of the California Consumers Legal Remedies Act; and (9) unjust
7  enrichment.  On March 24, 2008, Moving Defendants filed the motion for approval of their
8  settlement with Cuevas.
9          Under California Code of Civil Procedure § 887.6, a court may approve a settlement if it
10 determines that the settlement was made in good faith. "A determination by the court that the
11 settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any
12 further claims against a settling tortfeasor or co-obligor for equitable comparative contribution,
13 or partial or comparative indemnity based on comparative negligence." Cal. Code Civ. Pro. §
14 887.6(c). "[A] tort defendant who has entered into a good faith settlement within the meaning of
15 section 877.6 subdivision (c) is absolved of any further liability . . . including claims seeking
16 total equitable immunity." *Far W. Fin. Corp. v. D&S Co.*, 46 Cal. 3d 796, 817 (Cal. 1988).
17 Subdivision (c) applies only if the Court finds that "the amount of the settlement is within the
18 reasonable range of the tortfeasor's proportional share of comparative liability for the plaintiff's
19 injuries." *L.C. Rudd & Son v. Superior Court*, 60 Cal. Rptr. 2d 703, 747 (Cal. Ct. App. 1st Dist.
20 1997).  Should any party challenge a settlement, the burden is on that party to show that the
21 settlement was not made in good faith. *Fisher v. Superior Ct.*, 103 Cal. App. 3d 434, 447-49
22 (1980).  The parties have agreed to settle Cuevas's claims against the Moving Defendants for
23 $12,000.00.  The Court has reviewed the settlement agreement and the supporting documents and
24 concludes that the settlement is in good faith as required by Cal. Code Civ. Pro. § 877.6.
25 Accordingly, any pending and future claims against Moving Defendants and related entitles for

---

27  [2] Cuevas argues that the documents provided to him explaining the material terms of the
28 loan were insufficient because they were written in English and he speaks only Spanish.  Moving
   Defendants dispute that Cuevas is unable to understand English.

1 | contribution or equitable indemnity will be discharged.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for good faith settlement determination is GRANTED.

DATED: May 23, 2008.

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-2814
ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION
(JFLC1)

1  This Order has been served upon the following persons:

2

3  Annette D. Kirkham    annettek@lawfoundation.org

4  Brian Danitz    bdanitz@wsgr.com

5  Mona Motwani    monam@lawfoundation.org

6  Mark Christopher Carlson    mcc@carlsonlawgroup.com

7  Jack R. Nelson    jnelson@reedsmith.com

8  Keith David Yandell    kyandell@reedsmith.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 07-2814
ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION
(JFLC1)