NOT FOR CITATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JUAN CUEVAS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ATLAS REALTY/FINANCIAL SERVICES, INCORPORATED, a California corporation, d/b/a ATLAS REALTY, d/b/a ATLAS FINANCIAL SERVICES, ALVIN CLAIR SILBERNAGEL, SAMANTHA TREVINO, WORLD SAVINGS, INC., d/b/a WORLD SAVINGS BANK, FSB, and DOES 1 to 100,<br><br>　　　　　　Defendants. | Case No. C07 02814<br><br>ORDER[1] GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION<br><br>[re: docket no. 39] |

　　　Defendant World Savings Bank, FSB ("Moving Defendant") moves for good faith settlement determination under Cal. Civ. Code § 877.6. The motion is unopposed.

　　　Plaintiff Juan Cuevas ("Cuevas") filed the operative complaint in this active on August 31, 2007. It asserts the following claims against the Moving Defendant; (1) violations of the Federal Truth in Lending Act and Federal Home Ownership & Equity Protection Act; (2) violation of

---

[1] This disposition is not designated for publication and may not be cited.

California Civil Code § 1632; (3) fraud; (4) negligent misrepresentation in violation of California Civil Code §§ 1709-1710; (5) breach of fiduciary duty; (6) violation of California Business and Professions Code § 17200 *et seq.*; (7) negligence; (8) violation of the California Consumers Legal Remedies Act; and (9) unjust enrichment.  On April 16, 2008, Moving Defendant filed the motion for approval of its settlement with Cuevas.

Under California Code of Civil Procedure § 887.6, a court may approve a settlement if it determines that the settlement was made in food faith.  "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against a settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity based on comparative negligence."  Cal. Code Civ. Pro. § 887.6(c).  "[A] tort defendant who has entered into a good faith settlement within the meaning of section 877.6 subdivision (c) is absolved of any further liability . . . including claims seeking total equitable immunity."  *Far W. Fin Corp. v. D&S Co.,* 46 Cal. 3d 796, 817 (Cal. 1988).  Subdivision (c) applies only if the Court finds that "the amount of the settlement is within the reasonable range of the tortfeasor's proportional share of comparative liability for the plaintiff's injuries."  *L.C. Rudd & Son v. Superior Court*, 60 Cal. Rptr. 2d 703,747 (Cal. Ct. App. 1st Dist. 1997).  Should any party challenge a settlement, the burden is on that party to show that the settlement was not made in good faith.  *Fisher v. Superior Ct.*, 103 Cal. App. 3d 434, 447-49 (1980).  The parties have agreed to settle Cuevas's claims against the Moving Defendant for modification of Cuevas' loan and payment of some of his attorney's fees.  The Court has reviewed the settlement agreement and the supporting documents and concludes that the settlement is in good faith as required by Cal. Cod Civ. Pro. § 877.6.  Accordingly, any pending and future claims against Moving Defendant and related entities for contribution or equitable indemnity will be discharged.

## ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for good faith settlement determination is GRANTED.

DATED: July __, 2008.

JEREMY FOGEL
United States District Judge

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On July 3, 2008, I served the following document(s) by the method indicated below:

**LETTER TO JUDGE FOGEL RE PROPOSED ORDER RE DEFENDANT'S MOTION FOR GOOD FAITH SETTLEMENT**

**PROPOSED ORDER RE DEFENDANT'S MOTION FOR GOOD FAITH SETTLEMENT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

| | |
|---|---|
| Annette D. Kirkham<br>Mona Motwani<br>Law Foundation of Silicon Valley<br>111 West St. John Street, Suite 315<br>San Jose, CA 95113<br>annettek@lawfoundation.org<br>Fax  408.293.0106<br>Attorneys for Plaintiff | Brian Danitz<br>Bart E. Volkmer<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill road<br>Palo Alto, CA 94304-1050<br>bdantz@wsgr.com<br>Fax  650.493.6811<br>Attorneys for Plaintiffs |
| Mark Christopher Carlson<br>Carlson Law Group, Inc.<br>6345 Balboa Blvd<br>Suite 257<br>Encino, CA 91316<br>818-996-7800<br>Fax: 818-345-1265<br>mcc@carlsonlawgroup.com<br>Attorneys for Altlas Realty | |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 3, 2008, at Oakland, California.

*/s/ David Kelley*
David Kelley